UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04 11730 NG

GEORTO, INC.,
                Plaintiff,

v.

WILLIAM GATEMAN, INDIVIDUALLY
and as TRUSTEE OF 200 UNION
STREET REALTY TRUST

                Defendant.

MAGISTRATE JUDGE Alexander

RECEIPT # 57162
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. FOM
DATE 8/5/04

## COMPLAINT

### Parties

1. Plaintiff Georto, Inc. ("Georto") is a corporation organized under the laws of Florida with its principal place of business in Miami, Florida. Georto, doing business as Aaron's Sales & Lease Ownership for Less!, is in the business of owning and operating stores that sell and lease furniture, electronics, appliances, and computers.

2. William Gateman ("Gateman") is an individual who resides at 93 Atlantic Avenue, Swampscott, Essex County, Massachusetts and is trustee of 200 Union Street Realty Trust, u/d/t dated December 18, 1996, with an address of 93 Atlantic Avenue, Swampscott, Essex County, Massachusetts.

### Jurisdiction and Venue

3. The United States District Court for the District of Massachusetts has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, in that Georto incurred actual damages substantially in excess of $75,000, and because the controversy is between citizens of different states.

4. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1391(a) because defendant resides in the judicial district for the District of Massachusetts and because the property that is the subject of the action is located in such district.

### Facts

5. Gateman owned the real property situated in Lynn, Essex County, Massachusetts consisting of approximately 19,500 square feet located between Ellis Street and Union Street and being that property fronting approximately 83 feet on Union Street and approximately 80 feet on Ellis Street (the "Property").

6. Upon information and belief, a fire in August 2001 had substantially damaged the five story brick building on the Property.

7. Upon information and belief, the building was torn down sometime between October 2001 and April 2002.

8. Georto, by its President James Hawkins, entered into discussions commencing in or about February, 2003 regarding the potential purchase of the Property by Georto.

9. In connection with those discussions, Georto informed Gateman that Georto intended to use the Property for the construction of a new commercial building as a retail store for Georto's business.

10. In order to induce Georto to purchase the Property, Gateman warranted and/or represented to Georto that all demolition debris had been removed from the Property, that all demolition debris had been properly disposed of, that the property had been filled to grade with fill dirt, and that "there are no hazardous materials as defined by state, federal, or local law, or non-acceptable environmental conditions on the property," as more specifically set forth in paragraphs 11 through 14 below.

11. Pursuant to a Contract for the Sale of Real Estate (the "Contract") entered into by Gateman and Georto dated June 18, 2003, a copy of which is attached hereto as Exhibit "A" and incorporated herein, Gateman warranted and represented that "there are no hazardous materials as defined by state, federal, or local law, or non-acceptable environmental conditions on the property." Contract at ¶2(f).

12. Pursuant to the terms of the Contract, all of Gateman's warranties survived the closing.

13. As part of the due diligence regarding the Property, as referenced in Paragraph 8 of the Contract, Gateman, after execution of the Contract and prior to the closing, furnished Georto various environmental surveys of the Property, including a Phase I Environmental Site Assessment written report prepared by Goldman Environmental Consultants, Inc. (the "Assessment") dated May 29, 2002. Gateman caused Goldman Environmental Consultants to issue a reliance letter to Georto acknowledging that Georto was relying upon the information

contained in the Assessment for completion of due diligence activities and financing and stating that Georto could rely upon such information as if the information had been prepared for Georto. The Assessment set forth the following material representations regarding the Property (also referred to as the "Site"):

(a) "[r]emoval of demolition debris from the Site ...is currently being conducted at the Site." Assessment at p. 2.

(b) "The Site is currently undergoing demolition removal and filling activities." Assessment at p. 3.

(c) "Filling and grading activities are currently being conducted at the Site to fill in the former basement areas and return the Site to a level grade." Assessment at p. 4.

(d) "Based on conversations with Mr. Gateman, all demolition debris has been or will be hauled off-Site by Robert's Dismantling & Recycling" Assessment at p. 4.

(e) "Currently the former basement areas are being filled to grade." Assessment at p. 4.

(f) "Based on conversations with Mr. Gateman....[a]ll demolition debris was hauled off-Site or is in the process of being hauled off-Site for proper disposal. The Site is currently undergoing filling activities to fill in the Site building's former-basement areas." Assessment at p. 10.

(g) "The former building has been demolished and removed from the Site." Assessment at p. 16.

(h) "The building formerly located at the Site has been demolished and disposed of off-Site." Assessment at p. 17.

(i) "Currently the only solid waste located on-Site is demolition debris from the former Site building. Demolition debris is currently segregated by type (i.e. wood, metal) into piles located on-Site." Assessment at p. 20.

(j) "All demolition debris is in the process of being removed from the Site by Robert's Dismantling & Recycling." Assessment at p. 20.

(k) "The Site is currently undergoing filling and re-grading. Robert's Dismantling & Recycling is currently transporting fill dirt onto the Site to fill in the former basement areas to even out the grade of the Site." Assessment at p. 20.

(l) Under the heading of "Solid Waste" in connection with a "summary of known or suspect environmental conditions associated with the property": "Piles of solid waste (demolition debris) were observed throughout the Site. Based on conversations with Mr. Gateman, observed piles are scheduled to be removed and properly disposed off Site by Robert's Dismantling and Recycling." Assessment at p. 24.

14. Gateman, by his counsel, provided Georto on July 7, 2003 with a copy of a document warranting and representing that Gateman had completed the removal of the demolition debris from the Property.

15. Gateman's warranties and representations were false.

16. At all relevant times, including the times that Gateman made the statements referenced in the Assessment as set forth above, entered into the Contract, provided the

5

Assessment to Georto, provided the additional document on July 7, 2003, and sold the Property to Georto, Gateman knew, or reasonably should have known, that the representations and warranties set forth above were false.

17. Gateman made such representations and warranties with the intention of inducing Georto to purchase the Property from Gateman.

18. In reliance upon Gateman's representations and warranties, Georto submitted a franchise site submittal package (pursuant to which Georto requested and received franchisor approval for the Property location), paid a $35,000 franchise fee for the rights to operate a franchise at the Property, sought and obtained financing for the purchase and development of the Property, purchased the Property for the purchase price of $300,000 pursuant to a closing on February 19, 2004, incurred additional employment expenses and opportunity costs, entered into a construction contract for the development of the Property and the construction of a 7,500 s.f. commercial retail building for Georto's business, agreed to purchase specific pre-fabricated materials for the construction and to pay for architectural fees and permitting and other miscellaneous costs, and proceeded with such development and construction.

19. Thereafter, Georto, in connection with its development of the Property and subsequent to the commencement of the excavation at the Property for construction of the new building, discovered substantial demolition debris and solid waste concealed below grade on the Property, including but not limited to the following:

    (a) Demolition debris from the prior building and solid waste, consisting of brick, burnt wood, black ash, mortar, concrete, wood, organics, and other solid waste debris such as plastic, glass, metal, and trash, had been dumped and buried on the Property under varying depths of fill, rather

than removed and properly disposed off site. The additional fill materials contained organics and lesser amounts of debris.

(b) The demolition debris and solid waste was up to approximately ten feet in depth, depending upon the location.

(c) The debris and solid waste included not only debris and waste from the Property but also, upon information and belief, debris and waste that Gateman had caused to be moved from the adjoining property so as to enable Gateman to sell that other property at a greater price than what would have been realized otherwise.

(d) The basement area had not been filled with fill dirt but instead had been filled with the demolition and solid waste debris and similar non-acceptable fill.

20. Upon information and belief, Gateman, after initially segregating the demolition and solid waste debris on the Property for removal and disposal, had deliberately dumped the demolition and solid waste debris on the Property and concealed its existence by covering it with varying depths of fill so that the demolition and solid waste debris would not be discovered by Georto.

21. The demolition debris and solid waste materials had been dumped and concealed by Gateman in violation of applicable Solid Waste regulations of the Massachusetts Department of Environmental Protection, were non-acceptable environmental conditions, were not suitable for foundation or floor slab support for a building, and were not suitable for re-use as fill. Among other problems, these materials were highly susceptible to significant settlement under

their own weight and under new building load and were susceptible to decomposition and additional settlement created by the voids.

22. Georto was required to, and did, excavate, remove, and dispose of 167 truckloads (28 cubic yards per truckload) of the demolition and solid waste debris fill material from the Property and to replace with 4,231 cubic yards of acceptable fill in order to construct the building on the Property.

## COUNT ONE
### (Breach of Warranty - Gateman as Trustee)

23. Georto repeats and realleges each and every allegation hereinbefore made as though fully set forth herein.

24. Georto fully complied with any and all obligations set forth in the Contract.

25. Pursuant to the Contract, Gateman, as Trustee, warranted and represented that "there are no hazardous materials as defined by state, federal, or local law, or non-acceptable environmental conditions on the property," among other warranties and representations.

26. Gateman, as Trustee, breached his warranties.

27. Georto has been damaged by Gateman's breaches of warranty, including but not limited to the costs of the removal of the demolition and solid waste debris and the replacement with acceptable fill, additional construction costs, delay in construction, lost profits, additional labor expenses and opportunity costs, lost business opportunities, and related damages.

## COUNT TWO
### (Fraud – Gateman, Individually and as Trustee)

28. Georto incorporates by reference the allegations contained in the foregoing paragraphs, as if fully repeated herein.

29. Gateman, individually and as Trustee, made false statements of material fact to Georto, specifically including the false statements set forth in paragraphs 10, 11, 13, and 14 above.

30. Gateman, individually and as Trustee, knew, or should have known, that the statements were false.

31. Gateman, individually and as Trustee, made the false statements with the intention that Georto would rely upon such statements.

32. Georto reasonably relied upon Gateman's statements.

33. Georto was damaged as a result of Gateman's statements, including but not limited to costs of the removal of the demolition and solid waste debris and the replacement with acceptable fill, additional construction costs, delay in construction, lost profits, additional labor expenses and opportunity costs, lost business opportunities, and related damages.

## COUNT THREE
### (Negligent Misrepresentation – Gateman, Individually and as Trustee)

34. Georto incorporates by reference the allegations contained in the foregoing paragraphs as if fully repeated herein.

35. Gateman, individually and as Trustee, made false statements of material fact to Georto, specifically including the false statements set forth in paragraphs 10, 11, 13, and 14 above.

36. Gateman, individually and as Trustee, negligently failed to determine whether the statements were true or false.

37. Gateman, individually and as Trustee, made the false statements with the intention that Georto would rely upon such statements.

38. Georto reasonably relied upon Gateman's statements.

39. Georto was damaged as a result of Gateman's statements, including but not limited to costs of the removal of the demolition and solid waste debris and the replacement with acceptable fill, additional construction costs, delay in construction, lost profits, additional labor expenses and opportunity costs, lost business opportunities, and related damages.

## COUNT FOUR
### (Breach of the Implied Covenant of Good Faith and Fair Dealing – Gateman as Trustee)

40. Georto incorporates by reference the allegations contained in the foregoing paragraphs as if fully repeated herein.

41. Georto fully complied with any and all obligations set forth in the Contract.

42. Gateman, as trustee, breached the implied covenant of good faith and fair dealing.

43. Georto has been damaged by Gateman's breach of the implied covenant of good faith and fair dealing, including but not limited to the costs of the removal of the demolition and solid waste debris and the replacement with acceptable fill, additional construction costs, delay in construction, lost profits, additional labor expenses and opportunity costs, lost business opportunities, and related damages.

## COUNT FIVE
### (Violation of Mass. Gen. L. ch. 93A § 11 – Gateman, Individually and as Trustee)

44. Georto incorporates by reference the allegations contained in the foregoing paragraphs as if fully repeated herein.

45. Georto and Gateman, individually and as Trustee, are and were at all relevant times engaged in trade or commerce in the Commonwealth of Massachusetts within the meaning of Mass. Gen. L. ch. 93A.

46. Gateman, individually and as Trustee, willfully and knowingly engaged in unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A § 11.

47. Georto has suffered and will suffer damage as a result of Gateman's actions, including but not limited to the costs of the removal of the demolition and solid waste debris and the replacement with acceptable fill, additional construction costs, delay in construction, lost profits, additional labor expenses and opportunity costs, lost business opportunities, and related damages.

WHEREFORE, Georto, Inc. respectfully requests that the Court:

1. Award Georto damages against Gateman in an amount to be determined at trial;

2. Award Georto multiple damages and attorneys' fees against Gateman pursuant to Mass. Gen. L. ch. 93A § 11;

3. Award Georto prejudgment interest and costs; and

4. Grant Georto such other and further relief as the Court deems just.

GEORTO, INC.
By its attorneys,

_____
Dale C. Kerester BBO # 548385
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110
(617) 951-0800

Dated: August 5, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Georto, Inc. v. William Gateman, Individually and as Trustee of 200 Union Street Realty Trust**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **04 11730 NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Dale C. Kerester
ADDRESS  Lynch, Brewer, Hoffman & Fink, 101 Federal Street, Boston, MA 02110
TELEPHONE NO.  (617) 951-0800

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Georto, Inc.

**DEFENDANTS**
William Gateman, Individually and as Trustee of 290 Union Street Realty Trust

**(b)** County of Residence of First Listed Plaintiff: Miami, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Essex County, Mass
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dale C. Kerester
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, Boston, MA 02110
(617) 951-0800

Attorneys (If Known)
N/A

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| ☒ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity action pursuant to 28 U.S.C. 1332(a) setting forth claims for breach of warranty, fraud, negligent misrepresentation, breach of the covenant of good faith and Chapter 93A arising from the purchase of real property in Lynn, Mass.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ over $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE: N/A
DOCKET NUMBER:

DATE: 8/5/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____