UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11730 NG

GEORTO, INC.,       Plaintiff

v.

WILLIAM GATEMAN, INDIVIDUALLY
AND AS TRUSTEE OF 200 UNION
STREET REALTY TRUST,

      Defendant and
      Third Party Plaintiff

v.

ROBERTS CORPORATION,

      Third Party Defendant

## ANSWER AND THIRD PARTY COMPLAINT

### FIRST DEFENSE

Defendant Gateman answers the Complaint paragraph by paragraph, as follows:

#### Parties

1. This defendant neither admits nor denies the allegations of paragraph 1 as he no knowledge of same and calls upon the plaintiff to prove such allegations

2. Admitted.

#### Jurisdiction and Venue

3. This defendant denies that the jurisdictional amount exists.

4. This defendant neither admits nor denies that venue is proper as he has no knowledge of the allegations of paragraph 1.

Facts

5. Admitted.

6. Admitted.

7. Admitted.

8. This defendant neither admits nor denies the allegations of paragraph 8 as he has no knowledge as to what discussions are referred to therein and calls upon the plaintiff to prove same.

9. This defendant neither admits nor denies the allegations of paragraph 9 as he has no knowledge as to what discussions are referred to therein and calls upon the plaintiff to prove same.

10. Denied.

11. This defendant admits that he entered into a contract for the sale of real estate which is attached to the Complaint as Exhibit "A", and further answers that the contract speaks for itself.

12. Admitted.

13. This defendant admits that he furnished a copy of the Goldman Environmental Consultants, Inc. Assessment dated May 29, 2002 to the plaintiff but denies the remainder of the allegations of this paragraph, and further answers that the written Assessment speaks for itself.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. This defendant neither admits nor denies the allegations of paragraph 18 as he has no knowledge of same and calls upon the plaintiff to prove such allegations.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT ONE
### (Breach of Warranty - Gateman as Trustee)

23. This defendant repeats his responses to the allegations hereinbefore made as though fully set forth herein.

24. Denied.

25. This defendant admits that he entered into the Contract as alleged, and further answers that the Contract speaks for itself.

26. Denied.

27. Denied.

## COUNT TWO
### (Fraud - Gateman, Individually and as Trustee)

28. This defendant repeats his responses to the allegations hereinbefore made as though fully set forth herein.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT THREE
### Negligent Misrepresentation - Gateman, Individually and as Trustee)

34. This defendant repeats his responses to the allegations hereinbefore made as though fully set forth herein.

35. Denied.

36. Denied

37. Denied.

38. Denied.

39. Denied.

## COUNT FOUR
### Breach of the Implied Covenant of Good Faith and Fair Dealing - Gateman as Trustee)

40. This defendant repeats his responses to the allegations hereinbefore made as though fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

## COUNT FIVE
### (Violation of Mass. Gen. L. ch. 93A§11 - Gateman, Individually and as Trustee)

44. This defendant repeats his responses to the allegations hereinbefore made as though fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

## SECOND DEFENSE

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief may be granted.

2. The defendant has performed fully under each contract which is the subject of this action.

3. The claim of the plaintiff Georto, Inc. as described in the within Complaint is barred by the Statute of Frauds.

WHEREFORE, this defendant prays:

(1) That this Honorable Court deny plaintiff damages in any amount and dismiss the Complaint;

(2) Award defendant his costs and attorney's fees;

(3) That this Honorable Court grant such other and further relief as the Court may determine is just and appropriate.

THIS DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

## **THIRD PARTY COMPLAINT**

1. The plaintiff Georto, Inc. has filed against the defendant Gateman a Complaint which is attached hereto as "Exhibit A."

2. The third party defendant, Roberts Corporation, is a New Hampshire corporation doing business in the Commonwealth of Massachusetts and entered into a contract under date of March 12, 2002 with the third party plaintiff providing for the demolition of the third party plaintiff's structure on Union Street, Lynn, Massachusetts and further to remove the demolition debris from such site.

3. Under the terms of said written contract with the third party plaintiff, the third party defendant was obliged to remove demolition debris from the site, and if the defendant and third party plaintiff is held liable to the plaintiff Georto, Inc. in the within action, then the third party defendant is liable to the third party plaintiff for such liability and is further obligated to defend and indemnify the third party plaintiff Gateman from the claims of the plaintiff Georto, Inc.

WHEREFORE, the third party plaintiff Gateman prays that this Court:

1. Issue a summons for service of process upon Roberts Corporation;

1. Award judgment against the third party defendant Roberts Corporation for all sums that may be adjudged against the defendant Gateman in favor of the plaintiff Georto, Inc.;

2. Award the third party plaintiff his attorney's fees and costs incurred in this action, together with interest, in an amount to be determined at trial; and

3. Grant such other and further relief as this Court may deem just and proper.

## JURY DEMAND

THIRD PARTY PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

                                          DEFENDANT AND THIRD PARTY PLAINTIFF
                                          WILLIAM GATEMAN, INDIVIDUALLY AND
                                          AS TRUSTEE OF 200 UNION STREET REALTY
                                          TRUST

                                          By his Attorney,

                                          _____
                                          Alan G. Miller, BBO #346240
                                          6 Beacon Street
                                          Boston, MA 02108
                                          (617) 227-4044

Dated: August 31, 2004

## CERTIFICATE OF SERVICE

I, Alan G. Miller, counsel for William Gateman, Individually and as Trustee of 200 Union Street Realty Trust, hereby certify that a true and accurate copy of the foregoing document has been served upon Dale C. Kerester, Esq., Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, 22nd Floor, Boston, MA 02110, counsel of record, by prepaid first class mail on August 31, 2004.

_____
Alan G. Miller