UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11730 NG

---

GEORTO, INC.,
    Plaintiff,
v.

WILLIAM GATEMAN, INDIVIDUALLY
AND AS A TRUSTEE OF THE
200 UNION STREET REALTY TRUST,
    Defendant,
    Third Party Plaintiff, and
    Third Party Defendant-in-Counterclaim,
v.

ROBERTS CORPORATION,
    Third Party Defendant, and
    Third Party Plaintiff-in-Counterclaim.

---

**AMENDED ANSWER TO THIRD PARTY COMPLAINT,
COUNTERCLAIM AGAINST THIRD PARTY PLAINTIFF,
<u>AND JURY DEMAND</u>**

1. Third party defendant admits the allegation set forth in paragraph 1 of third party plaintiff's third party complaint.

2. Third party defendant admits that Roberts Corporation is a New Hampshire corporation doing business in Massachusetts. Third party defendant further states that the March 12, 2002 contract with William Gateman for services relating to third party plaintiff's structure on Union Street in Lynn, Massachusetts (the Property) speaks for itself.

3. Third party defendant states that the March 12, 2002 contract with William Gateman for services relating to third party plaintiff's structure on Union Street in

Lynn, Massachusetts speaks for itself. Third party defendant denies third party plaintiff's allegation that if the defendant/third party plaintiff is held liable to the plaintiff Georto, Inc. in the within action, then the third party defendant is liable to the third party plaintiff for such liability and is further obligated to defend and indemnify the third party plaintiff Gateman from the claims of the plaintiff Georto, Inc.

### First Defense

The third party plaintiff's claims are barred in whole or in part because they fail to state claims upon which relief may be granted.

### Second Defense

The acts complained of by plaintiff were committed by defendant/third party plaintiff and were not committed by a person and/or entity for whose conduct the third party defendant is or was legally responsible.

### Third Defense

Third party defendant has no duty to defend or indemnify defendant/third party plaintiff against plaintiff's claims.

### Fourth Defense

All services performed by third party defendant on the Property were performed with third party plaintiff's knowledge and consent.

### Fifth Defense

The third party plaintiff's claims are barred by the statute of frauds.

### Sixth Defense

The third party plaintiff's claims are barred by the parole evidence rule.

### Seventh Defense

The third party plaintiff by its conduct and actions waived any and all rights it may have had against the defendant and therefore cannot recover in this action.

### Eighth Defense

The third party plaintiff is precluded from obtaining relief due to its own breach of contract.

### Ninth Defense

To the extent that the third party defendant has any obligations to the third party plaintiff, such obligations have been fully, completely and properly performed in every respect.

### Tenth Defense

The claims in the Complaint are barred by a failure to comply with the Statute of Frauds.

### Eleventh Defense

The third party defendant states that third party plaintiff is not entitled to relief inasmuch as it has unclean hands.

### Twelfth Defense

The third party plaintiff's claims are barred by the Parole Evidence rule.

### Thirteenth Defense

The third party plaintiff by its conduct and actions is estopped to recover any judgment against third party defendant.

### Fourteenth Defense

The third party plaintiff's claims fail for a lack of consideration.

## COUNTERCLAIM AGAINST THIRD PARTY PLAINTIFF

### Facts Common to all Claims

1. Third party plaintiff Roberts Trucking (Roberts) provided demolition and removal services at the Property under the March 12, 2002 contract with William Gateman (Gateman) for the benefit of Gateman for which Roberts has not been paid. The value of these services amounts to $10,034.60 (see invoice attached as Exhibit A).

2. All services performed by Roberts on the Property were performed with Gateman's knowledge and consent.

3. Prior to the filing of the third party complaint in this action, Gateman never expressed any dissatisfaction with the services performed by Roberts.

### Count I
### Breach Of Contract

4. Gateman breached his written contract with Roberts by failing to pay the sum of $10,034.60 for services performed thereunder as described in the invoice attached hereto as Exhibit A.

### Count II
### Accounts Annexed

5. Gateman owes Roberts the amount of $10,034.60 in accordance with the accounts annexed hereto as Exhibit A.

### Count III
### Quantum Meruit

6. As alleged above, Roberts performed demolition and removal services at the Property with the knowledge and approval of Roberts. The fair and reasonable amount for the services of Roberts is $10,034.60 as shown by the invoice attached hereto as Exhibit A.

## PRAYER FOR RELIEF

**Wherefore**, the third party plaintiff-in-counterclaim, Roberts Corporation, respectfully requests this Honorable Court to enter judgement in its favor against the third party defendant-in-counterclaim, William Gateman, in the amount of $10,034.60, plus interest, costs, attorney's fees, and order such other relief as may be equitable and just.

## JURY DEMAND

Third party defendant and third party plaintiff-in-counterclaim, Roberts Corporation, requests a trial by jury on all issues so triable.

    Third Party Defendant and
    Third Party Plaintiff-in-Counterclaim
    ROBERTS CORPORATION

    By its attorney,

    /s/ J. Mark Dickison
    _____
    J. Mark Dickison (BBO# 629170)
    Lawson & Weitzen, LLP
    88 Black Falcon Avenue, Suite 345
    Boston, MA 02110
    (617)439-4990

Dated: December 28, 2004