UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) <br> ) <br> GEORTO, INC., ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> WILLIAM GATEMAN, INDIVIDUALLY ) <br> and as TRUSTEE OF 200 UNION ) <br> STREET REALTY TRUST ) <br> ) <br>     Defendant, ) <br>     Third Party Plaintiff, and ) <br>     Third Party Defendant-in- ) <br>     Counterclaim ) <br> ) <br> ROBERTS CORPORATION ) <br> ) <br>     Third Party Defendant, ) <br>     and Third Party Plaintiff-in- ) <br>     Counterclaim ) <br> _____ ) | CIVIL ACTION NO. 04-11730 NG |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

In accordance with the provisions of Local Rule 16.1 and the Court's Notice Setting Scheduling Conference, counsel for Plaintiff Georto, Inc. ("Georto"), Defendant William Gateman, individually and as Trustee of 200 Union Street Realty Trust ("Gateman"), and Third Party Defendant Roberts Corporation ("Roberts Corporation") have conferred and hereby submit this Joint Statement.

**I.     INTRODUCTION**

Georto filed suit against Gateman on August 5, 2005.  Pursuant to its Complaint, Georto asserts claims for breach of warranty (Count One), fraud (Count Two), negligent misrepresentation (Count Three), breach of the implied covenant of good faith and fair dealing (Count Four), and violation of Mass. Gen. L. c. 93A, § 11 arising from Gateman's sale to Georto of certain real property located in Lynn, Massachusetts (the "Property").  Georto alleges that: 1) after purchase of the Property and upon commencement of construction of a new commercial building, it discovered substantial demolition debris and solid waste that had been concealed below grade in contravention of Gateman's express warranty and representations; and 2) Georto was therefore required to excavate, remove, and dispose of 167 truckloads (approximately 28 cubic yards per truckload) of the demolition debris and solid waste and to replace with acceptable fill in order to construct the building on the Property.

Gateman filed his Answer and Third Party Complaint on August 31, 2005.  Pursuant to his Answer, Gateman denies Georto's claims, including the allegations set forth above, and asserts certain affirmative defenses.  Pursuant to his Third Party Complaint, Gateman alleges that Roberts Corporation was obliged to remove demolition debris from the Property, is liable to Gateman if Gateman is held liable to Georto, and is further obligated to defend and indemnify Gateman against Georto's claims.

Roberts filed its Answer to Third Party Complaint, Counterclaim Against Third Party Plaintiff, and Jury Demand on December 20, 2004 and filed its Amended Answer to Third Party Complaint, Counterclaim Against Third Party Plaintiff, and Jury Demand on December 28, 2004.

Pursuant to its Amended Answer, Roberts Corporation denies Gateman's claims and sets forth various affirmative defenses. Pursuant to its Counterclaim, Roberts Corporation asserts claims against Gateman for breach of contract (Count I), accounts annexed (Count II), and quantum meruit (Count III) arising from a contract between Roberts Corporation and Gateman for demolition and removal services at the Property. Pursuant to his Answer to Counterclaim filed on or about January 11, 2005, Gateman denies Roberts Corporation's claims and asserts various affirmative defenses.

The parties have exchanged, or are exchanging, their respective initial disclosure statements pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A).

**II.    PROPOSED AGENDA FOR INITIAL SCHEDULING CONFERENCE**

In accordance with Local Rule 16.1, the parties propose that the following items be addressed during the initial Scheduling Conference in this matter:

   a. Amendments to Pleadings;
   b. Pretrial Schedule and Trial Date; and
   c. Other Issues

**III.   PROPOSED PRETRIAL SCHEDULE**

The parties propose that the discovery limits provided by the Local Rules and the Federal Rules of Civil Procedure apply. The parties do not believe that phasing of discovery is necessary. The parties propose the following schedule for discovery and pre-trial matters.

   a. completion of discovery: September 30, 2005
   b. designation of experts and disclosure in accordance with FRCP 26(a)(2): November 30, 2005
   c. designation of rebuttal experts and disclosure in accordance with FRCP 26(a)(2): December 30, 2005

    d.   deadline for filing dispositive motions: <u>January 30, 2006</u>

    e.   final pre-trial conference: on or after <u>February 28, 2006</u>

    f.   trial: to be set by the Court

## IV. <u>OTHER ISSUES</u>

    a.   <u>Settlement Proposals</u>

The parties will comply with Local Rule 16.1(C) regarding settlement proposals and will report their progress to the Court at the conference.

    b.   <u>Consideration of Trial before Magistrate Judge</u>

The parties do not consent to transfer this case to a Magistrate Judge.

    c.   <u>Consent to Alternative Dispute Resolution</u>

The parties do not consent to alternative dispute resolution at this time.

    d.   <u>Certification of Counsel pursuant to Local Rule 16.1(D)(3)</u>

Certification of each party's consultation with counsel regarding budgets and alternative dispute resolution are being filed separately.

    e.   <u>Modification of Schedule Dates</u>

All matters set forth herein may be modified by written agreement of the parties and approval by the Court, or upon the Court's grant of a motion by any party.

| | |
|---|---|
| **WILLIAM GATEMAN, INDIVIDUALLY AND AS TRUSTEE OF 200 UNION STREET REALTY TRUST**, | **GEORTO, INC**. |
| By its attorney | By its attorney, |
| /s/ Alan G. Miller | /s/ Dale C. Kerester |
| Alan G. Miller, BBO #346240 | Dale C. Kerester, BBO #548385 |
| James S. Robbins, BBO # | LYNCH, BREWER, HOFFMAN & FINK |
| 6 Beacon Street, Suite 1100 | 101 Federal Street, 22nd Floor |
| Boston, MA  02108 | Boston, MA  02110-1800 |
| (617) 227-4044 | (617) 951-0800 |
| agmiller@inscounsel.com | dkerester@lynchbrewer.com |

**ROBERTS CORPORATION**,

By its attorney,

/s/ J. Mark Dickison
J. Mark Dickison, BBO #629170
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02110
(617) 439-4990
mdickison@lawson-weitzen.com

Dated:  April 15, 2005