UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORTO, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM GATEMAN, INDIVIDUALLY | ) | CIVIL ACTION NO. 04-11730 NG |
| and as TRUSTEE OF 200 UNION | ) | |
| STREET REALTY TRUST, | ) | |
|     Defendant and | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERTS CORPORATION, | ) | |
|     Third Party | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO WILLIAM GATEMAN, INDIVIDUALLY AND AS TRUSTEE OF 200 UNION STREET REALTY TRUST**

Pursuant to Fed. R. Civ. P. 33, the Plaintiff, Georto, Inc., ("Plaintiff" or "Georto"), hereby propounds the following interrogatories to be answered under oath by the Defendant, William Gateman, Individually and as Trustee of 200 Union Street Realty Trust ("Defendant" or "Gateman").

**INTRODUCTION and DEFINITIONS**

The following definitions and instructions shall apply to these interrogatories:

1.  In accordance with Local Rule 26.5(A), the full text of the definitions set forth in paragraph (C) of Local Rule 26.5 are deemed incorporated by reference into these Requests to Produce.

2.  The word "document" is used in its broadest sense and means any medium (including both electronic and non-electronic) in which information is stored, including all non-identical originals, copies and drafts. Any original, copy or draft containing notations of any kind is a separate document for purposes of this definition.

3. Whenever an interrogatory is framed in the conjunctive, it also shall be taken in the disjunctive and vice versa; e.g., whenever the term "and" or "or" is used, interpret it conjunctively and disjunctively.

4. Whenever an interrogatory is framed in the singular, it shall be taken in the plural and vice versa.

5. The use of any tense of a verb also shall be considered to include within its meaning all other tenses of the verb so used.

6. Whenever an interrogatory calls for the identity of a document or non-written communication claimed to be privileged or otherwise protected, identify the document or non-written communication and include in the statement of the identity of such document or non-written communication the fact of such claim of privilege or other protection and the basis for the assertion of such claim.

7. The term "Georto" shall mean Plaintiff Georto, Inc.

8. The term "Gateman" shall mean Defendant and Third-Party Plaintiff William Gateman, individually and/or as Trustee of 200 Union Street Realty Trust.

9. The term "Roberts" shall mean Third-Party Defendant Roberts Corporation.

10. The terms "plaintiff," "defendant," and "third-party defendant" as well as a party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, trustees, beneficiaries, and attorneys.

11. The term "Complaint" shall mean the Complaint filed by Georto against Gateman in this matter.

12. The term "Answer and Third Party Complaint" refers to the Answer and Third Party Complaint filed by Gateman in the above-captioned matter.

13.    The term "Amended Answer and Third-Party Counterclaims" refers to the Amended Answer to Third Party Complaint, Counterclaim Against Third-Party Plaintiff, and Jury Demand filed by Roberts Corporation, Inc. in the above-captioned matter.

14.    The term "Answer to Counterclaim" refers to the Answer to Counterclaim Against Third Party Plaintiff and Jury Demand, filed by Gateman in the above-captioned matter.

15.    The term "Property" shall mean the property which is the subject of this action and which is located in Lynn, Essex County, Massachusetts and consisting of approximately 19,500 square feet located between Ellis Street and Union Street and being that property fronting approximately 83 feet on Union Street and approximately 80 feet on Ellis Street.

16.    The term "Contract" refers to the Contract for the Sale of Real Estate entered into by Gateman and Georto, dated June 18, 2003. A copy of the Contract is attached as Exhibit A to the Complaint.

## INTERROGATORIES

1.    Identify each date on which Gateman was present at the Property at any time after the structure on the Property was demolished.

2.    Identify and describe any and all actions, conduct, services, and work performed or rendered by or for Gateman, or to be performed or rendered by or for Gateman, with respect to any and all demolition debris or solid waste located at any time on the Property and/or the filling and regrading of the Property. Include but do not limit your answer to identification of each person who engaged in such actions, conduct, services, and work, any agreement setting forth the actions, conduct, services, and work to be performed, the specific actions, conduct, services, and work performed or rendered by such person, and the specific services which Gateman contends were required to be performed but which were not performed.

3.    With respect to any demolition debris and/or solid waste (resulting from the demolition of any structure on the Property) which was not removed from the Property prior to

the sale of the Property to Georto, identify the debris or waste that was not removed, the reasons why such debris or waste was not removed, where such debris or waste was disposed of on the Property, the date on which Gateman first became aware that such debris or waste had not been removed and/or would not be removed, and how Gateman became aware that that such debris or waste had not been removed and/or would not be removed.

4. Identify any and all communications by Gateman to any of Roberts, Scott Hungate, Family Dollar of Massachusetts, Inc., Goldman Environmental Consultants, Inc., Envirotest Laboratories, or any environmental consultant concerning the subject of demolition debris and/or solid waste, including but not limited to whether any demolition debris and/or solid waste had been, or would be, removed from the Property.

5. In the event that Gateman contends that Gateman did not make one or more of the statements, communications, or representations attributed to him by the Phase I Environmental Site Assessment written report prepared by Goldman Environmental Consultants, Inc. (the "Assessment") dated May 29, 2002, identify each such statement, communication, or representation that Gateman contends he did not make.

6. State the basis for Gateman's denial (at paragraph 10 of the Answer) of the allegations set forth in paragraph 10 of the Complaint.

7. State the basis for Gateman's denial (at paragraph 15 of the Answer) of the allegations set forth in paragraph 15 of the Complaint.

8. State the basis for Gateman's denial (at paragraph 16 of the Answer) of the allegations set forth in paragraph 16 of the Complaint.

9. State the basis for Gateman's denial (at paragraph 17 of the Answer) of the allegations set forth in paragraph 17 of the Complaint.

10. State the basis for Gateman's denial (at paragraph 19 of the Answer) of the allegations set forth in paragraph 19 of the Complaint.

11. State the basis for Gateman's denial (at paragraph 20 of the Answer) of the allegations set forth in paragraph 20 of the Complaint.

12. State the basis for Gateman's denial (at paragraph 21 of the Answer) of the allegations set forth in paragraph 21 of the Complaint.

13. State the basis for Gateman's denial (at paragraph 22 of the Answer) of the allegations set forth in paragraph 22 of the Complaint.

14. State the basis for Gateman's denial (at paragraph 26 of the Answer) of the allegations set forth in paragraph 26 of the Complaint.

15. State the basis for Gateman's denial (at paragraph 29 of the Answer) of the allegations set forth in paragraph 29 of the Complaint.

16. State the basis for Gateman's denial (at paragraph 41 of the Answer) of the allegations set forth in paragraph 41 of the Complaint.

17. State the basis for Gateman's denial (at paragraph 45 of the Answer) of the allegations set forth in paragraph 45 of the Complaint.

18. State the basis for Gateman's denial (at paragraph 46 of the Answer) of the allegations set forth in paragraph 46 of the Complaint.

19. State the basis for the affirmative defense set forth in Paragraph 1 of the Affirmative Defenses of the Answer.

20. State the basis for the affirmative defense set forth in Paragraph 2 of the Affirmative Defenses of the Answer.

21. State the basis for the affirmative defense set forth in Paragraph 3 of the Affirmative Defenses of the Answer.

22. Identify each and every person whom Gateman expects to call as a witness at the trial of this case, and with respect to each witness, state:

    (a) his or her name, business address and telephone number and home address and telephone number.

  (b) his or her business occupation.

  (c) the subject matter on which he or she is expected to testify; and

  (d) the substance of the facts to which he or she is expected to testify.

23. Identify each person whom Gateman expects to call as an expert witness at the trial of this case, and, for each such witness, please state the following:

  (a) the subject matter on which each expert is expected to testify;

  (b) the substance of the facts and opinions to which each expert is expected to testify; and

  (c) a summary of the grounds for each such opinion.

GEORTO, INC.

By its attorneys,

_[signature]_

Dale C. Kerester, BBO #548385
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA 02110-1800
(617) 951-0800

Dated: June 24, 2005

189474_2

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 6/24/05

_[signature]_