UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ | CIVIL ACTION NO. 04-11730 NG |
| GEORTO, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM GATEMAN, INDIVIDUALLY ) | |
| and as TRUSTEE OF 200 UNION ) | |
| STREET REALTY TRUST ) | |
| ) | |
|     Defendant, ) | |
|     Third Party Plaintiff, and ) | |
|     Third Party Defendant-in- ) | |
|     Counterclaim ) | |
| ) | |
| ROBERTS CORPORATION ) | |
| ) | |
|     Third Party Defendant, ) | |
|     and Third Party Plaintiff-in- ) | |
|     Counterclaim ) | |
| _____) | |

**ANSWERS OF THE DEFENDANT, WILLIAM GATEMAN, TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, GEORTO INC.**

Interrogatory #1:

    Identify each date on which Gateman was present at the Property at any time after the structure on the Property was demolished.

Answer #1:

    I was there almost everyday until the property was filled.

Interrogatory #2:

    Identify and describe any and all actions, conduct, services, and work performed or rendered by or for Gateman, or to be performed or rendered by or for Gateman, with respect to any and all demolition debris or solid waste located at any time on the Property and/or the filling and regrading of the Property. Include but do not limit your answer to

identification of each person who engaged in such actions, conduct, services, and work, any agreement setting forth the actions, conduct, services, and work to be performed, the specific actions, conduct, services, and work performed or rendered by such person, and the specific services which Gateman contends were required to be performed but which were not performed.

Answer #2

The building on the property, later purchased by Georto, was demolished by Roberts and filled by Weatherly. The wood and metal was taken off of the site by Roberts. The brick and concrete was left on the site and used to fill the basement by Weatherbee in accordance with the requirements of Lynn.

Interrogatory #3

With respect to any demolition debris and/or solid waste (resulting from the demolition of any structure on the Property) which was not removed from the Property prior to the sale of the Property to Georto, identify the debris or waste that was not removed, the reasons why such debris or waste was not removed, where such debris or waste was disposed of on the Property, the date on which Gateman first became aware that such debris or waste had not been removed and/or would not be removed, and how Gateman became aware that that such debris or waste had not been removed and/or would not be removed.

Answer # 3

The brick and concrete that was not removed was disposed of on the site later purchased by Georto. The "solid waste", in accordance with the contract with Roberts, was removed and disposed of off site. This was consistent with the contract that I had with Roberts and with the requirements of Lynn.

Interrogatory #4

Identify any and all communications by Gateman to any of Roberts, Scott Hungate, Family Dollar of Massachusetts, Inc., Goldman Environmental Consultants, Inc., Envirotest Laboratories, or any environmental consultant concerning the subject of demolition debris and/or solid waste, including but not limited to whether any demolition debris and/or solid waste had been, or would be, removed from the Property.

Answer #4

1. Roberts: they would remove all building debris (except bricks and concrete).

2. Scott Hungate, Family Dollar: on the Family Dollar site they did not want any brick or concrete left. They had specific instructions and provided specific requirements for site preparation for a building pad.

3. Goldman: in a conversation, at the time of the sale to dollar, with Goldman I told them that Roberts would remove all (trash, metal and solid wood) debris from the site but would leave brick and concrete.

Interrogatory # 5

In the event that Gateman contends that Gateman did not make one or more of the statements, communications, or representations attributed to him by the Phase I Environmental Site Assessment written report prepared by Goldman Environmental Consultants, Inc. (the "Assessment") dated May 29, 2002, identify each such statement, communication, or representation that Gateman contends he did not make.

Answer # 5:

Gatemen OBJECTS to this Interrogatory as being overbroad and not of sufficient specificity to permit him to answer. If Georto submits further Interrogatories which set forth the specific "statements, communications, or representations attributed to him..." to which it is referring, Gateman will respond.

Interrogatory #6

State the basis for Gateman's denial (at paragraph 10 of the Answer) of the allegations set forth in paragraph 10 of the Complaint.

Answer # 6:

The Answer speaks for itself. No discovery had been conducted as of the date of the Gateman Answer. Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 10 because such paragraph contains multiple subjects and incorporates four other paragraphs of the Complaint and is grossly overbroad.

Interrogatory #7

State the basis for Gateman's denial (at paragraph 15 of the Answer) of the allegations set forth in paragraph 15 of the Complaint.

Answer # 7

Gateman complied with his warranties and representations.

Interrogatory #8

State the basis for Gateman's denial (at paragraph 16 of the Answer) of the allegations set forth in paragraph 16 of the Complaint.

Answer #8

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 16 because such paragraph contains multiple subjects and incorporates statements already Denied and some already Admitted and calls for a legal conclusion as to what he "should have known".

Interrogatory #9

State the basis for Gateman's denial (at paragraph 17 of the Answer) of the allegations set forth in paragraph 17 of the Complaint.

Answer #9

Gateman OBJECTS to this Interrogatory for the reasons set forth in Answer to Interrogatory 16 above. Notwithstanding, and without waiving this Objection, Gateman states that his representations and warranties are set forth in the Purchase and Sale Agreement.

Interrogatory #10

State the basis for Gateman's denial (at paragraph 19 of the Answer) of the allegations set forth in paragraph 19 of the Complaint.

Answer #10

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 19 because such paragraph contains multiple subjects and stated facts and Discovery has not yet revealed answers to these assertions. Further, the Complaint paragraph makes conclusory assertions and "factual" which are stated as being based upon "information and belief" of Georto.

Interrogatory #11

State the basis for Gateman's denial (at paragraph 20 of the Answer) of the allegations set forth in paragraph 20 of the Complaint.

Answer #11

Gateman did not do what is stated there.

Interrogatory #12

State the basis for Gateman's denial (at paragraph 21 of the Answer) of the allegations set forth in paragraph 21 of the Complaint.

Answer #12

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 21 because such paragraph contains multiple subjects and asserted facts and both legal and engineering conclusions.

Interrogatory #13

State the basis for Gateman's denial (at paragraph 22 of the Answer) of the allegations set forth in paragraph 22 of the Complaint.

Answer #13

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 21 because such paragraph contains multiple subjects and asserted facts and both legal and engineering conclusions which Gateman calls upon Georto to prove.

Interrogatory # 14

State the basis for Gateman's denial (at paragraph 26 of the Answer) of the allegations set forth in paragraph 26 of the Complaint.

Answer #14

See Answer to Interrogatory 7.

Interrogatory #15

State the basis for Gateman's denial (at paragraph 29 of the Answer) of the allegations set forth in paragraph 29 of the Complaint.

Answer #15

See Answer to Interrogatory 6. Gateman did not make false statements.

Interrogatory #16

State the basis for Gateman's denial (at paragraph 41 of the Answer) of the allegations set forth in paragraph 41 of the Complaint.

Answer #16

Georto failed to properly perform its "due diligence" as to the site, failed to specify to Gateman its exact intended use of and construction needs on the site, failed to perform site core sampling and failed to permit Gateman to mitigate any damages or problems it now claims flowed from the Contract.

Interrogatory #17

State the basis for Gateman's denial (at paragraph 45 of the Answer) of the allegations set forth in paragraph 45 of the Complaint.

Answer #17

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 45 because such paragraph calls for legal conclusions which Gateman calls upon Georto to prove.

Interrogatory #18

State the basis for Gateman's denial (at paragraph 46 of the Answer) of the allegations set forth in paragraph 46 of the Complaint.

Answer #18

Gateman did not "engage in unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A Sec. 11."

Interrogatory #19

State the basis for the affirmative defense set forth in Paragraph 1 of the Affirmative Defenses of the Answer.

Answer #19

Gateman calls upon Georto to prove its claims.

Interrogatory #20

State the basis for the affirmative defense set forth in Paragraph 2 of the Affirmative Defenses of the Answer.

Answer 20

Gateman has performed its obligations under, and in accordance with the terms of, the written Purchase and Sale Contract with Georto.

Interrogatory #21

State the basis for the affirmative defense set forth in Paragraph 3 of the Affirmative Defenses of the Answer.

Answer #21

The Georto Complaint is based, at least in part, upon oral representations which it claims form part of the Purchase and Sale Contract as to the property in question.

Interrogatory #22

Identify each and every person whom Gateman expects to call as a witness at the trial of this case, and with respect to each witness, state:

(a) his or her name, business address and telephone number and home address and telephone number.

(b) his or her business occupation.

(c) the subject matter on which he or she is expected to testify; and

(d) the substance of the facts to which he or she is expected to testify.

Answer #22

Gateman has not yet determined which witnesses he expects to call as a witness at trial but will seasonably supplement this Answer when a decision is made.

Interrogatory #23

        Identify each person whom Gateman expects to call as an expert witness at the trial of this case, and, for each such witness, please state the following:

        (a) the substance of the facts and opinions to which each expert is expected to testify; and
        (b) the subject matter on which each expert is expected to testify;
        (c) a summary of the grounds for each such opinion

the substance of the facts and opinions to which each expert is expected to testify; and a summary of the grounds for each such opinion.

Answer #23

        The Plaintiff has not yet determined whom, if anyone, he will call as an expert witness but will supplement this answer timely before trial.

Signed under the pains and penalties of perjury this 23rd day of August 2005

By _____
William Gateman

Dated: 8/23/05

Objections by,
Attorney for the Defendant

_____
James S. Robbins, Esquire
BBO#481220
Alan Miller, Esquire
BBO#346240
6 Beacon Street, Suite 1100
Boston, MA 02108
Tel: 617-227-7541

8

## CERTIFICATE OF SERVICE

I, James S. Robbins, Esquire, hereby certify that on the __23__ day of August, 2005, I served the above and foregoing **ANSWERS OF THE PLAINTIFF, WILLIAM GATEMAN, TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, GEORTO, INC.** on the following individual and counsel of record by mailing a true and exact copy of same, postage prepaid, to:

Dale Kerester
Lynch, Brewer, Hoffman & Fink LLP
101 Federal Street
22nd Floor
Boston, MA 02110

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY:

JAMES S. ROBBINS
6 Beacon Street
Boston, MA 02108
Tel: (617) 227-7541
BBO#421880