UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC., )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM GATEMAN, INDIVIDUALLY )<br>and as TRUSTEE OF 200 UNION )<br>STREET REALTY TRUST, )<br>          Defendant and )<br>          Third Party Plaintiff, )<br>)<br>v. )<br>)<br>ROBERTS CORPORATION, )<br>          Third Party )<br>         Defendant. ) | CIVIL ACTION NO. 04-11730 NG |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DEFENDANT WILLIAM GATEMAN TO ANSWER INTERROGATORIES**

Plaintiff Georto, Inc. ("Georto") submits this memorandum in support of its motion to compel Defendant William Gateman, Individually and as Trustee of 200 Union Street Realty Trust ("Gateman"), to answer Interrogatories 5 through 21 contained in Plaintiff's First Set of Interrogatories To William Gateman, Individually and as Trustee of 200 Union Street Realty Trust, within fourteen days of the date of such order.[1] As is set forth in more detail below, Gateman failed and refused to provide any answer to certain interrogatories (see Gateman's responses to Interrogatories 5, 6, 8, 10, 12, 13, 17,and 19) and/or provided evasive and effectively non-responsive one sentence answers to the remaining interrogatories at issue (see Gateman's responses to Interrogatories 7, 9, 11, 14, 15, 16, 18, 20, and 21). Georto therefore

---

[1] Plaintiff's Interrogatories Directed to William Gateman are attached to Georto's Motion as Exhibit 1.  The Answers of the Defendant, William Gateman, to Interrogatories Propounded by the Plaintiff, Georto, Inc. are attached to Georto's Motion as Exhibit 2.

seeks to compel Gateman to fully answer the interrogatories in accordance with Fed. R. Civ. P. 33 (b)(1) ("[e]ach interrogatory shall be answered separately and fully in writing…"), Fed. R. Civ. P. 37(a)(3) ("[f]or purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond"), and Local Rule 26.5 (setting forth the requirements for responding to an interrogatory, specifically including interrogatories calling for the party to "state the basis" of a particular claim, assertion, allegation, or contention).[2]

## BACKGROUND

<u>Claims and Defenses</u>

Georto filed suit against Gateman on August 5, 2004.[3]  Pursuant to its Complaint, Georto asserts claims for breach of warranty (Count One), fraud (Count Two), negligent misrepresentation (Count Three), breach of the implied covenant of good faith and fair dealing (Count Four), and violation of Mass. Gen. L. c. 93A, § 11 arising from Gateman's sale to Georto of certain real property located in Lynn, Massachusetts (the "Property").  Georto alleges that:  1) after purchase of the Property and upon commencement of construction of a new commercial building, it discovered substantial demolition debris and solid waste that had been concealed below grade in

---

[2] By conference on September 28, 2005 and after his receipt of a letter from Georto's counsel dated September 28 responding to Gateman's objection to Interrogatory No. 5, Gateman's counsel agreed to further respond to Interrogatory No. 5.  (Gateman's counsel has not, however, agreed to provide any further response to any of the other interrogatories.)  Accordingly, Georto, by this motion, requests that the Court order that the further response to interrogatory number 5 be provided within 14 days of the date of the order and that such response fully comply with the requirements of Fed. R. Civ. P. 33(b)(1) and 37(a)(3) and Local Rule 26.5.

contravention of Gateman's express warranty and representations; and 2) Georto was therefore required to excavate, remove, and dispose of 167 truckloads (approximately 28 cubic yards per truckload) of the demolition debris and solid waste and to replace with acceptable fill in order to construct the building on the Property.

Gateman filed his Answer and Third Party Complaint on August 31, 2004. Pursuant to his Answer, Gateman denies Georto's claims, including the allegations set forth above, and asserts certain affirmative defenses. Pursuant to his Third Party Complaint, Gateman alleges that Roberts Corporation was obliged to remove demolition debris from the Property, is liable to Gateman if Gateman is held liable to Georto, and is further obligated to defend and indemnify Gateman against Georto's claims.

Roberts filed its Answer to Third Party Complaint, Counterclaim Against Third Party Plaintiff, and Jury Demand on December 20, 2004 and filed its Amended Answer to Third Party Complaint, Counterclaim Against Third Party Plaintiff, and Jury Demand on December 28, 2004. Pursuant to its Amended Answer, Roberts Corporation denies Gateman's claims and sets forth various affirmative defenses. Pursuant to its Counterclaim, Roberts Corporation asserts claims against Gateman for breach of contract (Count I), accounts annexed (Count II), and quantum meruit (Count III) arising from a contract between Roberts Corporation and Gateman for demolition and removal services at the Property. Pursuant to his Answer to Counterclaim filed on or about January 11, 2005, Gateman denies Roberts Corporation's claims and asserts various affirmative defenses.

---

[3] The first three paragraphs of this Background section are taken verbatim from the

Factual Allegations of Complaint

Georto alleges as follows:

In 2001, Gateman owned certain real estate located in Lynn, Massachusetts that included the Property. In August 2001, a five story brick building located on that real estate was damaged by fire. The building was torn down between October 2001 and April 2002.

On or about June 18, 2003, Georto entered into a Contract for the Sale of Real Estate (the "Contract") with Gateman to buy the Property for $300,000. As Gateman knew, Georto intended to use the Property for the construction of a new commercial building as a retail store. Pursuant to the Contract, Gateman warranted and represented to Georto that "there are no hazardous materials as defined by state, federal, or local law, or <u>non-acceptable environmental conditions</u> on the property." (emphasis added) Gateman's warranties survived the closing. Pursuant to his obligations under the Contract, and as part of the due diligence regarding the Property, Gateman, after the execution of the Purchase and Sale Agreement and prior to the closing, provided Georto with a Phrase I Environmental Site Assessment written report prepared by Goldman Environmental Consultants, Inc. (the "Assessment") and dated May 29, 2002. The Assessment set forth numerous material representations regarding the Property, specifically including representations made by Gateman that <u>all of the demolition debris had been or would be removed from the property and replaced with fill dirt</u>. At Gateman's request, Goldman Environmental Consultants issued a reliance letter to Georto acknowledging that Georto was relying upon the

---

parties' Joint Statement previously filed with the Court.

4

information contained in the Assessment for completion of due diligence activities and financing and stating that Georto could rely upon such information as if the information had been prepared for Georto.  Gateman, by his counsel, also furnished Georto on July 7, 2003 (after execution of the Purchase and Sale Agreement and prior to the closing) with a copy of an additional document warranting and representing that Gateman had completed the removal of the demolition debris from the Property.  In reliance on those representations and warranties, Georto closed on the Property on February 19, 2004 by paying the balance of the $300,000 purchase price to Gateman.

Upon commencement of the excavation for the construction of the retail building on the Property in early April, 2004, however, Georto's contractor discovered extensive amounts of demolition debris and solid waste (consisting of wood timbers, wood, charred wood, brick, concrete, metal, trash, and other solid waste materials) concealed below grade on the Property.  The evidence indicated that Gateman, contrary to his warranties and representations and to the Solid Waste regulations of the Massachusetts Department of Environmental Protection, had caused the demolition debris and solid waste to be deliberately dumped on the Property and concealed by varying depths of fill.

Georto seeks recovery of the costs it incurred to remove the demolition debris and solid waste and to replace it with fill.

Interrogatories

On or about June 24, 2005, Georto served Interrogatories on Gateman.  Many of the interrogatories requested that Gateman state the basis for certain of his defenses, including certain of his denials in his Answer of specific allegations of

Georto's Complaint and certain of his affirmative defenses. Gateman served his response to Georto's Interrogatories on August 23, 2005.

## **ARGUMENT**

A.  <u>Gateman Failed to State The Basis for His Defenses</u>

In each of Interrogatories 6 through 21, Georto requested that Gateman "state the basis"[4] for his denials in his Answer of certain allegations set forth in the Complaint and for certain of his affirmative defenses. Local Rule 26.5(C)(8) specifically provides that:

> The following definitions apply to all discovery requests . . . :
>
> (8) *State the Basis:* When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall
>
>> (a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
>>
>> (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
>>
>> (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and
>>
>> (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

---

[4] While not required to do so, Georto, pursuant to the instructions and definitions set forth in its Interrogatories, expressly incorporated by reference the definitions set forth in the Local Rules.

6

Rather than providing the foregoing information in accordance with the Local Rules, Gateman objected to these interrogatories and refused to answer or instead provided a one sentence evasive non-responsive answer:[5]

- Interrogatory #6: State the basis for Gateman's denial (at paragraph 10 of the Answer) of the allegations set forth in paragraph 10 of the Complaint.

    *Paragraph 10 of the Complaint: In order to induce Georto to purchase the Property, Gateman warranted and/or represented to Georto that all demolition debris had been removed from the Property, that all demolition debris had been properly disposed of, that the property had been filled to grade with fill dirt, and that "there are no hazardous materials as defined by state, federal, or local law, or non-acceptable environmental conditions on the property," as more specifically set forth in paragraphs 11 through 14 below.*

    Answer #6: The Answer speaks for itself. No discovery had been conducted as of the date of the Gateman Answer. Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 10 because such paragraph contains multiple subjects and incorporates four other paragraphs of the Complaint and is grossly overbroad.

- Interrogatory #7: State the basis for Gateman's denial (at paragraph 15 of the Answer) of the allegations set forth in paragraph 15 of the Complaint.

    *Paragraph 15 of Complaint: Gateman's warranties and representations were false.*

    Answer #7: Gateman complied with his warranties and representations.

- Interrogatory #8: State the basis for Gateman's denial (at paragraph 16 of the Answer) of the allegations set forth in paragraph 16 of the Complaint.

    *Paragraph 16 of Complaint: At all relevant times, including the times that Gateman made the statements referenced in the Assessment as set forth above, entered into the Contract, provided the Assessment to Georto, provided the additional document on July 7, 2003, and sold the Property to Georto, Gateman knew, or reasonably should have known, that the representations and warranties set forth above were false.*

    Answer #8: Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 16 because such paragraph contains multiple subjects and incorporates statements already Denied and some already Admitted and calls for a legal conclusion as to what he "should have known."

---

[5] For the convenience of the Court, Georto has set forth in italics the specific allegation of the Complaint referenced in each interrogatory.

- Interrogatory #9: State the basis for Gateman's denial (at paragraph 17 of the Answer) of the allegations set forth in paragraph 17 of the Complaint.

   *Paragraph 17 of Complaint: Gateman made such representations and warranties with the intention of inducing Georto to purchase the Property from Gateman.*

   Answer #9:  Gateman OBJECTS to this Interrogatory for the reasons set forth in Answer to Interrogatory 16 above.  Notwithstanding, and without waiving this Objection, Gateman states that his representations and warranties are set forth in the Purchase and Sale Agreement.  [See above for the Answer to Interrogatory 16]

- Interrogatory #10:  State the basis for Gateman's denial (at paragraph 19 of the Answer) of the allegations set forth in paragraph 19 of the Complaint.

   *Paragraph 19 of Complaint: Thereafter, Georto, in connection with its development of the Property and subsequent to the commencement of the excavation at the Property for construction of the new building, discovered substantial demolition debris and solid waste concealed below grade on the Property, including but not limited to the following:*

   - *Demolition debris from the prior building and solid waste, consisting of brick, burnt wood, black ash, mortar, concrete, wood, organics, and other solid waste debris such as plastic, glass, metal, and trash, had been dumped and buried on the Property under varying depths of fill, rather than removed and properly disposed off site.  The additional fill materials contained organics and lesser amounts of debris.*
   - *The demolition debris and solid waste was up to approximately ten feet in depth, depending upon the location.*
   - *The debris and solid waste included not only debris and waste from the Property but also, upon information and belief, debris and waste that Gateman had caused to be moved from the adjoining property so as to enable Gateman to sell that other property at a greater price than what would have been realized otherwise.*
   - *The basement area had not been filled with fill dirt but instead had been filled with the demolition and solid waste debris and similar non-acceptable fill.*

   Answer #10:  Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 19 because such paragraph contains multiple subjects and stated facts and Discovery has not yet revealed answers to these assertions.  Further, the Complaint paragraph makes conclusory assertions and "factual" which are stated as being based upon "information and belief" of Georto.

- Interrogatory #11:  State the basis for Gateman's denial (at paragraph 20 of the Answer) of the allegations set forth in paragraph 20 of the Complaint.

   *Paragraph 20 of the Complaint:  Upon information and belief, Gateman, after initially segregating the demolition and solid waste debris on the Property for removal and*

8

*disposal, had deliberately dumped the demolition and solid waste debris on the Property and concealed its existence by covering it with varying depths of fill so that the demolition and solid waste debris would not be discovered by Georto.*

Answer #11:   Gateman did not do what is stated there.

- Interrogatory #12:  State the basis for Gateman's denial (at paragraph 21 of the Answer) of the allegations set forth in paragraph 21 of the Complaint.

*Paragraph 21 of Complaint:  The demolition debris and solid waste materials had been dumped and concealed by Gateman in violation of applicable Solid Waste regulations of the Massachusetts Department of Environmental Protection, were non-acceptable environmental conditions, were not suitable for foundation or floor slab support for a building, and were not suitable for re-use as fill.  Among other problems, these materials were highly susceptible to significant settlement under their own weight and under new building load and were susceptible to decomposition and additional settlement created by the voids.*

Answer #12:  Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 21 because such paragraph contains multiple subjects and asserted facts and both legal and engineering conclusions.

- Interrogatory #13:  State the basis for Gateman's denial (at paragraph 22 of the Answer) of the allegations set forth in paragraph 22 of the Complaint.

*Paragraph 22 of the Complaint:  Georto was required to, and did, excavate, remove, and dispose of 167 truckloads (28 cubic yards per truckload) of the demolition and solid waste debris fill material from the Property and to replace with 4,231 cubic yards of acceptable fill in order to construct the building on the Property.*

Answer #13:  Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 21 because such paragraph contains multiple subjects and asserted facts and both legal and engineering conclusions which Gateman calls upon Georto to prove.

- Interrogatory #14:  State the basis for Gateman's denial (at paragraph 26 of the Answer) of the allegations set forth in paragraph 26 of the Complaint.

*Paragraph 26 of Complaint:   Gateman, as Trustee, breached his warranties*

Answer #14:  See Answer to Interrogatory 7.

- Interrogatory No. 15:  State the basis for Gateman's denial (at paragraph 29 of the Answer) of the allegations set forth in paragraph 29 of the Complaint.

*Paragraph 29 of Complaint:  Gateman, individually and as Trustee, made false statements of material fact to Georto, specifically including the false statements set forth in paragraphs 10, 11, 13, and 14 above.*

Answer #15:  See Answer to Interrogatory 6. Gateman did not make false statements.

- Interrogatory #16:  State the basis for Gateman's denial (at paragraph 41 of the Answer) of the allegations set forth in paragraph 41 of the Complaint.

  *Paragraph 41 of Complaint:  Georto fully complied with any and all obligations set forth in the Contract.*

  Answer #16:  Georto failed to properly perform its "due diligence" as to the site, failed to specify to Gateman its exact intended use of and construction needs on the site, failed to perform site core sampling and failed to permit Gateman to mitigate any damages or problems it now claims flowed from the Contract.

- Interrogatory #17:  State the basis for Gateman's denial (at paragraph 45 of the Answer) of the allegations set forth in paragraph 45 of the Complaint.

  *Paragraph 45 of the Complaint:  Georto and Gateman, individually and as Trustee, are and were at all relevant times engaged in trade or commerce in the Commonwealth of Massachusetts within the meaning of Mass. Gen. L. ch. 93A.*

  Answer #17:  Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 45 because such paragraph calls for legal conclusions which Gateman calls upon Georto to prove.

- Interrogatory #18:  State the basis for Gateman's denial (at paragraph 46 of the Answer) of the allegations set forth in paragraph 46 of the Complaint.

  *Paragraph 46 of the Complaint:  Gateman, individually and as Trustee, willfully and knowingly engaged in unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A § 11.*

  Answer #18:  Gateman did not "engage in unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A Sec. 11."

- Interrogatory #19:  State the basis for the affirmative defense set forth in Paragraph 1 of the Affirmative Defenses of the Answer.

  *Paragraph 1 of the Affirmative Defenses of the Answer:  The Complaint fails to state a claim upon which relief may be granted.*

  Answer #19:  Gateman calls upon Georto to prove its claims.

- Interrogatory #20:  State the basis for the affirmative defense set forth in Paragraph 2 of the Affirmative Defenses of the Answer.

  *Paragraph 2 of the Affirmative Defenses of the Answer:  The defendant has performed fully under each contract which is the subject of this action.*

<u>Answer #20</u>:  Gateman has performed its obligations under, and in accordance with the terms of, the written Purchase and Sale Contract with Georto.

- <u>Interrogatory #21</u>:  State the basis for the affirmative defense set forth in Paragraph 3 of the Affirmative Defenses of the Answer.

*Paragraph 3 of the Affirmative Defenses of the Answer:  The claim of the plaintiff Georto, Inc. as described in the within Complaint is barred by the Statute of Frauds.*

<u>Answer #21</u>:  The Georto Complaint is based, at least in part, upon oral representations which it claims form part of the Purchase and Sale Contract as to the property in question.

In so responding, Gateman has violated of Local Rule 26.5(C)(8).  L.R. 26.5 expressly dictates that, if requested to state the basis for his position, Gateman must provide, *inter alia*, "each and every communication which forms any part of the source of the party's information regarding the alleged facts…"; "the acts or omissions to act on the party of any person . . . which form any part of the party's information regarding the alleged facts . . .; and "any other fact which forms the basis of the party's information."  Gateman disregards the directives of the rule to an egregious degree.  Contrary to L.R. 26.5, Gateman <u>refuses</u> to identify <u>any documents, facts, communications, acts, or omissions of acts</u> supporting his affirmative defenses or his denials of Georto's core allegations.  Gateman failure to respond adequately includes, but is not limited to, the following key examples:

- <u>Representations and warranties:</u>  Gateman refuses to provide <u>any</u> information supporting his denial that he made false warranties or representations, that he knew such warranties and representations were false, or that such false warranties or representations induced Georto to purchase the Property.  For instance, Gateman provides no facts or communications of any sort indicating that he never represented or warranted to Georto that the Property was free

11

of demolition debris and solid waste when Georto purchased it. (See Interrogatory Answers Nos. 6, 7, 8, 9, 14, and 15).

- <u>Demolition debris and solid waste concealment:</u> Gateman refuses to provide <u>any</u> information supporting his denial that that the Property had been filled with such debris instead of fill dirt or that Gateman had deliberately dumped such debris on the Property and then concealed its existence. As an example, despite Georto's claims and proffered evidence, Gateman provides no facts or communications of any sort indicating that the Property was free of demolition debris and solid waste when Georto purchased it. (See Interrogatory Answers Nos. 10, 11, and 12).

- <u>Consequences of Gateman's concealment:</u> Gateman refuses to provide <u>any</u> information supporting his denial that his dumping and concealing of such debris violated Solid Waste regulations and created conditions that were not suitable for building a structure. And he refuses to provide <u>any</u> information supporting his denial that Georto was required to excavate, remove and dispose of significant debris. (see Interrogatory Answers Nos. 12 and 13).

- <u>Gateman's breach of contract:</u> Gateman makes only conclusory, groundless statements regarding Georto's behavior and offers effectively <u>no</u> information. For instance, in his Answer to Interrogatory No. 16, Gateman asserts that "Georto failed to properly perform its 'due diligence'", but he does not describe what actions Georto failed to take or what evidence he has for such an assertion. Gateman contends that Georto "failed to permit Gateman to mitigate any damages or problems" but does not identify what exact problems

and damages Gateman attempted to mitigate, what efforts Gateman allegedly took, and what actions Georto took to prevent Gateman from mitigating such issues.  (see Interrogatory Answer No. 16).

- <u>Violations of Mass. Gen. L. ch. 93A</u>:  Gateman fails to provide <u>any</u> information supporting his denials of the allegations concerning violations of Mass. Gen. L. ch. 93A.  (see Interrogatory Answers 17 and 18).

- <u>Grounds for Gateman's Affirmative Defenses:</u>  Gateman refuses to provide <u>any</u> information supporting the affirmative defenses he claims.  For instance, when stating the basis for his assertion that Georto has failed to state a claim, Gateman simply states, "Gateman calls upon Georto to prove its claims." (see Interrogatory Answers 19, 20, and 21).

## **CONCLUSION**

WHEREFORE, Plaintiff Georto, Inc. requests that this Honorable Court issue an order:  1) compelling Plaintiff William Gateman, Individually and as Trustee Of 200 Union Street Realty Trust, to provide full and complete answers to Interrogatories Nos. 5 through 21 in accordance with Fed. R. Civ. P. 33 (b)(1) and 37(a)(3) and Local Rule 26.5 within fourteen days of such order; and  2) modifying and amending the discovery deadline so as to permit Georto to conduct discovery, during the thirty day period following Gateman's service of full and complete answers, related to any additional information as may be disclosed in such answers to interrogatories.

## ADDITIONAL LOCAL RULE 37.1 INFORMATION

Counsel for Georto (Dale Kerester) and counsel for William Gateman (James Robbins) conferred regarding the subject matter of Georto's motion to compel on multiple occasions, including August 30, 2005 (in person meeting at Plaintiff's offices at the conclusion of the deposition of William Gateman, for less than five minutes), September 28, 2005 (by telephone conference lasing approximately five minutes by counsel at their respective offices), and September 30, 2005 (in person meeting at Plaintiff's offices at the conclusion of a deposition of a representative of Third Party Defendant, lasting less than five minutes).  Pursuant to such conferences, Gateman's counsel agreed to provide further response to Interrogatory number 5 (but not identifying when such response will be provided or the completeness of such additional information) but did not agree to provide any further response to Interrogatory numbers 6 – 21 (notwithstanding that the September 30 is the deadline for completion of discovery).

**PLAINTIFF GEORTO, INC.**
By its attorney,

/s/
Dale C. Kerester, BBO#548385
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800

Dated:  September 30, 2005