## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11730 NG

| | |
|---|---|
| GEORTO, INC., <br>     Plaintiff, <br><br> v. <br><br> WILLIAM GATEMAN, INDIVIDUALLY <br> and as TRUSTEE OF 200 UNION <br> STREET REALTY TRUST <br><br>     Defendant, <br>     Third Party Plaintiff, and <br>     Third Party Defendant-in- <br>     Counterclaim <br><br> ROBERTS CORPORATION <br><br>     Third Party Defendant, <br>     and Third Party Plaintiff-in- <br>     Counterclaim | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPPOSITION AND RESPONSE OF THE DEFENDANT, WILLIAM GATEMAN, TO MOTION OF THE PLAINTIFF TO COMPEL DEFENDANT WILLIAM GATEMAN TO ANSWER INTERROGATORIES

The Defendant, William Gateman, opposes the above captioned Motion of the Plaintiff believing that he has adequately and properly answered the Interrogatories cited and denying the characterizations of his answers by Plaintiff's counsel.

However, in the spirit of cooperation in discovery, the Defendant is providing herewith "Further Answers" to supplement its original answers to each of those Interrogatories and has attached hereto a copy of said Further Answers along with certain Exhibits attached thereto.

James S. Robbins, Esq.
BBO#421880
6 Beacon Street
Suite 1100
Boston, MA 02108

617-227-7541
617-227-3722 fax

## CERTIFICATE OF SERVICE

I, James S. Robbins, Esquire, hereby certify that on the _____14_____ day of October, 2005, I served the above and foregoing **OPPOSITION OF THE DEFENDANT, WILLIAM GATEMAN, TO MOTION OF THE PLAINTIFF TO COMPEL DEFENDANT WILLIAM GATEMAN TO ANSWER INTERROGATORIES** on the following individual and counsel of record by mailing a true and exact copy of same, postage prepaid, to:

**Dale Kerester
Lynch, Brewer, Hoffman & Fink LLP
101 Federal Street
22nd Floor
Boston, MA 02110**

**J. Mark Dickison, Esq.
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02110**

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY:

JAMES S. ROBBINS
6 Beacon Street
Boston, MA 02108
Tel: (617) 227-7541
BBO#421880

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11730 NG

GEORTO, INC.,
   Plaintiff,

   v.

WILLIAM GATEMAN, INDIVIDUALLY
and as TRUSTEE OF 200 UNION
STREET REALTY TRUST

   Defendant,
   Third Party Plaintiff, and
   Third Party Defendant-in-
   Counterclaim

ROBERTS CORPORATION

   Third Party Defendant,
   and Third Party Plaintiff-in-
   Counterclaim

## OPPOSITION AND RESPONSE OF THE DEFENDANT, WILLIAM GATEMAN, TO MOTION OF THE PLAINTIFF TO COMPEL DEFENDANT WILLIAM GATEMAN TO ANSWER INTERROGATORIES

   The Defendant, William Gateman, opposes the above captioned Motion of the Plaintiff believing that he has adequately and properly answered the Interrogatories cited and denying the characterizations of his answers by Plaintiff's counsel.

   However, in the spirit of cooperation in discovery, the Defendant is providing herewith "Further Answers" to supplement its original answers to each of those Interrogatories and has attached hereto a copy of said Further Answers along with certain Exhibits attached thereto.

James S. Robbins, Esq.
BBO#421880
6 Beacon Street
Suite 1100
Boston, MA 02108

617-227-7541
617-227-3722 fax

## CERTIFICATE OF SERVICE

I, James S. Robbins, Esquire, hereby certify that on the ___14___ day of October, 2005, I served the above and foregoing **OPPOSITION OF THE DEFENDANT, WILLIAM GATEMAN, TO MOTION OF THE PLAINTIFF TO COMPEL DEFENDANT WILLIAM GATEMAN TO ANSWER INTERROGATORIES** on the following individual and counsel of record by mailing a true and exact copy of same, postage prepaid, to:

**Dale Kerester**
**Lynch, Brewer, Hoffman & Fink LLP**
**101 Federal Street**
**22nd Floor**
**Boston, MA 02110**

**J. Mark Dickison, Esq.**
**LAWSON & WEITZEN, LLP**
**88 Black Falcon Avenue, Suite 345**
**Boston, MA 02110**

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY:

JAMES S. ROBBINS
6 Beacon Street
Boston, MA 02108
Tel: (617) 227-7541
BBO#421880

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
|  | **CIVIL ACTION NO. 04-11730 NG** |

**GEORTO, INC.,**
            **Plaintiff,**

            **v.**

**WILLIAM GATEMAN, INDIVIDUALLY**
**and as TRUSTEE OF 200 UNION**
**STREET REALTY TRUST**

            **Defendant,**
            **Third Party Plaintiff, and**
            **Third Party Defendant-in-**
            **Counterclaim**

**ROBERTS CORPORATION**

            **Third Party Defendant,**
            **and Third Party Plaintiff-in-**
            **Counterclaim**

## FURTHER ANSWERS OF THE DEFENDANT, WILLIAM GATEMAN, TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, GEORTO INC.

**The following Further Answers to Interrogatories are intended to supplement, and not replace, the original Answers.**

Interrogatory # 5:

            In the event that Gateman contends that Gateman did not make one or more of the statements, communications, or representations attributed to him by the Phase I Environmental Site Assessment written report prepared by Goldman Environmental Consultants, Inc. (the "Assessment") dated May 29, 2002, identify each such statement, communication, or representation that Gateman contends he did not make.

1

Answer # 5:

        Gatemen OBJECTS to this Interrogatory as being overbroad and not of sufficient specificity to permit him to answer. If Georto submits further Interrogatories which set forth the specific "statements, communications, or representations attributed to him..." to which it is referring, Gateman will respond.

**Interrogatory # 5 Clarification:**

**See letter of September 28, 2005 (Attachment #1) from GEORTO counsel clarifying and setting forth the actual statements involved per Gateman's request which is incorporated herein.**

**Further Answer # 5:**

        **Assessment page 4 (First statement): The defendant Denies the statement as written but states that he did state that all demolition debris except brick and concrete has been or will be hauled off-Site by Robert's Dismantling & Recycling.**

        **Assessment page 4 (Second statement): Gateman acknowledges what is stated in this statement.**

        **Assessment page 6: Gateman acknowledges what is stated in this statement.**

        **Assessment page 7: Gateman acknowledges what is stated in this statement.**

        **Assessment page 10 (First statement): Gateman acknowledges what is stated in this statement.**

        **Assessment page 10 (Second statement): Gateman acknowledges what is stated in sentences one and two of this statement, but denies sentence three as written. What he did state in sentence three was that all demolition debris except brick and concrete was hauled off-Site or was in the process of being hauled off-Site for proper disposal.**

        **Assessment page 16: Gateman Denies stating what is stated in sentences one and two of this statement but acknowledges what is stated in sentences three and four.**

        **Assessment page 20: Gateman does not recall saying what is stated in this statement, but is unable to either affirm or deny that he made the statement.**

        **Assessment page 24: Gateman Denies having said sentence one of this statement. As to sentence two, Gateman Denies the sentence as written. What he did state in sentence two was that all piles of debris other than brick and concrete are**

2

scheduled to be removed and properly disposed off Site by Robert's Dismantling & Recycling.

Interrogatory # 6:

State the basis for Gateman's denial (at paragraph 10 of the Answer) of the allegations set forth in paragraph 10 of the Complaint.

Answer # 6:

The Answer speaks for itself.  No discovery had been conducted as of the date of the Gateman Answer.  Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 10 because such paragraph contains multiple subjects and incorporates four other paragraphs of the Complaint and is grossly overbroad.

Further Answer # 6:

Gateman further answers this Interrogatory by stating that all demolition debris, except brick, concrete and inconsequential amounts of miscellaneous items, was removed and disposed of by Roberts as far as he is aware in accordance with their Contract (Deposition Exhibit 3, Attachment #2).  The property had been filled to grade as above by Gateman (Deposition Exhibit 6B, Attachment #3) with fill dirt.  Gateman states that there are no "hazardous materials as defined by state, federal or local law..." nor are their any claims by GEORTO, of which Gateman is aware, that any such materials existed on the site at the time their Purchase and Sale was executed (GEORTO Answers to Interrogatories #5, Attachment #4).  Paragraphs 11 and 12 of the Complaint are admitted. Gateman's response in his Answer to Paragraph 13 of the Complaint stands as partially admitted and partially denied and as supplemented from his Further Answer to Interrogatory # 5.

Interrogatory # 7:

State the basis for Gateman's denial (at paragraph 15 of the Answer) of the allegations set forth in paragraph 15 of the Complaint.

Answer # 7:

Gateman complied with his warranties and representations.

Further Answer # 7:

Paragraph 15 of the GEORTO Complaint calls upon Gateman to admit the chief issue of the suit, i.e. that Gateman failed to live up to his "obligations" under the

3

Purchase and Sale Contract with GEORTO. Gateman Denied this failure in his Answer to the Complaint and, again, in his Answer to this Interrogatory. Gateman had removed all debris, other than brick, concrete and inconsequential amounts of miscellaneous debris items including small amounts of ash and had such debris disposed of by Roberts (See generally Depositions of Stalker and Doherty). Gateman had removed the only "hazardous" waste on the site (asbestos) before GEORTO even entered the Purchase and Sale contract. There is no claim by GEORTO (to Gateman's knowledge) that any "hazardous" waste was left on the site. Gateman made no warranties to GEORTO as to the suitability of the fill for any particular use. In fact, GEORTO has used part of the lot and the same fill, undisturbed, for purposes of his parking lot. GEORTO never expressed specific requirements for the nature of the fill material it required (including, for example, its level of compactness) as had Family Dollar in their purchase of the adjoining piece of the property.

Interrogatory # 8:

State the basis for Gateman's denial (at paragraph 16 of the Answer) of the allegations set forth in paragraph 16 of the Complaint.

Answer # 8:

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 16 because such paragraph contains multiple subjects and incorporates statements already Denied and some already Admitted and calls for a legal conclusion as to what he "should have known".

Further Answer # 8:

Gateman acknowledges parts of Paragraph 16, but Denies other parts. Gateman Denies in part and Admits in part the reference to statements in the "Assessment as set forth above" for the reasons set forth in Further Answer # 5 above. Gateman acknowledges entering into the "Contract", providing GEORTO with the so-called Phase I Assessment, a copy of the Gateman to Family Dollar Purchase and Sale Agreement and sold the Property to GEORTO. Gateman Denies again that his "representations and warranties set forth above were false" for the reasons set forth in Further Answer # 7 above. The site work was all done before GEORTO and Gateman ever entered into the "Contract" or even met. Gateman had permission from the City of Lynn to leave brick and concrete at the site. Gateman never told anyone that this material was being removed or had been removed. Gateman made no warranties to GEORTO as to the suitability of the fill for any particular use. GEORTO never expressed specific requirements for the nature of the fill material it required (including, for example, its level of compactness) as had Family Dollar in their purchase of the adjoining piece of the property.

Interrogatory # 9:

State the basis for Gateman's denial (at paragraph 17 of the Answer) of the allegations set forth in paragraph 17 of the Complaint.

Answer # 9:

Gateman OBJECTS to this Interrogatory for the reasons set forth in Answer to Interrogatory 16 above. Notwithstanding, and without waiving this Objection, Gateman states that his representations and warranties are set forth in the Purchase and Sale Agreement.

**Further Answer # 9:**

**Gateman Denies that he made any false representations or warranties (See Further Answers # 5, 6, 7, 8) with the intention of inducing GEORTO to purchase the Property from him. Gateman made no warranties to GEORTO as to the suitability of the fill for any particular use. GEORTO never expressed specific requirements for the nature of the fill material it required (including, for example, its level of compactness) as had Family Dollar in their purchase of the adjoining piece of the property.**

Interrogatory #10:

State the basis for Gateman's denial (at paragraph 19 of the Answer) of the allegations set forth in paragraph 19 of the Complaint.

Answer #10:

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 19 because such paragraph contains multiple subjects and stated facts and Discovery has not yet revealed answers to these assertions. Further, the Complaint paragraph makes conclusory assertions and "factual" which are stated as being based upon "information and belief" of Georto.

**Further Answer # 10:**

**Gateman can neither Admit nor Deny the statement "...GEORTO...discovered substantial demolition debris and solid waste concealed below grade on the Property" as he has no personal knowledge of what GEORTO discovered and calls upon GEORTO to prove this contention. Gateman has already acknowledged leaving brick, concrete (as allowed by Lynn) and inconsequential amounts of miscellaneous debris items including small amounts of ash on the site nearly a year before GEORTO expressed an interest in the property, but denies the other items listed and Denies claims by GEORTO as to depth of debris. Gateman acknowledges moving items**

5

of brick, concrete (as allowed by Lynn) and inconsequential amounts of miscellaneous debris items including small amounts of ash onto the GEORTO side of the site.  Leaving such brick and concrete at the site did result in lowering Gateman's demolition and disposal costs.

Interrogatory # 11:

State the basis for Gateman's denial (at paragraph 20 of the Answer) of the allegations set forth in paragraph 20 of the Complaint.

Answer # 11:

Gateman did not do what is stated there.

Further Answer # 11:

Gateman again acknowledges leaving brick, concrete (as allowed by Lynn) and inconsequential amounts of miscellaneous debris items including small amounts of ash on the site.  Some of those materials did come from the "Family Dollar" part of the site. Gateman acknowledges having fill brought in and placed all over the site for both Family Dollar and GEORTO (See generally Depositions of Stalker, Doherty, Gateman and Wetherbee), but Denies any attempt to "conceal its existence by covering it with various depths of fill so that the demolition and solid waste debris would not be discovered by Georto."  In fact, while Family Dollar had set forth specific requirements for the soil in its Purchase and Sale Contract with Gateman and actually provided a daily engineer on site to inspect the soil and its compaction, GEORTO never set forth any specific requirements as to the site soil nor did it conduct so much as a single test pit on the site before signing its Purchase and Sale Contract with Gateman and only came forward after the Deed had been given to complain that the soil did not live up to its unstated expectations.  Gateman made no warranties to GEORTO as to the suitability of the fill for any particular use.  GEORTO never expressed specific requirements for the nature of the fill material it required (including, for example, its level of compactness) as had Family Dollar in their purchase of the adjoining piece of the property.

Interrogatory #12:

State the basis for Gateman's denial (at paragraph 21 of the Answer) of the allegations set forth in paragraph 21 of the Complaint.

Answer # 12:

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 21 because such paragraph contains multiple subjects and asserted facts and both legal and engineering conclusions.

6

**Further Answer # 12:**

Complaint Paragraph 12 contains so many multiple statements that it is difficult to separate them. Gateman denies that any debris he acknowledges leaving violated "applicable Solid Waste regulations of the Massachusetts Department of Environmental Protection". Gateman Objects to this statement as argumentative and calling for a legal conclusion. Gateman Denies that the materials he acknowledges leaving constituted "non-acceptable environmental conditions". Not being an expert in civil engineering, Gateman can neither Admit nor Deny the GEORTO statement that the site fill "...[was] not suitable for foundation or floor slab support for a building, and were not suitable for re-use as fill. Among other problems, these materials were highly susceptible to significant settlement under their own weight and under new building load and were susceptible to decomposition and additional settlement created by the voids." At no time did GEORTO set forth its specific requirements for the nature of, content of or compaction of the fill on the site (outside of no "hazardous fill") for its intended use of the site. Further, GEORTO never made any tests of the site fill (which was already in place by the time GEORTO came to the site). Gateman made no warranties to GEORTO as to the suitability of the fill for any particular use. GEORTO never expressed specific requirements for the nature of the fill material it required (including, for example, its level of compactness) as had Family Dollar in their purchase of the adjoining piece of the property.

Interrogatory # 13:

State the basis for Gateman's denial (at paragraph 22 of the Answer) of the allegations set forth in paragraph 22 of the Complaint.

Answer # 13:

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 21 because such paragraph contains multiple subjects and asserted facts and both legal and engineering conclusions which Gateman calls upon Georto to prove.

**Further Answer # 13:**

This Complaint Paragraph 22 makes statements about GEORTO's knowledge and actions. Gateman is unable to either Admit or Deny what is known to GEORTO but not known to Gateman.

Interrogatory # 14:

State the basis for Gateman's denial (at paragraph 26 of the Answer) of the allegations set forth in paragraph 26 of the Complaint.

Answer # 14:

See Answer to Interrogatory 7.

**Further Answer # 14:**

**Gateman acknowledges that he is a Trustee of the 200 Union Street Realty Trust, but, as above stated, Denies he breached any warranties under the Contract. Almost a year prior to GEORTO expressing an interest in the property, Gateman filled the property with appropriate and legal fill which included leaving bricks and concrete as above. During its negotiations of the Purchase and Sale Contract, GEORTO never expressed specific requirements for the nature of the fill material it required (including, for example, its level of compactness) as had Family Dollar in their purchase of the adjoining piece of the property.**

Interrogatory # 15:

State the basis for Gateman's denial (at paragraph 29 of the Answer) of the allegations set forth in paragraph 29 of the Complaint.

Answer # 15:

See Answer to Interrogatory 6. Gateman did not make false statements.

**Further Answer # 15:**

**See Further Answers # 5, 6 as to Paragraphs 10, 11, and 13 of the Complaint. As to Complaint Paragraph 14, Gateman acknowledges that a copy of the Family Dollar Purchase and Sale Agreement was sent to GEORTO at its request but specifically Denies that any of the statements of material fact therein were or are "false". In any event, the representations and/or warranties contained in this Family Dollar Purchase and Sale Agreement ran to Family Dollar and were a part of the Contract between Gateman and Family Dollar. No where in the GEORTO Purchase and Sale Contract, or otherwise, were these Family Dollar statements or warranties somehow incorporated into and/or made a part of the Purchase and Sale Agreement between Gateman and GEORTO. The Gateman and GEORTO Purchase and Sale Agreement was executed prior to the furnishing of the Family Dollar Agreement to GEORTO. GEORTO**

8

never expressed specific requirements for the nature of the fill material it required for its purposes (including, for example, its level of compactness) as had Family Dollar in their purchase of the adjoining piece of the property.

Interrogatory #16:

State the basis for Gateman's denial (at paragraph 41 of the Answer) of the allegations set forth in paragraph 41 of the Complaint.

Answer #16:

Georto failed to properly perform its "due diligence" as to the site, failed to specify to Gateman its exact intended use of and construction needs on the site, failed to perform site core sampling and failed to permit Gateman to mitigate any damages or problems it now claims flowed from the Contract.

**Further Answer # 16:**

**GEORTO failed to set forth in the Purchase and Sale Agreement any specific requirements for the property it was purchasing from Gateman, other than the lack of any "hazardous materials", as had Family Dollar.**

Interrogatory #17:

State the basis for Gateman's denial (at paragraph 45 of the Answer) of the allegations set forth in paragraph 45 of the Complaint.

Answer #17:

Gateman OBJECTS to this Interrogatory which seeks the basis of his Denial set forth as to Complaint Paragraph 45 because such paragraph calls for legal conclusions which Gateman calls upon Georto to prove.

**Further Answer # 17:**

**Gateman is unable to either Admit or Deny whether GEORTO was "...engaged in trade or commerce in the Commonwealth of Massachusetts within the meaning of Mass. Gen. L. ch. 93A." Gateman Admits that he was so engaged.**

9

Interrogatory #18:

State the basis for Gateman's denial (at paragraph 46 of the Answer) of the allegations set forth in paragraph 46 of the Complaint.

Answer #18:

Gateman did not "engage in unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A Sec. 11."

**Further Answer # 18:**

**For all of the reasons set forth above in Gateman's Answers to Interrogatories and Further Answers to Interrogatories # 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, Gateman Denies any unfair and deceptive acts and practices in violation of Mass. Gen. L. ch. 93A Sec 11.**

Interrogatory #19:

State the basis for the affirmative defense set forth in Paragraph 1 of the Affirmative Defenses of the Answer.

Answer #19:

Gateman calls upon Georto to prove its claims.

**Further Answer # 19:**

**GEORTO's claims are based upon alleged violations of the Purchase and Sale Contract with Gateman. It alleges violations of warranties existing in the Purchase and Sale Contract with Family Dollar which warranties were never incorporated into its Contract. Further, it alleges that Gateman used illegal fill on the property one year prior to the execution of the Sale with GEORTO which fill was not suitable for GEORTO's purposes. However, GEORTO never set forth in the Contract any specifications for the fill. The fill used by Gateman complied with all governmental regulations and building codes.**

Interrogatory # 20:

State the basis for the affirmative defense set forth in Paragraph 2 of the Affirmative Defenses of the Answer.

Answer # 20:

Gateman has performed its obligations under, and in accordance with the terms of, the written Purchase and Sale Contract with Georto.

**Further Answer # 20:**

**See Further Answers # 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 21 of Gateman.**

Interrogatory # 21:

State the basis for the affirmative defense set forth in Paragraph 3 of the Affirmative Defenses of the Answer.

Answer # 21:

The Georto Complaint is based, at least in part, upon oral representations which it claims form part of the Purchase and Sale Contract as to the property in question.

**Further Answer # 21:**

**GEORTO is attempting to incorporate oral representations and/or separate written documents (Purchase and Sale Contract with Family Dollar and hearsay remarks attributed to Gateman in an environmental survey "interview") to modify a written contract which states at Paragraph 11: "This Contract contains the final and entire agreement between the parties hereto and all prior or contemporaneous oral or written statements or agreements are merged herein. .... This Contract may only be amended by a written agreement signed by both Seller and Purchaser. No oral changes shall have any force or effect." (Deposition Exhibit 11, Attachment #5)**

Signed under the pains and penalties of perjury this ___13___ day of October 2005

By _____
William Gateman

Dated: __10/13/05_____

Objections by,
Attorney for the Defendant

_____
James S. Robbins, Esquire
BBO#481220
Alan Miller, Esquire
BBO#346240
6 Beacon Street, Suite 1100
Boston, MA 02108
Tel: 617-227-7541

### CERTIFICATE OF SERVICE

I, James S. Robbins, Esquire, hereby certify that on the ___14___ day of October, 2005, I served the above and foregoing **ANSWERS OF THE PLAINTIFF, WILLIAM GATEMAN, TO INTERROGATORIES PROPOUNDED BY THE PLAINTIFF, GEORTO, INC.** on the following individual and counsel of record by mailing a true and exact copy of same, postage prepaid, to:

**Dale Kerester**
**Lynch, Brewer, Hoffman & Fink LLP**
**101 Federal Street**
**22nd Floor**
**Boston, MA 02110**

**J. Mark Dickison, Esq.**
**LAWSON & WEITZEN, LLP**
**88 Black Falcon Avenue, Suite 345**
**Boston, MA 02110**

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY:

_____
JAMES S. ROBBINS
6 Beacon Street
Boston, MA 02108
Tel: (617) 227-7541
BBO#421880

13

# ATTACHMENTS TO FURTHER ANSWERS OF WILIAM GATEMAN TO INTERROGATORIES OF GEORTO

1. **Letter:** Dale Kerester to James Robbins (September 28, 2005)

2. **Contract:** Roberts Corporation and William Gateman, Deposition Exhibit #3 (March 12, 2002)

3. **Contract:** Roberts Corporation and William Gateman, Deposition Exhibit #6B (March 12, 2002)

4. **Plaintiffs Answers To William Gateman's First Set of Interrogatories:** Answer #5

5. **Contract:** purchase and Sales Agreement between William Gateman & Georto Inc. (June 18, 2003)