UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC., <br>     Plaintiff, <br><br> v. <br><br> WILLIAM GATEMAN, INDIVIDUALLY <br> and as TRUSTEE OF 200 UNION <br> STREET REALTY TRUST, <br>     Defendant and <br>     Third Party Plaintiff, <br><br> v. <br><br> ROBERTS CORPORATION, <br>     Third Party <br>     Defendant. | CIVIL ACTION NO. 04-11730 NG |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE BRIEF IN REPLY TO DEFENDANTS' OPPOSITION AND RESPONSE TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES**

Plaintiff Georto, Inc. ("Georto"), pursuant to Local Rule 7.1(B)(3), seeks leave to file a short reply brief in response to Defendants' Opposition and Response to Plaintiff's Motion to Compel Defendant William Gateman to Answer Interrogatories. Plaintiff's proposed Reply Brief is attached hereto as Exhibit "A." In support of its request, Georto states as follows:

    1.    Georto filed its Motion to Compel Answers to Interrogatories on September 30, 2005. As is set forth in that motion and the supporting memorandum, and notwithstanding multiple conferences of counsel preceding the filing of the motion, Defendant William Gateman ("Gateman") failed and refused to provide any answer to Interrogatories 5, 6, 8, 10, 12, 13, 17, and 19 and provided evasive and effectively

non-responsive one sentence answers to Interrogatories 7, 9, 11, 14, 15, 16, 18, 20, and 21.

2. Pursuant to his Opposition and Response served on October 14, 2005, Gateman generally did not oppose Georto's Motion to Compel Answers to Interrogatories but instead served further answers to Georto's Interrogatories – without any explanation as to why such answers were not served in the first instance or at least prior to Gateman's deposition on August 30. With limited exception and notwithstanding the express requirements of Local Rule 26.5, Gateman again set forth conclusory responses and generally failed to identify specific documents, facts, communications, acts or omissions supporting his contentions in this case (which such contentions were the subject of the "state the basis" interrogatories). Gateman also ignored altogether certain core contentions which were the subject of the interrogatories.

3. Pursuant to its proposed reply brief, Georto requests that the Court compel Gateman to answer questions regarding his further answers to interrogatories at his continued deposition. Georto commenced Gateman's deposition on August 30, 2005 and then suspended due to Gateman's failure to answer interrogatories (which interrogatories were served on June 22 so that Georto could question Gateman about his answers at the deposition on August 30) and due to his failure to produce certain documents (which documents were identified at the deposition and were responsive to Georto's request for production of documents served on June 22). Gateman's counsel has agreed to produce the additional responsive documents (but has not yet

done so) and to make Gateman available for continued deposition regarding those additional documents but not regarding the further answers to interrogatories.

4.      Georto's counsel, in accordance with the provisions of Local Rule 7.1 and 37.1, conferred in person and by telephone with Gateman's counsel, including conferences on October 17 (preceding the status conference), October 26 (lasting in excess of twenty minutes), and again on November 1 (lasting approximately five minutes), in connection with the issues addressed in this motion. Pursuant to those conferences, Georto's counsel proposed that, in lieu of Georto filing the present motion, Gateman agree to answer questions regarding his further answers to interrogatories at his continued deposition so that Georto would not be deprived of the opportunity to question Gateman regarding his answers to interrogatories. Georto's counsel further agreed to limit such questions to no more than ninety minutes. Gateman's counsel rejected the proposal. Gateman's counsel further stated that he intends to file an opposition to the present motion.

WHEREFORE, Plaintiff Georto, Inc. requests that this Honorable Court issue an order: 1) accepting Georto's Reply Brief for filing; 2) compelling Gateman to answer questions regarding his further answers to interrogatories at his continued deposition; and 3) entering such further relief as is just and appropriate.

**PLAINTIFF GEORTO, INC.**
By its attorney,

/s/ Dale Kerester
Dale C. Kerester, BBO#548385
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800

<u>Certificate of Compliance with Local Rule 7.1 and 37.1</u>

  I, Dale C. Kerester, attorney for Plaintiff Georto, Inc. in the above-referenced matter, hereby certify that the provisions of Local Rule 7.1 and 37.1 have been complied with and that I have conferred with Defendant's attorney and have attempted in good faith to resolve or narrow the issues presented in this motion.   I have stated with particularity the information required by Local Rule 37.1 in paragraph 4 above.


                /s/_Dale Kerester_____
                Dale C. Kerester

Dated:  November 4, 2005


199897_2