UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORTO, INC., ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| WILLIAM GATEMAN, INDIVIDUALLY ) | CIVIL ACTION NO. 04-11730 NG | |
| and as TRUSTEE OF 200 UNION ) | | |
| STREET REALTY TRUST, ) | | |
|     Defendant and ) | | |
|     Third Party Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| ROBERTS CORPORATION, ) | | |
|     Third Party ) | | |
|     Defendant. ) | | |

**PLAINTIFF'S REPLY TO DEFENDANT WILLIAM GATEMAN'S
OPPOSITION AND RESPONSE TO
<u>PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES</u>**

Plaintiff Georto, Inc. ("Georto") submits this memorandum in reply to the Opposition and Response of Defendant William Gateman ("Gateman") to Georto's Motion to Compel Answers to Interrogatories.

Georto structured its discovery so as to first serve interrogatories directed to the basis for Gateman's core contentions in this lawsuit and then to notice Gateman's deposition so that Georto could question him about the stated basis for those contentions.  More specifically, Georto served its interrogatories on June 22 and noticed Gateman's deposition for August 30.

Rather than properly answering the interrogatories, Gateman failed and refused to provide any answer to many of the interrogatories and provided evasive and effectively non-responsive one sentence answers to most of the remaining interrogatories.  Notwithstanding multiple conferences regarding the insufficiency of

those answers, Gateman continued to refuse to provide proper responses and thereby forced Georto to file its motion to compel answers to interrogatories (filed on September 30).

Pursuant to his Opposition and Response served on October 14, 2005, Gateman generally did not oppose Georto's Motion to Compel Answers to Interrogatories but instead served further answers to Georto's Interrogatories – without any explanation as to why such answers were not served in the first instance or at least prior to Gateman's deposition on August 30.  Moreover, with limited exception (such as the further answer to Interrogatory 5) and notwithstanding the express requirements of Local Rule 26.5, Gateman continued to set forth conclusory responses and failed to identify specific facts, communications, documents, acts or omissions which formed the basis or source of information for his contentions in this case (which such contentions were the subject of the "state the basis" interrogatories). Gateman also ignores certain core contentions altogether. For example, Gateman does not address in his answers the basis for his denial that he breached his express warranty that there were no non-acceptable environmental conditions on the property and the basis for his denial that he violated the Solid Waste regulations of the Massachusetts Department of Environmental Protection.   Gateman instead simply reiterates his denials.  See Further Answer 12.

Having failed to provide substantive answers in his initial answers to interrogatories and having again failed to provide the information required by Local Rule 26.5 in his further answers, Gateman now seeks to avoid being questioned at deposition about those further answers.   Georto commenced Gateman's deposition

on August 30, 2005 and then suspended due to Gateman's failure to answer interrogatories and due to his failure to produce certain documents (which documents were identified at the deposition and were responsive to Georto's request for production of documents served on June 22).[1]  While Gateman's counsel agreed to produce the additional responsive documents (but has not yet done so nor provided a date by which such documents will be produced) and to make Gateman available for continued deposition regarding those additional documents, he has refused to agree to continued deposition of Gateman regarding his further answers to interrogatories.

In order to avoid the need to suspend the deposition a second time, Georto hereby requests that the Court compel Gateman to answer questions regarding his further answers to interrogatories at the continued deposition.

**PLAINTIFF GEORTO, INC.**
By its attorney,

/s/ Dale Kerester
Dale C. Kerester, BBO#548385
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800

Dated:  November 4, 2005

---

[1] Georto's counsel suspended by stating as follows at Mr. Gateman's deposition:  "I am going to suspend the deposition pending the right to resume on the production of additional response of (sic) documents and on receipt of any answers to interrogatories, supplemental answers to interrogatories.  Thank you, Mr. Gateman."