UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>WILLIAM GATEMAN, INDIVIDUALLY<br>and as TRUSTEE OF 200 UNION<br>STREET REALTY TRUST,<br>　　　　Defendant and<br>　　　　Third Party Plaintiff,<br><br>v.<br><br>ROBERTS CORPORATION,<br>　　　　Third Party<br>　　　　Defendant. | CIVIL ACTION NO. 04-11730 NG |

**RESPONSES OF DEFENDANT, WILLIAM GATEMAN,
TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Plaintiff, Georto, Inc. ("Georto"), requests that the Defendant, William Gateman ("Gateman"), Individually and as Trustee of 200 Union Street Realty Trust, permit Georto to inspect and copy the documents described below at the offices of Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, 22nd Floor, Boston, Massachusetts, within thirty (30) days of this Request for Production of Documents.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to these Requests to Produce:

1.　In accordance with Local Rule 26.5(A), the full text of the definitions set forth in paragraph (C) of Local Rule 26.5 are deemed incorporated by reference into these Requests to Produce.

2.　The word "document" is used in its broadest sense and means any medium (including both electronic and non-electronic) in which information is stored, including all non-identical originals, copies and drafts. Any original, copy or draft containing notations of any kind is a separate document for purposes of this definition.

3.  These Requests for Produce call for the production of responsive documents and things in both electronic and non-electronic form.

4.  Whenever a request is framed in the conjunctive, it also shall be taken in the disjunctive and vice versa; e.g., whenever the term "and" or "or" is used, interpret it conjunctively and disjunctively.

5.  Whenever a request is framed in the singular, it shall be taken in the plural and vice versa.

6.  The use of any tense of a verb also shall be considered to include within its meaning all other tenses of the verb so used.

7.  The term "Georto" shall mean Plaintiff Georto, Inc.

8.  The term "Gateman" shall mean Defendant and Third-Party Plaintiff William Gateman, individually and/or as Trustee of 200 Union Street Realty Trust.

9.  The term "Roberts" shall mean Third-Party Defendant Roberts Corporation.

10. The terms "plaintiff," "defendant," and "third-party defendant" as well as a party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, trustees, beneficiaries, and attorneys.

11. If the respondent claims that any document requested hereby is privileged, the respondent should state for each such document:

    (a)  The nature of the privilege claimed;

    (b)  The nature of the document (e.g., letter, memorandum to file, contract);

    (c)  The person or persons who prepared the document;

    (d)  The person or persons who signed the document;

    (e)  The person or persons to whom the document was addressed, directed or circulated;

 (f) The person or persons who now have possession or custody of the document;

 (g) The date of the document, if dated or the date it was prepared;

 (h) The title or caption of the document, if any;

 (i) The number of pages in the document; and

 (j) The matters addressed in the document.

12. If the respondent claims that any document requested hereby is missing, or has been destroyed, he shall furnish the same information with respect to the document as that requested for a document claimed to be privileged, and in addition, shall state:

 (a) The contents of the document as best they can be recalled;

 (b) The person or persons who last had possession, custody or control of the document; and

 (c) The date, place and circumstances of the destruction or loss of the document.

13. The term "Complaint" shall mean the Complaint filed by Georto against Gateman in this matter.

14. The term "Answer and Third Party Complaint" refers to the Answer and Third Party Complaint filed by Gateman in the above-captioned matter.

15. The term "Amended Answer and Third-Party Counterclaims" refers to the Amended Answer to Third Party Complaint, Counterclaim Against Third-Party Plaintiff, and Jury Demand filed by Roberts Corporation, Inc. in the above-captioned matter.

16. The term "Answer to Counterclaim" refers to the Answer to Counterclaim Against Third Party Plaintiff and Jury Demand, filed by Gateman in the above-captioned matter.

17. The term "Property" shall mean the property which is the subject of this action and which is located in Lynn, Essex County, Massachusetts and consisting of approximately 19,500 square feet located between Ellis Street and Union Street and being that property fronting approximately 83 feet on Union Street and approximately 80 feet on Ellis Street.

18.     The term "Contract" refers to the Contract for the Sale of Real Estate entered into by Gateman and Georto, dated June 18, 2003. A copy of the Contract is attached as Exhibit A to the Complaint.

## REQUESTS

1.     Any and all documents evidencing or constituting declaration(s) of trust and/or schedule(s) of beneficial interests, including amendments thereto, with respect to the 200 Union Street Realty Trust.

**RESPONSE: Gateman will supply such relevant documents as he has.**

2.     Any and all documents concerning ownership of beneficial interests in the 200 Union Street Realty Trust and/or the issuance of distributions by such trust, specifically including but not limited to distribution of the proceeds from the sale of the Property by Gateman to Georto.

**RESPONSE: Gateman will supply such relevant documents as he has.**

3.     Any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy a judgment.

**RESPONSE: There are no such insurance agreements.**

4.     Any and all documents concerning the sale of the Property by Gateman to Georto.

**RESPONSE: All such documents have been supplied pursuant to Rule 26**

5.     Any and all documents concerning the Contract, specifically including the negotiation thereof, drafts thereof, and any amendments or modification thereto.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

6. Any and all documents concerning any warranty or representation regarding the Property made by Gateman to Georto.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

7. Any and all documents concerning any statement regarding the Property made by Gateman to Goldman Environmental Consultants, Inc.

**RESPONSE: There are none.**

8. Any and all documents concerning any warranty or representation regarding the Property made by Gateman to Family Dollar Stores of Massachusetts, Inc.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

9. Any and all documents concerning the sale of real property by Gateman to Family Dollar Stores of Massachusetts, Inc..

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

10. Any and all documents concerning the environmental condition of the Property.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. These consist of the Goldman Report and the report of SEC Contracting.**

11. Any and all documents that refer, reflect or otherwise relate to the destruction of any structure on the Property at any time.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. These consist of the Robert's contract and bills.**

12. Any and all documents concerning demolition debris or solid waste located on the Property at any time.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. These consist of the Goldman Report and the report of SEC Contracting.**

13. Any and all documents concerning the removal of demolition debris and/or solid waste from the Property.

   **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

14. Any and all documents concerning the removal and/or disposal of demolition debris and/or solid waste from the property sold by Gateman to Family Dollar Stores of Massachusetts, Inc..

   **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

15. Any and all documents concerning the transportation of fill dirt to the Property.

   **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. These consist of documents from Loveland Trucking.**

16. Any and all documents concerning filling and/or grading activity at the Property.

   **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

17. Any and all documents concerning payments made by or on behalf of Gateman for removal of demolition debris and/or solid waste from the Property and/or for filling or grading activity at the Property.

   **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

18. Any and all environmental reports or surveys concerning the Property.

   **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. These consist of the Goldman Report and the report of SEC Contracting.**

19. Any and all appraisal reports concerning the Property.

   **RESPONSE: Gateman has located no qualifying documents.**

20. Any and all photographs of any portion of the Property.

   **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

21. Any and all electronic mail or electronic documents concerning Georto, Roberts, Family Dollar, the Property, the Contract, and/or the events, transactions, or occurrences which are the subject matter of the Complaint, the Answer and Third Party Complaint, the Amended Answer and Third-Party Counterclaims, and/or the Answer to Counterclaim.

> **RESPONSE: Gateman has located no qualifying documents.**

22. Telephone bills or other records reflecting the dates and times of communications between Gateman and any of Georto, Roberts, Goldman Environmental Consultants, Inc., Envirotest Laboratories, and Clayton Collins.

> **RESPONSE: Gateman has located no qualifying documents.**

23. Gateman's calendars, diaries, organizers, and similar documents for the years 2001, 2002, 2003, and 2004, specifically including documents reflecting the dates on which Gateman was present at the Property at any time after demolition of the structures on the Property.

> **RESPONSE: Gateman has located no qualifying documents.**

24. Any and all documents concerning notifications or applications to, and/or approvals or permits issued by, any state or municipal entity, including but not limited to the Department of Environmental Protection or the City of Lynn, concerning the Property, demolition, the removal of demolition debris and/or solid waste, and/or replacement fill.

> **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. Gateman is conducting a further search and will supply any such documents as are located.**

25. Any and all documents concerning communications between Gateman and Georto.

> **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. Gateman is conducting a further search and will supply any such documents as are located.**

26. Any and all documents concerning communications between Gateman and Roberts.

> **RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

7

27. Any and all documents concerning communications between Gateman and Goldman Environmental Consultants, Inc.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

28. Any and all documents concerning communications between Gateman and Envirotest Laboratories.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

29. Any and all documents concerning communications between Gateman and Scott Wetherbee Contracting.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. Gateman is conducting a further search and will supply any such documents as are located.**

30. Any and all documents concerning communications between Gateman and Clayton Collins.

**RESPONSE: Gateman has located no qualifying documents.**

31. Any and all documents concerning communications between Gateman and Family Dollar Stores of Massachusetts, Inc. concerning the Property or the sale of any property in Lynn from Gateman to Family Dollar.

**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

32. Any and all documents concerning communications between Gateman and Jackson D. Gateman concerning Georto, Roberts, Family Dollar, the Property, the Contract, and/or the events, transactions, or occurrences which are the subject matter of the Complaint, the Answer and Third Party Complaint, the Amended Answer and Third-Party Counterclaims, and/or the Answer to Counterclaim.

**RESPONSE: Gateman has located no qualifying documents.**

33.     Any and all documents concerning communications between Gateman and Scott Hungate concerning Georto, Roberts, Family Dollar, the Property, the Contract, and/or the events, transactions, or occurrences which are the subject matter of the Complaint, the Answer and Third Party Complaint, the Amended Answer and Third-Party Counterclaims, and/or the Answer to Counterclaim.

**RESPONSE:  Gateman has located no qualifying documents.**

34.     Any and all documents concerning communications between Gateman and any state or municipal entity, including but not limited to the Department of Environmental Protection and the City of Lynn, concerning Georto, Roberts, Family Dollar, the Property, the Contract, and/or the events, transactions, or occurrences which are the subject matter of the Complaint, the Answer and Third Party Complaint, the Amended Answer and Third-Party Counterclaims, and/or the Answer to Counterclaim.

**RESPONSE:  All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

35.     Any and all documents concerning communications between Gateman and any other person, including but not limited to any engineer, architect, contractor, consultant, geologist, licensed site professional, or manager concerning Georto, Roberts, Family Dollar, the Property, the Contract, and/or the events, transactions, or occurrences which are the subject matter of the Complaint, the Answer and Third Party Complaint, the Amended Answer and Third-Party Counterclaims, and/or the Answer to Counterclaim.

**RESPONSE:  Gateman has located no qualifying documents.**

36.     Any and all documents concerning any agreement between Gateman and any of Georto, Roberts, Clayton Collins, Family Dollar Stores of Massachusetts, Inc., Goldman Environmental Consultants, Inc., or any municipal entity (including but not limited to the Department of Environmental Protection and the City of Lynn) concerning Georto, Roberts, Family Dollar, the Property, the Contract, and/or the events, transactions, or occurrences which are the subject matter of

the Complaint, the Answer and Third Party Complaint, the Amended Answer and Third-Party Counterclaims, and/or the Answer to Counterclaim.

>**RESPONSE: Gateman has located no qualifying documents.**

37. Any and all documents concerning any agreement between Gateman and any person (including but not limited to any engineer, architect, contractor, consultant, geologist, licensed site professional, manager, or any municipal entity) concerning the Property or any adjoining property.

>**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. Gateman is conducting a further search and will supply any such documents as are located.**

38. Any and all documents that Gateman provided to Georto at any time.

>**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

39. Any and all documents concerning the services which Roberts performed concerning the Property.

>**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

40. Any and all documents created, maintained, or received by Gateman concerning Georto, Roberts, Family Dollar, the Property, the Contract, and/or the events, transactions, or occurrences which are the subject matter of the Complaint, the Answer and Third Party Complaint, the Amended Answer and Third-Party Counterclaims, and/or the Answer to Counterclaim, including but not limited to files, notes, analysis, memoranda, reports, correspondence, communications, and electronic files and communications created or maintained by Gateman.

>**RESPONSE: All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

41. Any and all documents sufficient to describe job duties and titles of those individuals who performed any services on Gateman's behalf concerning the Property.

>**RESPONSE: Gateman has located no qualifying documents.**

42.     Any and all documents and things that Gateman may use to support his defenses and/or claims in this action. Gateman will, timely before trial, supply Georto with copies of any documents and things, not previously supplied, when such items are determined and identified.

> **RESPONSE:  All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith. Gateman will, timely before trial, supply Georto with copies of any documents and things, not previously supplied, when such items are determined and identified.**

43.     Any and all documents and things concerning the basis for Gateman's denials of Georto's allegations set forth in the Complaint.

> **RESPONSE:  All such documents which have been located have already been supplied pursuant to Rule 26 Disclosure requirements or are enclosed herewith.**

44.     Any and all documents and things that Gateman may introduce as exhibits at trial.

> **RESPONSE:  Gateman will, timely before trial, supply Georto with copies of any documents and things, not previously supplied, when such items are determined and identified.**

45.     Any and all documents and things that Gateman has provided or will provide to any witness retained or specially employed to provide expert testimony.

> **RESPONSE:  Gateman will, timely before trial, supply Georto with copies of any documents and things, not previously supplied, when such items are determined and identified.**

46.     If Gateman or his counsel intend to introduce the testimony of an expert at the trial of this matter, any and all documents relied upon by said expert, including, but not limited to, all communications between Gateman and/or his counsel and said expert.

> **RESPONSE:  Gateman OBJECTS to parts of this Request as being beyond his obligations under Rule 26, to wit: "...including, but not limited to, all communications between Gateman and/or his counsel and said expert." As to any documents relied upon by said expert, Gateman will, timely before trial, supply Georto with copies of such documents, not previously supplied, when such items are determined and identified.**

Signed under the pains and penalties of perjury this 23rd day of August 2005

By /s/ William Gateman
William Gateman

Dated: 8/23/05

Objections by,
Attorney for the Defendant

/s/ James S. Robbins
James S. Robbins, Esquire
BBO#481220
Alan Miller, Esquire
BBO#346240
6 Beacon Street, Suite 1100
Boston, MA 02108
Tel: 617-227-7541