UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>WILLIAM GATEMAN, INDIVIDUALLY<br>and as TRUSTEE OF 200 UNION<br>STREET REALTY TRUST,<br>　　　　Defendant and<br>　　　　Third Party Plaintiff,<br><br>v.<br><br>ROBERTS CORPORATION,<br>　　　　Third Party<br>　　　　Defendant. | CIVIL ACTION NO. 04-11730 NG |

### AFFIDAVIT OF DALE KERESTER, ESQ. DATED JANUARY 24, 2006

I, Dale Kerester, do depose and say as follows:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts and am counsel for Plaintiff Georto, Inc. ("Georto") in this matter.

2. I have personal knowledge of the matters set forth herein.

3. I caused Georto's First Request for Production of Documents (the "Document Requests") to be served upon all counsel on or about June 24, 2005. A true and accurate copy of the response of Defendant William Gateman Individually and as Trustee of the 200 Union Street Realty Trust ("Gateman") to the Document Requests is attached to Georto's Motion to Compel Production of Documents at Exhibit "A."

4. I have reviewed the documents produced by Gateman in this litigation, including Gateman's initial disclosure documents as well as documents produced in

response to the Document Requests.  Without limitation, and except as noted, Gateman has not produced the following documents:

a. **schedule(s) of beneficial interests**, including any amendments, with respect to the 200 Union Street Realty Trust (a nominee trust that sold the subject property to Georto and whose declaration of trust provides that the trustee shall act at the direction of the beneficiaries) [responsive to Document Requests nos. 1, 2];
b. **documents regarding any fill** delivered to and used at the subject property, specifically including documents identifying the source and type of any fill used [responsive to Georto's requests numbered 15, 16, among others];
c. **invoices and cancelled checks** concerning services rendered in connection with  the demolition of the building at the subject property (specifically including demolition, any removal of demolition debris / solid waste from the property, and filling and grading activities)  [responsive to Document Requests nos. 11, 13 - 17, 26, 29, 35, 37, 39, among others];
d. **telephone bills** reflecting the dates and times of communications between Gateman and any of Georto, Roberts, Goldman Environmental Consultants, Inc., Envirotest laboratories, and Clayton Collins [responsive to request numbered 21]
e. **documents concerning distributions** from the 200 Union Street Realty Trust after August, 2001 (the date of the fire), including but not limited to bank account and brokerage statements, checks, accounting records, and disbursement/distribution correspondence, and specifically including documents concerning distributions made after the filing of the Complaint in this action [responsive to Document Requests no. 2, among others];
f. **Gateman's emails** [responsive to Georto's requests numbered 21, 40, among others].

As to item c above, while Gateman produced invoices from SCS Environmental Services, Inc. for asbestos abatement work and four slips from Roberts Demolition regarding extras for certain equipment, he did not produce any invoices from Roberts Demolition for the services rendered by Roberts Demolition, any invoices from Wetherbee Contracting / Scott Wetherbee for site grading and related services, or any invoices from Turner Demolition, Testa, and Regional Industrial Services Corporation for demolition and related services at the site.  Gateman also did not produce documents evidencing payments for such services, such as cancelled checks or

2

account statements reflecting cash payments.  (Discovery has demonstrated that Gateman made significant cash payments to certain of his contractors, including Roberts Demolition and Scott Wetherbee.)

5. Gateman also has not produced a privilege log in connection with his production.

6. I conferred with Gateman's counsel, James Robbins, regarding the subject matter of Georto's motion to compel production of documents on multiple occasions.  Mr. Robbins has stated to me on numerous occasions that he would produce responsive documents which he knew or believed to exist, including documents regarding the identification of the owners of the beneficial interests in the 200 Union Street Realty Trust as well as documents regarding the source and type of fill used at the property, and that he would produce additional responsive documents that might be located after additional search.  For example, Mr. Robbins stated to me during a recess in the deposition of William Gateman on August 30, 2005 that he recalled seeing documents provided to him by his client regarding the source and type of fill that Gateman caused to be delivered to the property and that he would produce such documents.  Mr. Robbins also has repeatedly acknowledged that Gateman is required to produce the schedule(s) of beneficial interests in 200 Union Street Realty Trust but has stated that he has not yet received such documents from his client.  Mr. Robbins most recently made such statement to me during a telephone conference on January 13, 2006.  Similarly, and as is reflected at page 42 of the transcript of the deposition of William Gateman taken on August 30, 2005 regarding the production of invoices and checks, Mr. Robbins stated during Mr. Gateman's deposition (and at

various times thereafter) that he would review the production and produce any additional responsive documents.

7. A true and accurate copy of pertinent portions of the deposition transcript of William Gateman is attached hereto as Exhibit 1.

8. Attached hereto as Exhibit 2 is a true and accurate copy of deposition exhibit no. 1, the declaration of trust for the 200 Union Street Realty Trust.

9. During the status conference with the Court on October 17, 2005, Mr. Robbins reiterated Gateman's agreement to produce the additional documents. I advised the Court during that status conference that I intended to amend the complaint to add claims against the owner of the beneficial interests in the 200 Union Street Realty Trust upon receipt of the documents identifying such owner. In response to a question from the Court, Mr. Robbins did not identify any objection to such contemplated amendment.

10. Notwithstanding my repeated requests (made during the time period from August 30, 2005 through January 20, 2006) to Mr. Robbins that Gateman produce the additional documents so as to avoid the necessity of Georto filing a motion to compel, Gateman has failed to produce any such additional documents.

11. I have sought to take the deposition of Jackson Gateman, who I understand is the father of William Gateman and who I believe may be the owner of the beneficial interest in the 200 Union Street Realty Trust. I caused a deposition subpoena duces tecum to be served upon Jackson Gateman commanding him to appear for his deposition on September 26, 2005 and to produce the documents identified therein. Jackson Gateman did not appear for the deposition and did not

serve any objections or move for a protective order.  Mr. Robbins advised me that Jackson Gateman had told him he had certain health issues that prevented him from appearing for a deposition.  I advised the Court of the foregoing at the status conference on October 17, 2005 and then caused a second deposition duces tecum to be served on Jackson Gateman commanding him to appear for a deposition on November 30, 2005.  Again, Jackson Gateman did not appear for the deposition and did not serve any objection or move for a protective order.  (True and accurate copies of the returns of service are attached hereto as Exhibits 3 and 4.)  Accordingly, I have not been able to obtain any documents or testimony from Jackson Gateman.  Georto intends to seek enforcement of those subpoenas after Gateman's production of the additional responsive documents.  Based on William Gateman's deposition testimony, it is my understanding that Jackson Gateman has received substantial distributions from the 200 Union Street Realty Trust - either directly in his name or in other names but for his benefit.

      12.    I also issued a subpoena duces tecum to Scott Wetherbee, seeking the production of invoices and related documents with respect to the site grading services (including covering the demolition debris) he rendered at the site.  Mr. Wetherbee, who is on information and belief a family friend of the Gateman family, failed to produce any such documents, claiming at his deposition that he once had such documents (specifically including an invoice issued to Gateman) but that he was unable to find such documents and that the invoice he issued to Gateman was "lost."  See the excerpts from the deposition of Scott Wetherbee, attached hereto as Exhibit 5.

13.     Pursuant to a telephone call on January 13, 2005 (and as referenced in prior emails from me to Mr. Robbins), I asked James Robbins to agree that the $200,000 balance of the proceeds from the sales of the property which had not already been distributed out of the 200 Union Street Realty Trust be put into an escrow account pending resolution of this litigation. Mr. Robbins has not indicated that Gateman would be willing to enter into any such agreement.

Signed under the pains and penalties of perjury this 24th day of January, 2006:

/s/ Dale Kerester
Dale Kerester

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 24, 2006.

/s/ Dale Kerester
Dale Kerester
