# United States District Court
### FOR THE
### DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORTO, INC., <br>  Plaintiff, <br><br> v. <br><br> WILLIAM GATEMAN, INDIVIDUALLY and as TRUSTEE OF 200 UNION STREET REALTY TRUST <br><br>  Defendant, <br>  Third Party Plaintiff, and <br>  Third Party Defendant-in-Counterclaim <br><br> v. <br><br> ROBERTS CORPORATION <br><br>  Third Party Defendant, <br>  and Third Party Plaintiff-in-Counterclaim | CIVIL ACTION NO. 04-11730 NG |

**THRID PARTY DEFENDANT ROBERTS CORPORATION'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P 56(b) and Local Rule 56.1 of this Court, Third Party Defendant Roberts Corporation ("Roberts") moves for summary judgment in its favor as to all claims brought against it by Defendant-Third Party Plaintiff William Gateman, individually and as Trustee of the 200 Union Street Realty Trust ("Gateman").

This action arises out of a conveyance of real property from Gateman to the Plaintiff Georto, Inc. ("Georto"). In its Complaint, Georto alleges that, after purchase of

1

the real property located between Ellis Street and Union Street in Lynn, Massachusetts ("the Property"), and upon commencement of construction of a new commercial building, it discovered substantial demolition debris and solid waste that had been concealed below grade in contravention of Gateman's warranty and representations in a June 2003 purchase and sale agreement. Georto further alleges that in Spring 2004 it was required to excavate, remove, and dispose of 167 truckloads of debris and to replace with acceptable fill in order to construct its building on the Property.

After Georto filed suit, Gateman filed a three paragraph Third Party Complaint against Roberts generally alleging breach of contact and indemnity with regard to Roberts' demolition of a condemned building on the Property in March-May 2002. As demonstrated by the accompanying memorandum of law and supporting materials, Gateman's claims should be summarily dismissed. The undisputed facts show that Roberts fully and completely performed its contractual obligations by May 2002 and had no involvement in the alleged misrepresentations subsequently made by Gateman in June 2003. During approximately four weeks of continuous demolition work, Roberts removed over 1178 tons – 2,356,000 pounds – of debris, in over 50 truckloads. Gateman himself testified at his deposition that he was "satisfied" with Roberts' work, that Roberts had completed its services, and that their relationship was so "fantastic" that Gateman referred other work to Roberts. Indeed, Roberts' work was clearly satisfactory because Gateman, subsequent to Roberts' work but prior to Georto's purchase, sold another portion of the Property that was undisputedly free from any such debris. Moreover, the undisputed facts demonstrate that there was no contract for indemnification and that, because Gateman and his agents provided the fill to the Property and concealed the

2

debris, no claim for common law indemnification can lie against Roberts, especially where Roberts had no involvement with the concealment of the debris. Therefore, Roberts is entitled to summary judgment as a matter of law.

In support of its Motion for Summary Judgment, Roberts submits herewith the following documents, incorporated by reference into this motion:

1. Statement of Undisputed Material Fact in Support of Motion for Summary Judgment of Roberts Corporation, with attached exhibits; and

2. Memorandum of Law in Support of Motion for Summary Judgment of Roberts Corporation.

WHEREFORE, pursuant to Fed.R.Civ.P 56(b) and 56(c) Roberts Corporation requests that Summary Judgment enter in its favor dismissing with prejudice all claims against Roberts Corporation in this Third Party action.

> Respectfully submitted,
> Roberts Corporation,
> By its Attorney,
>
> _/s/ J. Mark Dickison_____
> J. Mark Dickison (BBO# 629170)
> LAWSON & WEITZEN, LLP
> 88 Black Falcon Ave., Ste. 345
> Boston, MA  02210
> 617-439-4990
> mdickison@lawson-weitzen.com

## **RULE 7.1CERTIFICATION**

      I, J. Mark Dickison, certify that I have conferred with counsel for the Defendant William Gateman regarding the issues of this motion in a good faith attempt to resolve them, but we were unable to resolve them. I also conferred with counsel for Plaintiff Georto, Inc., and he indicated that because the motion has no effect on Plaintiff's claims, he likely will have no objection to the relief sought.

                                                                   /s/ J. Mark Dickison_____
                                                                   J. Mark Dickison


## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 28, 2006.

                                                                    /s/ J. Mark Dickison_____
                                                                   J. Mark Dickison