UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC.,<br>　　　　Plaintiff,<br><br>v.<br><br>WILLIAM GATEMAN, INDIVIDUALLY<br>and as TRUSTEE OF 200 UNION<br>STREET REALTY TRUST,<br>　　　　Defendant and<br>　　　　Third Party Plaintiff,<br><br>v.<br><br>ROBERTS CORPORATION,<br>　　　　Third Party<br>　　　　Defendant. | CIVIL ACTION NO. 04-11730 NG |

## PLAINTIFF'S MOTION FOR APPROVAL OF TRUSTEE PROCESS
## (REQUEST FOR ORAL ARGUMENT)

Plaintiff Georto, Inc. ("Georto"), pursuant to Fed. R. Civ. P. 64, Chapter 246 of the Massachusetts General Laws, and Mass. R. Civ. P. 4.2, hereby moves this Court for approval of attachment on trustee process and issuance of trustee defendant summonses to Eastern Bank, Citizens Bank, and TD Banknorth, NA in the amount of $300,000 with respect to accounts in the name of Defendant William Gateman, Individually and/or as Trustee of 200 Union Street Realty Trust ("Gateman"). In support of its request, Georto submits its Memorandum in Support of Motion for Approval of Trustee Process and the Affidavit of Dale Kerester dated April 7, 2006 (attaching excerpts of the deposition transcripts of Steve McIntyre and Lauren McKinlay and copies of certain deposition exhibits).[1]

---

[1] In further support of its motion and in order to avoid duplicative filings, Georto also cites to and incorporates certain portions of the deposition transcripts previously filed by Third Party Defendant Roberts Corporation in connection with its motion for summary

This action arises out of Georto's purchase of certain land in Lynn, Massachusetts (the "Property") from Gateman for $300,000 on February 19, 2004 pursuant to a Contract for the Sale of Real Estate (the "Contract") dated June 18, 2003.  The Property was one parcel of a larger site that Gateman had owned at 200 Union Street in Lynn.  Georto has asserted claims against Gateman for breach of warranty, fraud, negligent misrepresentation, breach of the covenant of good faith and fair dealing, and violation of Chapter 93A of the Massachusetts General Laws arising from Gateman's conduct in intentionally dumping and concealing extensive amounts of solid waste / demolition debris on the Property.

There is a reasonable likelihood that Georto will recover judgment in an amount equal to or greater than the amount of trustee process over and above any liability insurance known or reasonably believed to be available to Gateman as a means of satisfying the anticipated judgment in this matter.  As is set forth in more detail in Georto's supporting memorandum, the evidence demonstrates that:

- After a fire in August, 2001 damaged the three buildings on the site, Gateman deliberately dumped and buried on that part of the site later sold to Georto extensive amounts of solid waste / demolition debris (including but not limited to wood timbers, wood, charred wood, ash, brick, concrete, metal, radiators, junk, and other solid waste materials) in violation of applicable Solid Waste regulations and statutory provisions as well as

---

judgment as to the third party claims, specifically including the deposition transcripts of William Gateman (attached as Exhibit 5 to Roberts Corporation's Concise Statement of Material Facts), Kevin Doherty (Exhibit 6), Robert Stalker (Exhibit 7), Scott Wetherbee (Exhibit 8), and James Hawkins (Exhibit 9).

2

directives of the City of Lynn and the Massachusetts Department of Environmental Protection.

- Gateman intentionally buried and concealed that solid waste / debris by covering it with certain fill materials.

- Notwithstanding the foregoing and that he knew that Georto intended to construct a building on the Property, Gateman warranted in the Contract that there were no non-acceptable environmental conditions on the Property and represented in writing to Georto (pursuant to a Phase 1 Environmental Site Assessment which Gateman caused to be provided to Georto as part of Georto's due diligence) that <u>all</u> of the demolition debris had been removed and replaced with fill dirt.

- Georto, in reliance on Gateman's warranties and representations, purchased the Property on February 19, 2004 by paying the balance of the $300,000 purchase price to Gateman (as Trustee of 200 Union Street Realty Trust).

- On discovery of the hidden solid waste / demolition debris dump in April, 2004 when its contractor commenced excavation for a foundation, Georto, after consultation by Georto and its contractor with the City of Lynn Building Inspector and experts including a geotechnical engineer, then had to remove the solid waste / debris material and replace it with fill before constructing its building on the Property. Georto paid $249,000 for the removal of the solid waste / debris material and replacement with fill.

- Lauren McKinlay, who was the individual at Goldman Environmental who prepared the Assessment provided by Gateman to Georto and expressly set forth in that report Gateman's representations that all of the demolition debris – identified in the Assessment as solid waste - had been or would be removed from the site, confirmed that the burial of material not natural to the property constituted an environmental condition, that "[t]he improper disposal of solid waste would constitute a recognized environmental condition regardless of if that solid waste contained oil or hazardous materials," and that, if she had understood that Gateman did not intend to remove the demolition debris, she would have recommended that the demolition debris be removed and disposed of because it would have been considered a recognized environmental condition.
- Kevin Doherty, who supervised the work on behalf of the Roberts Demolition, acknowledged that debris consisting of wood, metal, and trash should not be left on site and should instead be removed.
- Robert Stalker, who is the sole officer, director, and shareholder of Roberts Corporation, acknowledged that Massachusetts solid waste regulations prohibit brick and concrete greater than six inches in size from being used as fill and that brick and concrete would have to be crushed before it could be approved to be used on site and further testified that Gateman did not ever obtain approval from the City of Lynn to leave brick and concrete at the site. He also observed the excavation of the buried debris, including doors, wood, steel, and other debris, after its discovery by Georto's contractor and

acknowledged that the applicable solid waste regulations required that the material be removed.

Georto reasonably believes that Gateman has goods, effects and credits on deposit with Eastern Bank, Citizens Bank, and/or TD Banknorth, NA.  If the trustee process does not issue, there is a clear danger that Gateman will withdraw, remove or dissipate the funds believed to be on deposit in order to deprive Georto of security for payment of a judgment in this matter.   Of the $1,035,000 in sale and settlement proceeds with respect to the site, Gateman endorsed one of the sale checks (in the amount of either $375,000 or $300,000) to his father (Jackson Gateman), distributed $200,000 to a brokerage firm for the acquisition of stock <u>in the name of a friend of Jackson Gateman but for the benefit of Jackson Gateman</u>, issued certain checks "to other businesses that were purchased" (in which William Gateman "may have an interest") and put the remaining balance of $200,000 in a bank account.  In response to a question of whether the $200,000 in proceeds are currently held in the Trust's name, Gateman testified that "I don't know what the title of the bank account is."  In response to a question as to whether the bank account was held in his name individually, Gateman testified "I know my name is on it someplace."  Gateman also testified that the Trust does not currently have any assets.

WHEREFORE, the Plaintiff, Georto, Inc. respectfully requests approval of attachment on trustee process and issuance of trustee summonses to Eastern Bank, Citizens Bank, and TD Banknorth, NA in the amount of $300,000 with respect to any accounts in the name of William Gateman, individually or as trustee of the 200 Union Street Realty Trust.

5

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Georto requests a hearing upon this motion.

**PLAINTIFF GEORTO, INC.**
By its attorney,

/s Dale Kerester
Dale C. Kerester, BBO#548385
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800


Certificate of Compliance with Local Rule 7.1

     I, Dale C. Kerester, attorney for Plaintiff Georto, Inc. in the above-referenced matter, hereby certify that the provisions of Local Rule 7.1 have been complied with and that I conferred with Defendant's attorney James Robbins on January 13, 2006 (during a telephone call lasting approximately ten minutes) and attempted in good faith to resolve or narrow the issues presented in this motion.  More specifically, I asked Defendant's attorney to agree to put the $200,000 balance of sale proceeds into an escrow account pending resolution of this litigation.  Mr. Robbins did not indicate that Gateman would be willing to enter any such agreement.  I also conferred with Gateman's new attorney, Mark McGrath, on the following dates:  March 13, 2006 (during a meeting at the courthouse after the hearing on Mr. Robbins' motion to withdraw as counsel); and March 29, 2006 (lengthy telephone conference).  Pursuant to the meeting and the telephone call, I requested that Gateman agree to put funds into an escrow account so as to avoid the need for the filing of the present motion.  Gateman, by his counsel, has not agreed to the request.

/s/ Dale Kerester
Dale C. Kerester

Dated:  April 7, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and accurate copy of the foregoing motion to be served upon the counsel listed below by electronic filing, this 7th day of April, 2006:

Mark P. McGrath, Esq., BBO #642913  (by first class mail)
9 West Broadway  #214
Boston, MA  02127
(617) 271-9009
mpgrath@aol.com

J. Mark Dickison, Esq., BBO# 629170
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA  02110


/s/ Dale C. Kerester
_____
Dale C. Kerester