FILED
IN CLERKS OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2006 APR 21  ⊐ 3: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO. 04-11730-NG

| | |
|---|---|
| GEORTO, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM GATEMAN, INDIVIDUALLY | ) |
| and as TRUSTEE OF 200 UNION | ) |
| STREET REALTY TRUST | ) |
| | ) |
| Defendant, | ) |
| Third Party Plaintiff, and | ) |
| Third Party Defendant-in- | ) |
| Counterclaim | ) |
| | ) |
| ROBERTS CORPORATION | ) |
| | ) |
| Third Party Defendant, | ) |
| and Third Party Plaintiff-in- | ) |
| Counterclaim | ) |

**DEFENDANT WILLIAM GATEMAN'S OPPOSTION TO THIRD PARTY**
**DEFENDANT ROBERTS CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

Defendant, William Gateman ("Gateman"), pursuant to Fed. R. Civ. P. 56 and Local Rule

56.1 of this Court, opposes Third Party Defendant Roberts Corporation ("Roberts") motion for

summary judgment, as there are genuine issues of material fact.

This action arises out of a conveyance of real property from Gateman to the Plaintiff

Georto, Inc. ("Georto"). Georto filed a Complaint with this Court, on August 5, 2005, alleging,

inter alia, that the real property located between Ellis Street and Union Street in Lynn,

Massachusetts ("the Property"), and upon commencement of construction of a new commercial building, it discovered demolition debris and solid waste that had been concealed below grade in contravention of Gateman's express warranty and representations contained in a June, 2003 purchase and sale agreement. Georto further alleged that in Spring 2004 it was required to excavate, remove, and dispose of 167 truckloads of the demolition debris and waste and to replace it with acceptable fill in order to construct the building on the Property.

Gateman filed his Answer and Third Party Complaint on August 31, 2005, alleging breach of contract and that Roberts was obliged to remove demolition debris from the Property, and that Roberts is liable to Gateman in the event that Gateman is held liable to Georto, and is further obligated to defend and indemnify Gateman against Georto's claims.

Roberts filed its Answer to Third Party Complaint, Counterclaim Against Third Party Plaintiff, and Jury Demand on December 20, 2004 and filed its Amended Answer to Third Party Complaint, Counterclaim Against Third Party Plaintiff, and Jury Demand on December 28, 2004.

The facts are in dispute as to whether or not Roberts fully and completely performed its contractual obligations in 2002. The facts are also in dispute as to whether or not Roberts indemnified Gateman.

In support of his Opposition to Roberts' Motion for Summary Judgment, Gateman submits herewith the following documents, incorporated by reference into this Opposition:

1. Concise Statement of Material Facts in Support of Opposition to Motion for Summary Judgment, with attached exhibits; and

2. Memorandum of Law in Support of Opposition to Motion for Summary Judgment.

WHEREFORE, pursuant to Fed.R.Civ.P 56 Gateman requests that Summary Judgment be denied for Roberts in this Third Party action.

> Respectfully submitted,
> William Gateman,
> Individually and as Trustee
> By his Attorney,
>
> _____
> Mark P. McGrath, BBO #642913
> 9 West Broadway #214
> Boston, MA 02127
> (617) 271-9009
> mpgrath@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was this day served upon all counsel of record by mailing a true and exact copy of same, postage paid, as the undersigned has not yet been assigned as a registered participant in the ECF system.

SIGNED under the pains and penalties of perjury.

Dated: April 21, 2006

_____
Mark P. McGrath