UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORTO, INC., <br>     Plaintiff, <br><br> v. <br><br> WILLIAM GATEMAN, INDIVIDUALLY <br> and as TRUSTEE OF 200 UNION <br> STREET REALTY TRUST <br><br>     Defendant, <br>     Third Party Plaintiff, and <br>     Third Party Defendant-in- <br>     Counterclaim <br><br> ROBERTS CORPORATION <br><br>     Third Party Defendant, <br>     and Third Party Plaintiff-in- <br>     Counterclaim | CIVIL ACTION NO. 04-11730 NG |

## CONCISE STATEMENT OF FACTS

Third Party Plaintiff, William Gateman, ("Gateman"), submits the following statement of material facts in support of its Opposition to Motion for Summary Judgment.

Attached hereto or incorporated by reference herein are the following pleadings, deposition transcripts, deposition exhibits, materials produced during discovery from which the statement of facts are drawn:

- Docket No. 1 – Complaint

- Docket No. 4 – Answer and Third Party Complaint

- Exhibit 1 – Contract between Roberts Corporation and William Gateman

- Exhibit 2 – Family Dollar Contract for Purchase and Sale of Real Estate

- Exhibit 3 – Georto, Inc. Contract for Purchase and Sale of Real Estate

- Exhibit 4 – Deposition of William Gateman

- Exhibit 5 – Deposition of Kevin Doherty

- Exhibit 6 – Roberts' Corporation daily tracking and daily job reports

- Exhibit 7 – Deposition of Robert Stalker

## STATEMENT OF FACTS

1. Gateman, an individual residing in Massachusetts, is the trustee of 200 Union Street Realty Trust. Complaint at ¶ 2 (Docket No. 1). The Trust owned the Property at issue. Complaint at ¶ 5.

2. Prior to August of 2001, a large commercial building was situated on the Property until it was destroyed by fire. *Id.* at 6. Thereafter, Gateman contracted with Roberts, a New Hampshire corporation, for the demolition of the damaged structure and removal of the debris. Roberts-Gateman Contract (Attached as Exhibit 1 to Concise Statement of Facts).

3. Gateman partitioned the Property and sold one portion of the lot to Family Dollar Stores of Massachusetts, Inc. ("Family Dollar") and one portion to Georto. Family Dollar Contract for Purchase and Sale of Real Estate

|     | |
| --- | --- |
|     | (Attached as Exhibit 2); and Georto Contract for Purchase and Sale of Real Estate (Attached as Exhibit 3). |
| 4.  | The Trust first acquired the Property in 1996 and held it as an investment prior to dividing it into separate lots. William Gateman Depo. at 51 (Attached as Exhibit 4). |
| 5.  | Several juveniles set the building on fire in August of 2001, which resulted in its total destruction. *Id.* at 79-80. |
| 6.  | Gateman entered into negotiations with various demolition companies to take the remaining structure down and remove the remaining debris. *Id.* at 75-80. |
| 7.  | In an effort to mitigate the cost of demolition, Gateman sought to have the building's brick and concrete remain on the Property to be used as fill. *Id.* at 79-82. |
| 8.  | Roberts submitted two different bids, one which included the cost of removing the brick and concrete, and the other estimating only the cost of removing the debris, while leaving the brick and concrete in the former basement. Roberts-Gateman Contract. |
| 9.  | On or about March 12, 2002, Roberts entered into a written contract with Gateman, whereby Roberts agreed, among other things, to demolish the existing building, remove the demolition debris from the site, cover the site with fill and rough grade the site, and remove the brick and concrete. *Id.* Kevin Doherty Depo. at 35-42 (Attached as Exhibit 5). Thus, the |

written contract reflected two estimates: $90,000.00 for completing the demolition and removing the debris; *or* $90,000.00 plus an additional $25,000.00 for removing the brick and concrete. See Roberts-Gateman Contract.

10. Roberts commenced the demolition work the day after signing the contract with Gateman and worked on the site for the next several weeks. Doherty Depo. at 59-66.

11. Roberts removed over 50 truckloads of debris, leaving behind brick and concrete on the site to use as fill, per the permission obtained by Gateman from the City of Lynn's Building Inspector that the brick and concrete could be used as fill. As a result, only the $90,000.00 provision of the contract between Gateman and Roberts applied. Roberts Daily Tracking Reports (Attached as Exhibit 6); Gateman Depo. at 79-82. Roberts-Gateman Contract.

12. In completing its work and per the contract, Roberts warranted that all demolition debris, other than the aforementioned bricks and concrete, had been removed from the site. Roberts-Gateman Contract. Gateman Depo. at 231.

13. Gateman relied on Roberts' contractual obligations and representations from Roberts' management that the work had been fully performed and that Roberts had not concealed any debris. Gateman Depo. at 231-34.

14. Gateman discovered, after Roberts had represented that the work had been completed, that Roberts had failed to remove the debris that had constituted an access ramp to the site. Doherty depo. at 91-93; 117.

15. Roberts then sent a screener, a loader and several trucks to screen the material from the ramp, but not removing the entire ramp nor all the debris. Doherty Depo. at 117-118; Stalker depo. at 46-47 (Attached as Exhibit 7).

16. Gateman was seemingly satisfied with Roberts work because Roberts had performed removal of demolition debris in a seemingly competent fashion for an adjoining parcel of land owned by Gateman and purchased and developed by a separate buyer. Gateman Depo. at 150-153. Gateman therefore relied on Roberts' contractual and personal representations that all necessary demolition debris would be removed on the adjoining parcel purchased by Georto. *Id.*

17. On or about June 18, 2003, Gateman entered into a contract for the purchase and sale of the adjoining site to Georto. *Id.* at 186.

18. Gateman had no knowledge at any time of any problems with the site until informed on or about April, 2004 by Georto that Georto was prohibited from going forward because the site allegedly contained solid waste. *Id.* at 186-189.

Respectfully submitted,
William Gateman,
Individually and as Trustee
By his Attorney,

*[signature]*

_____
Mark P. McGrath, BBO #642913
9 West Broadway #214
Boston, MA 02127
(617) 271-9009
mpgrath@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was this day served upon all counsel of record by mailing a true and exact copy of same, postage paid, as the undersigned has not yet been assigned as a registered participant in the ECF system.

SIGNED under the pains and penalties of perjury.

*[signature]*

Dated: April 21, 2006          _____
                                Mark P. McGrath