UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC.,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM GATEMAN, INDIVIDUALLY<br>and as TRUSTEE OF 200 UNION<br>STREET REALTY TRUST,<br>    Defendant and<br>    Third Party Plaintiff,<br><br>v.<br><br>ROBERTS CORPORATION,<br>    Third Party<br>    Defendant. | CIVIL ACTION NO. 04-11730 NG |

## PLAINTIFF'S SUPPLEMENTAL PRETRIAL DISCLOSURE

Plaintiff Georto, Inc. ("Georto"), pursuant to Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C) and without waiver of or prejudice to its right to compel enforcement of the trial subpoena issued to Kevin Doherty, discloses that it intends to present the testimony of Kevin Doherty at trial through the following excerpts of his deposition taken on September 30, 2005 in the event that the Court finds (under Fed. R. Civ. P. 32(a)(3)) that Mr. Doherty is unable to attend and testify at trial due to infirmity[1]:

    Page 8, Lines 3-8

    Page 8, Lines 15-21

    Page 9, Lines 13-24, Page 10, Lines 1-10

    Page 20, Lines 4-11

    Page 21, Lines 13-24; Page 22, Lines 1-6

    Page 22, Lines 20-24; Page 23, Lines 1-6

---

[1] While Roberts Corporation's counsel had previously indicated that Mr. Doherty (along with Mr. Robert Stalker) would be made available to testify at trial, counsel stated at the pretrial meeting on August 1, 2006 that Mr. Doherty may not be available to testify at trial due to certain health issues.

Page 24, Lines 8-24; Page 25, Lines 1-7

Page 26, Lines 2-16

Page 36, Lines 13-17

Page 37, Lines 8-24

Page 38, Lines 1-19

Page 40, Lines 7-24; Line 41, Lines 1-7

Page 43, Lines 9-17

Page 46, Lines 17-24; Page 47, Lines 1-14

Page 48, Lines 4-12

Page 52, Lines 5-18

Page 53, Lines 21-24

Page 54, Lines 1-13

Page 61, Lines 7-10

Page 77, Lines 13-24; Page 78, Line 1

Page 78, Lines 13-20

Page 79, Lines 2-4

Page 80, Lines 1-24

Page 83, Lines 2-8

Page 84, Lines 4-24; Page 85, Lines 1-8

Page 86, Lines 10-24

Page 87, Lines 1-7

Page 88, Lines 2-24

Page 89, Lines 1-12

Page 92, Lines 21-24; Page 93, Lines 1-13

Page 94, Lines 9-14

Page 97, Lines 12-19

Page 101, Lines 21-24; Page 102, Lines 1-4

Page 105, Lines 2-24; Page 106, Lines 1-7

Page 107, Lines 2-17

Page 108, Lines 5-14

Page 109, Lines 19-24

Page 110, Lines 1-4

Page 110, Lines 9-24; Page 111, Lines 1-15

Page 117, Lines 8-24; Page 118, Lines 1-8

Page 117, Lines 20-23

Page 119, Lines 16-24; Page 120, Lines 1-11

Page 121, Line 24; Page 122, Lines 1-5

Page 122, Lines 8-22

Page 123, Lines 13-23

Page 125, Lines 17-23

Page 131, Lines 7-15

Page 132, Lines 20-24

Page 133, Lines 1-5

Page 134, Lines 11-24; Page 135, Lines 1-11

Page 136, Lines 5-23

Page 145, Lines 20-23

Page 149, Lines 14-19

Page 152, Lines 16-21

Page 152, Line 24; Page 153, Lines 1-8

Page 152, Lines 20-24

Page 154, Lines 1-10

Page 155, Lines 18-20

Page 163, Lines 6-10

Given that Eric M. Axlerod (identified by Georto in its pretrial disclosures as an expected witness) is no longer employed by Harding ESE, Inc. (formerly a MacTec company), Georto amends its pretrial disclosure as to Mr. Harding by disclosing that Mr. Axlerod's present business address is at Ransom Environmental Consultants, Inc., 1445 Wampanoag Trail, Suite 108A, East Providence, RI, 02915 and that Georto may call as a witness the Keeper of the Records of MacTec Engineering and Consulting, Inc., 107 Audubon Road, Wakefield, MA  01880.

                                        GEORTO, INC.,
                                        By its attorney,

                                        /s/ Dale Kerester
                                        Dale C. Kerester, BBO#548385
                                        LYNCH, BREWER, HOFFMAN & FINK, LLP
                                        101 Federal Street, 22nd Floor
                                        Boston, MA  02110-1800
                                        (617) 951-0800
                                        dkerester@lynchbrewer.com

Dated:  August 8, 2006

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Dale Kerester
Dale Kerester