UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORTO, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM GATEMAN, INDIVIDUALLY | ) | CIVIL ACTION NO. 04-11730 NG |
| and as TRUSTEE OF 200 UNION | ) | |
| STREET REALTY TRUST, | ) | |
| Defendant and | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERTS CORPORATION, | ) | |
| Third Party | ) | |
| Defendant. | ) | |

## <u>PLAINTIFF GEORTO, INC.'S REQUEST FOR JURY INSTRUCTIONS</u>

Plaintiff Georto, Inc. ("Georto"), in accordance with the Court's pretrial Order dated July

20, 2006, hereby requests that the Court instruct the jury on the law as set forth in the proposed

jury instructions annexed hereto.  Georto, pursuant to Fed. R. Civ. P. 51, respectfully reserves the

right to supplement this Request with additional or amended jury instructions should the course

of the proceedings so require. Georto further reserves the right to submit requests for finding of

fact and rulings of law regarding Georto's claim under Chapter 93A of the Massachusetts

General Laws.

**PLAINTIFF GEORTO, INC.**
By its attorney
/s/ Dale Kerester
Dale Kerester, Esq., BBO # 548385
Lynch, Brewer, Hoffman & Fink LLP
101 Federal Street
22nd Floor
Boston, MA 02110
617-951-0800

Dated:   August 11, 2006

**<u>Certificate of Service</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

<u>/s/ Dale Kerester</u>
Dale Kerester

## Georto's Complaint – Burden of Proof-Preponderance of Evidence

In this case Plaintiff Georto asserts the following claims against Defendant William Gateman: First, Georto alleges that Gateman, as Trustee of the 200 Union Street Realty Trust, breached his contracts with Georto by: a) breaching his express written warranty in the purchase and sale contract that there were no non-acceptable environmental conditions on the Property; b) breaching the covenant of good faith and fair dealing that is implied in every contract, including the purchase and sale contract; and c) breaching a separate tax indemnification agreement by failing to reimburse Georto for the payment of certain real estate taxes.

Second, Georto alleges that Gateman, individually and as Trustee of the 200 Union Street Realty Trust, fraudulently misrepresented that all demolition debris had been removed from the Property, that all demolition debris had been properly disposed of, that the Property had been filled to grade with fill dirt, and that were no non-acceptable environmental conditions on the Property.

Third, Georto alleges that Gateman, individually and as Trustee of the 200 Union Street Realty Trust, negligently misrepresented that all demolition debris had been removed from the Property, that all demolition debris had been properly disposed of, that the Property had been filled to grade with fill dirt, and that were no non-acceptable environmental conditions on the Property.

Fourth, Georto alleges that Gateman, individually and as Trustee of the 200 Union Street Realty Trust, engaged in unfair and deceptive acts and practices in violation of the Massachusetts Consumer Protection Statute and that Gateman willfully and knowingly engaged in such unfair and deceptive acts and practices.
As to each of its claims, Georto alleges that it was damaged by Gateman's conduct.

The standard of proof in a civil case is that a plaintiff must prove its case by a preponderance of the evidence. This is a less stringent standard than is applied in a criminal case, where the prosecution must prove its case beyond a reasonable doubt. By contrast, in a civil case such as this one, the plaintiff is *not* required to prove its case beyond a reasonable doubt. In a civil case, the party bearing the burden of proof meets the burden when it shows it to be true by a preponderance of the evidence. The standard of a preponderance of the evidence means the greater weight of the evidence. A preponderance of the evidence is such evidence which, when considered and compared with any opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more probably true than not true.

A proposition is proved by a preponderance of the evidence if, after you have weighed the evidence, that proposition is made to appear more likely or probable in the sense that there exists in your minds an actual belief in the truth of that proposition derived from the evidence, notwithstanding any doubts that may still linger in your minds.

Simply stated, a matter has been proved by a preponderance of the evidence if you determine, after you have weighed all of the evidence that that matter is more probably true than not true. *Sargent v. Massachusetts Accident Co.*, 307 Mass. 246, 250, 29 N.E.2d 825, 827 (1940). MCLE, Massachusetts Superior Court Civil Practice Jury Instructions, Vol. I, § 1.18.

## **Georto's Breach of Contract Claim – Elements**

A breach of contract is a failure to comply with one or more terms of the contract. In order to recover for breach of contract, Georto must have completely performed its obligations. If Gateman failed to perform his obligations, then as a matter of law Georto was thereafter excused from performing its contractual obligations.

If Georto proves the following four elements by a preponderance of the evidence, you must find that Gateman breached the contract:

1. that there is a contract,
2. that Georto performed its obligations under the contract (or is excused from performance),
3. that Gateman breached the contract, and
4. that Georto suffered damages as a result of the breach of contract.

MCLE, <u>Massachusetts Superior Court Civil Practice Jury Instructions,</u> Vol. II, § 14.1.19.

## <u>Breach of Contract-Answer Establishes</u>

A party is bound by the admissions made in an Answer to an adversary's Complaint.  Thus, if Gateman admitted a fact, or failed to deny it, in his Answer, this fact should be accepted as true.[1]

---

[1]  *Maker v. Bermingham*, 592 N.E.2d 1339, 1341 (Mass. App. 1992); *Zaliski v. Zaleski*, 111 N.E.2d 451, 452 (Mass. Super. 1953).

**Breach of Contract Claim**
**Georto and Gateman Signed A Binding Contract**

Gateman admitted in its Answer to Georto's Complaint that "he entered into the Contract as alleged" in the Complaint.  Pursuant to Paragraph 2(f) of the purchase and sale contract, Gateman warranted and represented to Georto (both as of the date of the purchase and sale contract and as of the closing date of February 19, 2004) that "there are no hazardous materials as defined by state, federal, or local law, or non-acceptable environmental conditions on the property."  Thus, I instruct you that must accept as true that Georto and Gateman entered into a binding purchase and sale contract and that Gateman warranted and represented in that contract that "there are no hazardous materials as defined by state, federal, or local law, or non-acceptable environmental conditions on the property."

Answer, ¶¶ 11, 25.

## Implied Covenant of Good Faith and Fair Dealing

In addition to the express terms of a contract, there is also an implied covenant of good faith and fair dealing between the parties to contract.

The implied covenant of good faith and fair dealing means that neither party may do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

If Gateman has breached its implied covenant of good faith and fair dealing, Georto is entitled to recover damages resulting from Gateman's breach.[1]

---

[1] *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 471-74, 583 N.E.2d 806, 819-21 (1991) (citing *Drucher v. Roland Wm. Jutras Assocs.,* 370 Mass. 383, 385 348 N.E.2d 763, 765 (1976)); *Warner Ins. Co. v. Commissioner of Ins.*, 406 Mass. 354, 362 n. 9, 548 N.E.2d 188, 193 (1990); *Fortune v. National Cash Register Co.*, 373 Mass. 96, 105 346 N.E.2d 1251, 1257-58 (1977); *Kerrigan v. Boston*, 361 Mass. 24, 33, 278 N.E.2d 387, 393-94 (1972); 37 J. Nolan, *Massachusetts Practice*, Tort Law, § 11 at 10 (1979).  See chapter 16, consumer Protectin Act-Chapter 93A.

MCLE, Massachusetts Superior Court Civil Practice Jury Instructions, Vol. II., § 14.1.12.

## **Damages**

If the defendant did breach the contract, you must then decide the amount of the plaintiff's damages, if any. Before the plaintiff can recover damages under any theory of recovery, it must prove that the defendant's breach caused damages.[1]

---

[1] *Lease-It, Inc. v. Massachusetts Port Auth.,* 33 Mass.App.Ct. 391, 397, 600 N.E.2d 599, 602 (1992).

## <u>Damages - <u>Basic Principle</u></u>

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.

In order to recover damages against the defendant, the plaintiff must demonstrate that the damages complained of were caused by the defendant's conduct. If the damages were caused by the plaintiff or by someone other than the defendant, then the plaintiff is not entitled to damages from the defendant.[1]

---

[1] *Fernandes v. Union Bookbinding Co.,* 400 Mass. 27, 37–38, 507 N.E.2d 728, 734–35 (1987); *Sackett v. St. Mary's Church Soc'y,* 18 Mass.App.Ct. 186, 464 N.E.2d 956 (1984); *John Hetherington & Sons, Ltd. v. William Firth Co.,* 210 Mass. 8, 95 N.E. 961 (1911).

## __Damages - Benefit of the Bargain__

The plaintiff is entitled to recover damages sufficient to give it the benefit of its contractual bargain, as long as such damages are reasonably proved. In other words, it is entitled to those damages that would put it in a position to obtain that which it has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact.[1]

---

[1] *Productora E Importadora De Papel v. Fleming,* 376 Mass. 826, 837–38, 383 N.E.2d 1129, 1136 (1978); *White Spot Constr. Co. v. Jetspray Cooler, Inc.,* 344 Mass. 632, 635, 183 N.E.2d 719, 721–22 (1962); *John Hetherington & Sons, Ltd. v. William Firth Co.,* 210 Mass. 8, 95 N.E. 961 (1911).

## Damages - General and Consequential Damages[1]

An injured party is entitled to recover both general and special damages. General damages are those which flow according to common understanding as the natural and probable result of the breach.

Consequential damages result from special circumstances known or presumed to have been known to the parties.[2]

---

[1] Adapted from J. Wittenberg, *Damages* (Flaschner Judicial Institute, 1988).

[2] *Boylston Hous. Corp. v. O'Toole,* 321 Mass. 538, 562–63, 74 N.E.2d 288, 302–03 (1947) (special or consequential damages compensated for loss of rents of apartments due to failure of timely installation of elevator). *See also First Pennsylvania Mortgage Trust v. Dorchester Sav. Bank,* 395 Mass. 614, 481 N.E.2d 1132 (1985).

**Fraud Claim - Elements**

Georto may recover money damages from Gateman on its fraud claim if it proves the following by a fair preponderance of the credible evidence:

1. that Gateman made a false statement to Georto, and that statement concerned some fact that a reasonable person would consider important to the decision that Georto was about to make;[1]

2. that when Gateman made the statement, he either knew the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;

3. that Gateman made the false statement with the intention that Georto would rely on that statement in making its decision;

4. that in making its decision, Georto did in fact rely on Gateman's statement as true, and that his reliance was reasonable under the circumstances; and

5. that Georto suffered some financial loss as a result of relying on Gateman's false statement.

If Georto proved these five things by a preponderance of the credible evidence, your verdict will be for Georto, and you must then go on to determine the amount of money damages to be awarded to it.  If Georto has failed to prove any one of these five things, then your verdict must be for the defendant.[2]

---

[1] A fact is "material" if a reasonable person would attach importance to it in determining his or her choice of action in the transaction in question.  *Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 78, 575 N.E.2d 70, 74 (1991); Restatement (Second) of Torts, § 538 (2)(a) (1977).

[2] Restatement (Second) of Torts § 525 (1977);  see also, *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 72 F. 3d 190, 199-200 (1st Cir. 1995); *Piantes v. Pepperidge Farm, Inc*., 875 F.Supp. 929, 933 (D. Mass., 1995)

MCLE, Massachusetts Superior Court Civil Practice Jury Instructions, Vol. II, § 20.1.

## Subject of Misrepresentation—False Statement of Fact

The defendant can be held responsible for an intentional or reckless misrepresentation about an existing fact.[1] A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity is capable of being determined with certainty. The defendant can be held responsible for a misrepresentation about his own opinion, estimate, or intention, but only if he intentionally misrepresented his opinion, estimate, or intention.[4]

---

[1] *See Kannavos v. Annino,* 356 Mass. 42, 50, 247 N.E.2d 708, 712 (1969); *cf. Swinton v. Whitinsville Sav. Bank,* 311 Mass. 677, 678–79, 42 N.E.2d 808, 808–09 (1942).

[4] *Kannavos v. Annino,* 356 Mass. at 44–45, 247 N.E.2d at 709–10; *cf. Galassi Mosaic & Tile v. Boston,* 295 Mass. 544, 550, 4 N.E.2d 291, 294 (1936) (where a misrepresentation of law is made by defendant not possessed of superior knowledge of the law's requirements, the defendant cannot be liable).

**False Statement—Half-Truths, Silence, and Statements and Conduct Calculated to Mislead**

The defendant can be held responsible not only for outright untrue statements, but also for giving misleading partial information or for telling half-truths.[1] Although the defendant was under no duty to volunteer information, if the defendant spoke on a given point, either voluntarily or at the plaintiff's request, he must have spoken honestly and must have divulged all material facts of which he knew bearing upon the point.[2]

Additionally, deception need not be direct to come within the reach of the law. If you find that the defendant's statements and conduct combined were calculated to mislead the plaintiff, that they did, in fact, mislead the plaintiff, and that the plaintiff was acting reasonably, then this is enough to constitute intentional misrepresentation.[3]

---

[1] *Kannavos v. Annino,* 356 Mass. 42, 48, 247 N.E.2d 708, 711–12 (1969).

[2] *Kannavos v. Annino,* 356 Mass. at 48, 247 N.E.2d at 711–12. ("fragmentary information may be as misleading . . . as active misrepresentation, and half truths may be as actionable as whole lies").

[3] *Vmark Software, Inc. v. EMC Corp.,* 37 Mass.App.Ct. 610, 617–18, 642 N.E.2d 587, 593 (1994); *Zimmerman v. Kent,* 31 Mass.App.Ct. 72, 79–82, 575 N.E.2d 70, 75–77 (1991).

## Knowledge of Falsity, or Willful Disregard of Truth or Falsity

The defendant is liable if he made a false statement of fact, knowing it to be false. Likewise, if the defendant made an unqualified statement about facts, the truth or falsity of which the defendant could have determined with certainty, and gave the plaintiff the reasonable impression that he was speaking of his own knowledge, then the defendant is not excused from liability if he did not in fact know whether that statement was true or false.[1] The law regards such willful disregard of the facts as equivalent to an intentional misrepresentation. Actual intent to deceive need not be proven.

---

[1] *Kozdras v. Land/Vest Properties, Inc.,* 382 Mass. 34, 43, 413 N.E.2d 1105, 1111 (1980) ("if statement of fact is susceptible to actual knowledge but is made by one's own knowledge and is false, it may still be the basis for a deceit action without proof of actual intent to deceive"); *Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 444, 333 N.E.2d 421, 427 (1975); *Powell v. Rasmussen,* 355 Mass. 117, 118–19, 243 N.E.2d 167, 168 (1969); *Pietrazak v. McDermott,* 341 Mass. 107, 110, 167 N.E.2d 166, 168 (1960); *Chatham Furnace Co. v. Moffatt,* 147 Mass. 403, 404, 18 N.E. 168, 169 (1888).

## **Intention That Plaintiff Would Rely upon False Statement**

The plaintiff must prove that the defendant intended that the plaintiff would rely on the misrepresentation.[1]

---

[1] *Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 445, 333 N.E.2d 421, 428 (1976).

## **Reasonable Reliance**

The plaintiff must prove that it relied on the defendant's misrepresentation.[1] Furthermore, the plaintiff may recover only if its reliance on the defendant's statement was reasonable under the circumstances. The plaintiff is not required to investigate the truth of assertions that are made to it. The recipient of a fraudulent misrepresentation of fact is ordinarily justified in relying on its truth, although it might have ascertained the falsity of the representation had it made an investigation.[2]

If the defendant's representations were such as to induce the plaintiff not to undertake an independent examination of the pertinent facts, lulling it into placing confidence in the defendant's assurances, then the plaintiff's failure to ascertain the truth through investigation does not preclude recovery. This is so even though the defendant's representations were not consciously false.[4]

---

[1] A misrepresentation is material if it is shown that the misrepresentation was one of the principal grounds (although not necessarily the sole ground) that caused the plaintiff to take the particular action that the defendant intended [him/her] to take as the result of such representations, and that otherwise, the plaintiff would not have taken such action. *National Car Rental Sys., Inc. v. Mills Transfer Co.,* 7 Mass.App.Ct. 850, 852, 384 N.E.2d 1263, 1264–65 (1979).

[2] *Yorke v. Taylor,* 332 Mass. 368, 372–73, 124 N.E.2d 912, 915–16 (1955).

[4] *Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 446, 333 N.E.2d 421, 429 (1975).

## Fraud - Damages

If Georto has proved the five elements as explained earlier by a fair preponderance of the credible evidence, then you must go on and determine the amount of money damages to be awarded to Georto. By instructing you on damages, I am not suggesting how you should decide this case; I am only informing you what the law is in the event that you reach the issue of damages. In a case where there has been an intentional or reckless misrepresentation, the law provides that the plaintiff may recover the benefit of what it was promised by the defendant.[1] If you reach the issue of damages, you should award the plaintiff a sufficient amount of money to put it in the position that it would have been in if the situation had been as represented by the defendant. In other words, if you reach the issue of damages, the plaintiff is entitled to recover damages sufficient to give it the benefit of the bargain with the defendant if those damages are proved with reasonable certainty.[2]

In addition, if the misrepresentation caused the plaintiff to incur any additional expenses that were reasonably foreseeable as a result of the defendant's misrepresentation, then you are to award the plaintiff an additional amount of money that will compensate it for those additional expenses that it incurred.[3]

---

[1] This is the "benefit of the bargain rule." *Rice v. Price,* 340 Mass. 502, 506–07, 164 N.E.2d 891, 893–94 (1960); *see Morris v. Hutchins,* 102 Mass. 439, 440 (1869). Restatement (Second) of Torts, § 549.

[2] Mathematical exactness is not required. *See Rice v. Price,* 340 Mass. at 508, 164 N.E.2d at 895.

[3] *See Anzalone v. Strand,* 14 Mass.App.Ct. 45, 49, 436 N.E.2d 960, 962–63 (1982) (proper measure of damages for seller's intentional misrepresentation of a parcel of real estate was "the difference between the actual value of the real estate and the purchase price, plus any pecuniary loss shown to have been suffered as a consequence of buyer's reliance").

## **Negligent Misrepresentation Claim – Elements**

In this case, Georto claims that Gateman negligently misrepresented material facts to Georto, and as a result Georto purchased the Property and entered into various financing and construction contracts, which it says it would not have done if it had known the true state of affairs.

Georto may recover money damages from Gateman on that claim if Georto proves the following by a fair preponderance of the credible evidence:

1.  that Gateman made a false statement to Georto, and that this statement concerned some fact that a reasonable person would consider important to Georto's decisions.

2.  that when Gateman made the statement, he negligently failed to determine whether it was true or false.  Gateman acted negligently if he made a statement about an important fact without using the amount of care a reasonable person would use in those circumstances to see that what he said was true;

3.  that Gateman made the false statement with the intention that Georto would rely on that statement;

4.  that in making its decisions, Georto did in fact rely on Gateman's statement as true, and that his reliance was reasonable in the circumstances; and

5.  that Georto suffered some financial loss as a result of relying on Gateman's false statement.

If the Georto has proved these five things by a preponderance of the credible evidence, your verdict will be for Georto, and you must then go on to determine the amount of money damages to be awarded to Georto.

MCLE, Massachusetts Superior Court Civil Practice Jury Instructions, Vol. II, § 20.2.

## Duty of Care to Be Observed in Supplying Information for Use of Others in Commercial Transactions

In considering whether the defendant acted negligently in supplying information for the use of others in a commercial transaction, you should consider the use to which the defendant expected the information would be put, weighed against the magnitude and probability of loss that might have occurred if that information proved to be incorrect.[1]

---

[1] *Nycal Corp. v. KPMG Peat Marwick LLP,* 426 Mass. at 497–98, 688 N.E.2d at 1372 (1998) (citing *Bily v. Arthur Young & Co.,* 3 Cal. 4th 370, 394, 834 P.2d 745, 759 (1992)); Restatement (Second) of Torts § 552, cmt. a (1977).

## <u>Georto's Claim that Gateman Violated M.G.L. c. 93A § 11</u>

Georto claims that Gateman violated Chapter 93A of the Massachusetts General Laws because Gateman's misrepresentations and actions with regard to the Property constitute unfair or deceptive acts or practices.

## **Georto's Claim for Chapter 93A Violation- Definition of "Deceptive" Act**

A "deceptive" act or practice is simply one that has the capacity to deceive. An act or practice is deceptive if it could reasonably cause a person to act differently from the way he would act if he knew the truth about the matter.[1] It includes any communication made with the intent to deceive another person. However, intent to deceive is not always necessary.[2] A negligent or careless misrepresentation of fact, the truth of which was reasonably capable of ascertainment, may also be a deceptive act or practice.[3] Thus, one could decide that misrepresentations by Gateman concerning the demolition debris which could reasonably cause Georto to purchase the property could be considered a deceptive act.

---

[1] 940 C.M.R. §3.16(2); *Sargent v. Koulisas*, 29 Mass. App. Ct. 956, 958, 560 N.E. 2d 569, 571 (1990) (citing *Mongeau v. Boutelle*, 10 Mass. App. Ct. 246, 248, 407 N.E.2d 352, 355 (1980)).

[2] *Maillet v. ATF-Davidson Co.*, 407 Mass. 185, 193, 552 N.E.2d 95, 100 (1990).

[3] *Maillet v. ATF-Davidson Co.*, 407 Mass. 185, 193, 552 N.E.2d 95, 100 (1990).

## <u>Georto's Chapter 93A Claim – Definition of "unfair"</u>

To help you determine whether Gateman's acts and statements were "unfair," ask yourself these three questions:[1]

First, do they fall within some established concept of unfairness?  For something to be unfair, it does not need to violate some other law or a government regulation; however, whether or not it does is something you may consider.  Not every illegal act is unfair.  A material misrepresentation falls within an established basis of unfairness.

Second, ask yourself whether Gateman's acts and statements were immoral, unethical, oppressive, unscrupulous, or otherwise unconscionable.  That obviously involves you in a moral judgment about the ethics of the marketplace.  You, the jury, are the collective conscience of the community.  Use your common sense.  Consider Gateman's conduct in light of all the circumstances, keeping in mind that you must decide this question in the context of the commercial marketplace.  An act that might be unfair in a business transaction with an unsophisticated consumer may not be unfair when it takes place in a transaction involving two sophisticated businesspersons.

Third, consider whether Gateman's acts and statements concerning the demolition debris would cause substantial injury to competitors or other businesspersons.

---

[1] This test of whether an act or practice is "unfair" is generally held to be whether it

    1.    falls "'within, at least, the penumbra of some common-law, statutory, or other established concept of unfairness'";

    2.    "'is immoral, unethical, oppressive or unscrupulous'"; or

    3.    "'causes substantial injury [to] competitors or other businesspersons.'"

*Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 778, 489 N.E.2d 185, 196 (1986) (quoting *PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596, 321 N.E.2d 915, 917 (1975)).

MCLE, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, Vol. II, §16.4.2.

## <u>Georto's Chapter 93A Claim- Generally</u>

Focus on the nature of the conduct.  Keep in mind that even sophisticated businesspersons must deal with each other honestly; a businessperson may not induce another to act by material misrepresentation.[1]

---

[1] *VMark Software, Inc. v. EMC Corp.,* 37 Mass. App. Ct. 610, 619 n. 11, 642 N.E.2d 587, 594 (1994).

MCLE, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, Vol. II., § 16.4.

## Georto's Chapter 93A Claim - <u>Nondisclosure</u>

Georto claims that Gateman failed to disclose to Georto a material[1] fact, the disclosure of which may have influenced Georto not to enter into the transaction.[2]  The notion of disclosure necessarily implies that the fact in question is known to the person expected to disclose it. A defendant is not required to disclose what he did not know.[3] Knowledge turns on the defendant's state of mind at the time of the transaction. In determining whether Georto has proved that Gateman failed to disclose a material fact, you must examine what this defendant knew, not what a reasonable person would have known. The test is a subjective one.[4]

---

[1] *Sheehy v. Lipton Indus.,* 24 Mass.App.Ct. 188, 195, 507 N.E.2d 781, 785–86 (1987) (nondisclosure is defined as *material* circumstances that would have led the plaintiff not to purchase the property) (emphasis added).

[2] Such act or practice is a violation of G.L. c. 93A. Chapter 93A contains a general duty of disclosure as defined in 940 C.M.R. §§ 3.05, 3.16(2). *See* Michael Gilleran, *The Law of Chapter 93A,* § 4.1d (1989 & Supp. 1992) for a general discussion of nondisclosure. Massachusetts common law, by contrast, does not contain a general duty of disclosure. *Solomon v. Birger,* 19 Mass.App.Ct. 634, 639, 477 N.E.2d 137, 141–42  (1985).

[3] *Underwood v. Risman,* 414 Mass. 96, 605 N.E.2d 832 (1993).

[4] *Underwood v. Risman,* 414 Mass. 96, 605 N.E.2d 832 (1993).

### Georto's 93A Claim - Causation

If Gateman engaged in an unfair method of competition or used an unfair or deceptive act or practice, you must then determine whether Georto suffered any loss of money or property as a result of Gateman's actions.  In reaching your decision as to whether Georto suffered such a loss, have in mind that the term "money" means money, and it does not mean time or anything else. Also, have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is whether Gateman conduct caused Georto to suffer a loss of money or property.  If it did, you must find for Georto.[1]

---

[1] *Leardi v. Brown*, 394 Mass. 151, 159, 474 N.E.2d 1094, 1101 (1985)  (citing Restatment (Second) of Torts 7, cmt. A (1965) (finding that illegal lease constituted a compensable injury despite the fact that tenants never had read lease and landlord never attempted to enforce the illegal provision).

MCLE, Massachusetts Superior Court Civil Practice Jury Instructions, Vol. II, § 16.5.2.

**<u>Georto's Chapter 93A Claim – "Willful" or "Knowing"</u>**

If Gateman's actions were unfair or deceptive, then you must go on to decide whether Gateman willfully or knowingly committed that unfair or deceptive act.[1] Georto has the burden of proving, by a fair preponderance of the evidence, that Gateman had a subjectively culpable state of mind. "Willful" or "knowing" requires something more than mere negligence.[2]

---

[1] Double or treble damages shall be awarded if Gateman's acts were a "willful or knowing violation" of Chapter 93A G.L. c. 93A, 9(3), 11. *Shaw v. Rodman Ford Truck Center, Inc.*, 19 Mass. App. Ct. 709, 711-12, 477 n.E. 2d 413, 415-16 (1985) (citing with approval *Computer Sys. Eng'g Inc. v Qantel Corp.*, 571 F. Supp. 1365, 1373075 (D. Mass 1983). A false misrepresentation made either knowingly or in reckless disregard for its truth or falsity comes within the class of willful or knowing violations of Chapter 93A. *Computers Sys. Eng'g Inc. v. Qantel Corp.*, 571 F. Supp. 1365, 1376 (D. Mass. 1983).

[2] *Whelihan v. Markowski*, 37 Mass. App. Ct. 209, 212, 638 N.E.2d 927, 929 (1994).

MCLE, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, Vol. II, § 16.7.4.

## <u>Georto's Chapter 93A Claim  Willful or Knowing – Representations</u>

A defendant's unfair or deceptive statements were willful if he represented a fact to be true without knowing whether it is true or not and with reckless disregard for whether it is true or not.[1] A defendant's unfair or deceptive statements were knowing if he represented a fact to be true while knowing that it was not true.[2]

---

[1] *Anthony's Pier Four, Inc. v. HBC Assocs*, 411 Mass. 451, 475, 583 N.E.2d 806, 821 (1991) (defendant's knowing use of a pretext to coerce plaintiff into paying defendant more than contract required established willfulness as matter of law); *Alcan Aluminum Corp. v. Carlton Aluminum of New England, Inc.*, 35 Mass. App. Ct. 161, 169, 617 N.E.2d 1005, 1010-11 (1993) ( manufacturer's continued marketing of a product that it had good reason to know was defective constituted willful violation of Chapter 93A); *Montanez v. Bagg*, 24 Mass. App. Ct. 954, 510 N.E.2d 298 (1987) (where landlord rents apartment aware of conditions that render it inhabitable, willful misrepresentation occurs regardless of whether landlord knew that conditions amounted to legal violations).

[2] *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 779-80, 489 N.E.2d 185, 197-98 (1986) (Court concluded that principal's intentional misrepresentation regarding the wrongful retention and use of circulation list established knowing violation of Chapter 93A); *Patry v. Liberty Mobilhome Sales, Inc.*, 15 Mass. App. Ct. 701, 705-06, 448 N.E.2d 405, 408 (1983) (defendant committed a willful and knowing violation of G.L. c. 93A by deliberately concealing from plaintiff that leased lot on which plaintiff proposed to install mobile home had not been approved for such purpose and that defendant encountered difficultly in getting necessary approvals).

MCLE, <u>Massachusetts Superior Court Civil Practice Jury Instructions</u>, Vol. II, §16.7.5.

**Georto's Chapter 93A Claim - Section 11 Actions**

Georto claims that it was engaged in trade or commerce,[1] in addition to Gateman being so engaged. Georto has the burden of proving, by a preponderance of the evidence, that Gateman's act or practice occurred in connection with Gateman acting in a business context.[2]  In other words, the activity being complained about must have arisen out of some transaction between two businesspersons.[3]

---

[1] G.L. c. 93A, § 11.

[2] *Morse v. Mutual Fed. Sav. & Loan Ass'n,* 536 F.Supp. 1271, 1281 (D.Mass. 1982) (plaintiff should bring an action under Section 11 because defendant's alleged wrongful conduct arose during and in connection with plaintiff's operation of a gas station). Legislature intended "persons engaged in the conduct of any trade or commerce" to refer specifically to individuals acting in a business context. *Lantner v. Carson,* 374 Mass. 606, 610–11, 373 N.E.2d 973, 976–77 (1978); *Kerlinsky v. Fidelity & Deposit Co.,* 690 F.Supp. 1112, 1117 (D.Mass. 1987) (citing *International Fidelity Ins. Co. v. Wilson,* 387 Mass. 841, 852, 443 N.E.2d 1308, 1316 (1983) (all that is required for a plaintiff to fall within the ambit of Section 11 is some transaction in a business context)); *Cf. Manning v. Zuckerman,* 388 Mass. 8, 444 N.E.2d 136 (1983) (holding that an employer-employee relationship will not support a Chapter 93A claim).

[3] *Lantner v. Carson,* 374 Mass. 606, 610, 373 N.E.2d 973, 976 (1978).

## **Georto's Chapter 93A Claim - Damages**

If Gateman engaged in an unfair method of competition or used an unfair or deceptive act or practice, Georto has a right to be compensated for any loss of money or property it suffered as a result of the defendant's actions. In reaching your decision as to whether Georto suffered such a loss and, if so, what the amount of the loss is, have in mind that the term "money" means "money," and it does not mean time or anything else.[1] Also have in mind that the term "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, peace of mind, or personal liberty. What you are deciding at this point is what amount of money will fully and fairly compensate Georto for the losses that Georto sustained as a result of Gateman's actions.

---

[1] *Halper v. Demeter,* 34 Mass.App.Ct. 299, 303–04, 610 N.E.2d 332, 335 (1993).

## <u>Georto's Chapter 93A Claim - Multiple Damages</u>

If you have found that Gateman committed an unfair or deceptive act or practice willfully or knowingly,[1] then Georto is entitled to an award of up to three times, but no less than two times, the actual damage you have determined Georto to have sustained.[2]   You must, therefore, determine whether the damage caused by Gateman's unfair or deceptive act or practice should be doubled or trebled.

Multiple damages are designed to impose a penalty on a defendant. The purpose of multiple damages is to deter callous and intentional violations of the law and to promote prelitigation settlements by making it unprofitable for a defendant to ignore a plaintiff's request for relief.[3] Multiple damages are not awarded to compensate particular harmed individuals. In determining whether the actual damages should be doubled or trebled, take into consideration all the relevant circumstances, including the character and degree of the wrong as shown by the evidence, the necessity of preventing similar wrong, and the defendant's degree of culpability.[4]

---

[1] See § 16.4.2, Deceptive, and § 16.4.3, Unfair, above. Multiple damages for the defendant's bad faith response to the plaintiff's demand letter are only applicable to a Section 9 action.

[2] G.L. c. 93A, § 9(3), 11; *Heller v. Silverbranch Constr. Corp.,* 376 Mass. 621, 627, 382 N.E.2d 1065, 1070 (1978).

[3] *Heller v. Silverbranch Constr. Corp.,* 376 Mass. 621, 382 N.E.2d 1065 (1978).

[4] *International Fidelity Ins. Co. v. Wilson,* 387 Mass. 841, 856, 443 N.E.2d 1308, 1317–18 (1983). Because the multiple damages provisions of Chapter 93A impose a penalty that varies with a defendant's culpability, the codefendants are independently (not jointly and severally) liable for multiple damages, and a plaintiff is not limited to a single award of multiple damages. *International Fidelity Ins. Co. v. Wilson,* 387 Mass. at 853–58, 443 N.E.2d at 1315–19; *Brown v. LeClair,* 20 Mass.App.Ct. 976, 980, 482 N.E.2d 870, 873–74 (1985) (multiple damages based on the egregiousness of each defendant's conduct). The jury, therefore, should be asked separate questions about each defendant and told to consider each defendant's culpability independently.