UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORTO, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM GATEMAN, INDIVIDUALLY | ) | CIVIL ACTION NO. 04-11730 NG |
| and as TRUSTEE OF 200 UNION | ) | |
| STREET REALTY TRUST, | ) | |
|     Defendant and | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERTS CORPORATION, | ) | |
|     Third Party | ) | |
|     Defendant. | ) | |

**THIRD-PARTY DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51 of the Federal Court, the Third-Party Defendant, Roberts Corporation, requests that the Court instruct the jury as follows at the conclusion of evidence and arguments.

Roberts Corporation reserves its right to supplement or amend the proposed instructions.

                                                               Third-Party Defendant,
                                                               Roberts Corporation
                                                               By its attorney


                                                               ___/s/ J. Mark Dickison_____
                                                               J. Mark Dickison, BBO #629170
                                                               LAWSON & WEITZEN, LLP.
                                                               88 Black Falcon Ave, Suite 345
                                                               Boston, MA 02110
                                                               (617) 439-4990

2

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 14, 2006.

                                                                                          _/s/ J. Mark Dickison_____
                                                                                          J. Mark Dickison

**Instruction No. 1**
**(Breach of Contract)**

A contract is a promise, or set of promises, between two or more persons to do or not do a certain thing. Ordinarily, for there to be a contract, the parties must by their words or conduct express their mutual assent – that is, their agreement – to exchange promises. For example, in a contract for the purchase and sale of a house, the buyer promises to pay a certain amount of money to the seller on a certain date, and the seller promises to deliver to the buyer on that date a deed to the seller's house. Each party has agreed to exchange a promise for a promise by the other party.

Sometimes, the agreement is to exchange one party's promise for the other's performing, or refraining from performing, a particular action. For example, a homeowner promises a neighbor $20 if he will mow her lawn, and he does so. They have agreed to exchange the homeowner's promise to pay for the neighbor's action of mowing the lawn.

The agreement may be shown by written or spoken words, or by some act or omission which is intended to communicate agreement, and which indicates to the other party (or parties) that it is intended to communicate agreement. The law presumes that a person intends the natural and probable consequence of its acts. An unexpressed intent to be bound to a contract does not create a binding contract.

**Instruction No. 2**
**(Breach of Contract)**

A breach of contract is a failure to comply with one or more terms of the contract. In order to recover for breach of contract, Gateman must have completely performed its obligations. Where one party to a contract has failed to perform its obligations or had materially breached the agreement, then as a matter of law the other party is thereafter excused from performing its contractual obligations.[1]

In order to prevail on its breach of contract claim against Roberts, Gateman must prove the following four things:

1. that there was an agreement between Roberts and Gateman;

2. that Gateman completely performed its obligations under the agreement;

3. that Roberts breached the agreement; and

4. that Gateman suffered damages as a result of Robert's breach of the agreement.

---

[1] *Hastings Assocs., Inc. v. Local 369 Bldg. Fund, Inc.,* 42 Mass.App.Ct. 162, 171, 675 N.E.2d 403 (1997). *G.M. Abodeely Ins. Agency, Inc. v. Commerce Ins. Co.,* 41 Mass.App.Ct. 274, 278, 669 N.E.2d 787 (1996).

## Instruction No. 3  Terms of Contract

If you determine that a binding contract was formed, you must determine the terms of the contract. The terms of the agreement are those terms to which the parties mutually assented with reasonable certainty.[2]

---

[2] *Kravetz v. Merchants Distrib., Inc.,* 387 Mass. 457, 460, 440 N.E.2d 1278, 1280 (1982); *Rosenfield v. United States Trust Co.,* 290 Mass. 210, 195 N.E.2d 323 (1935).

## Instruction No. 4 – Performance by Defendant

There can be no breach of contract where the defendant has fully performed.[3]

Where a plaintiff has accepted the benefit of the defendant's full performance, the plaintiff cannot then be heard to complain about the performance.[4]

Where a person or entity contracts to perform services for another, it implicitly promises to perform the services in a reasonably diligent, skillful, workmanlike and adequate manner.

---

[3] *Threlfall v. Coffee Roasters Prods.,* 306 Mass. 378, 380, 28 N.E.2d 445, 447 (1940); *First Nat'l Bank of Boston v. Cartoni*, 295 Mass. 75, 78–79, 3 N.E.2d 177, 178–79 (1936). *See Cygan v. Megathlin,* 326 Mass. 732, 735, 96 N.E.2d 702, 703–04 (1951) (stating that "when a contract has been executed on one side, the law will not permit the injustice of the other party retaining the benefit without paying unless compelled by some inexorable rule"); *Realty Developing Co. v. Wakefield Ready-Mixed Concrete Co.,* 327 Mass. 535, 537, 100 N.E.2d 28, 30 (1951) (plaintiff must prove that defendant failed to perform without a legal excuse to prove breach of contract).

[4] *See Church of God in Christ, Inc. v. Congregation Kehillath Jacob,* 370 Mass. 828, 834–35, 353 N.E.2d 669, 672–73 (1976) (holding that where defendant accepted performance under the contract, the defendant waived the condition stating that time was of the essence and therefore could not use breach of the condition as a defense); *Providence Washington Ins. Co. v. Beck,* 356 Mass. 739, 740, 255 N.E.2d 600, 601 (1970) (concluding that the defendant had waived the plaintiff's repeated breaches by accepting payment under the contract and continuing to perform); *Cueroni v. Coburnville Garage, Inc.,* 315 Mass. 135, 139, 52 N.E.2d 16, 18–19 (1943) (stating that where a party has consented to the deviation from a contract, he cannot claim a breach of contract).

**Instruction No. 5  -  Waiver**

A party cannot sue for breach of contract where it has waived the breach.[5] Waiver means the intentional relinquishment of a known right. If Gateman intentionally gave up its right to require performance, then Gateman waived the breach and cannot maintain an action for breach of contract.

Where a party has unconditionally accepted the benefit of a contract in lieu of demanding substitute performance, it cannot later seek additional performance or claim that there has been a breach of contract. A party may be prevented by its own acts from claiming a right to the detriment of the other party when that other party was entitled to rely on, and did rely on, that conduct.[6]

---

[5] *Steranko v. Inforex, Inc.,* 5 Mass.App.Ct. 253, 263, 362 N.E.2d 222, 230 (1977). *See Minot v. Minot,* 319 Mass. 253, 269, 66 N.E.2d 5, 15 (1946) (holding that plaintiff could still bring action for breach of contract where plaintiff did not waive breach); *Russo v. Charles I. Hosmer, Inc.,* 312 Mass. 231, 234, 44 N.E.2d 641, 643–44 (1942) (holding that plaintiff did not waive breach where it did not know that a breach had occurred); *U.S. v. Mangone,* 105 F.3d 29, 35 (1st Cir. 1997), *cert. denied,* 520 U.S. 1258 (1997).

[6] *See Cueroni v. Coburnville Garage,* 315 Mass. 135, 139, 52 N.E.2d 16, 18–19 (1943).

## Instruction No. 6 – Modification

The parties to a contract can agree to replace the contract with a new contract,[7] or to modify the terms of the contract.[8] However, one party cannot unilaterally change the terms of the contract. There must be an agreement to replace or modify the contract in the same manner as the original contract was formed.

---

[7] *Simkins Indus., Inc. v. Jeppson*, 402 F.Supp. 1265 (D.Mass. 1975).
[8] *Sargent v. Tenaska, Inc.*, 914 F.Supp. 722 (D.Mass. 1996).

**Instruction No. 7**
**(Full Performance)**

To recover for a breach of contract, Gateman must establish its full and complete performance of all obligations under the contract. However, a material breach of the contract by one party excuses further performance by the nonbreaching party.[9]

---

[9] *G.M. Abodeely Ins. Agency, Inc. v. Commerce Ins. Co.*, 41 Mass.App.Ct. 274, 669 N.E.2d 787 (1996); *Lease-It, Inc. v. Massachusetts Port Auth.*, 33 Mass.App.Ct. 391, 600 N.E.2d 599 (1992); *Amarin Plastics, Inc. v. Maryland Cup Corp.*, 946 F.2d 147 (1st Cir. 1991).

**Instruction No. 8**
**(Damages)**

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.

In order to recover damages against Roberts, Gateman must demonstrate that the damages complained of were caused by Roberts' conduct. If the damages were caused by Gateman or by someone other than the Roberts, then Gateman is not entitled to damages from the Roberts.[10]

---

[10] *Kobayashi v. Orion Ventures, Inc.*, 42 Mass.App.Ct. 492, 678 N.E.2d 180, *further app. rev. denied*, 425 Mass. 1102, 680 N.E.2d 101 (1997). *Fernandes v. Union Bookbinding Co.,* 400 Mass. 27, 37–38, 507 N.E.2d 728, 734–35 (1987); *Sackett v. St. Mary's Church Soc'y*, 18 Mass.App.Ct. 186, 464 N.E.2d 956 (1984); *John Hetherington & Sons, Ltd. v. William Firth Co.,* 210 Mass. 8, 95 N.E. 961 (1911).

**Instruction No. 9 - Benefit of the Bargain**

Gateman is entitled to recover damages sufficient to give it the benefit of its contractual bargain, as long as such damages are reasonably proved. In other words, it is entitled to those damages that would put it in a position to obtain that which it has bargained to obtain, so far as compensation in money can be computed by rational methods upon a firm basis in fact.[11]

---

[11] *Productora E Importadora De Papel v. Fleming,* 376 Mass. 826, 837–38, 383 N.E.2d 1129, 1136 (1978); *White Spot Constr. Co. v. Jetspray Cooler, Inc.*, 344 Mass. 632, 635, 183 N.E.2d 719, 721–22 (1962); *John Hetherington & Sons, Ltd. v. William Firth Co.,* 210 Mass. 8, 95 N.E. 961 (1911).

### Instruction No. 10 - Mitigation of Damages

A person who has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize damages. Gateman may not recover for losses that could have been prevented by reasonable efforts on its part.[12]

---

[12] *Burnham v. Mark IV Homes, Inc.,* 387 Mass. 575, 441 N.E.2d 1027 (1982); Restatement (Second) of Contracts § 350(1) (1981).

**Instruction No. 11**
(*In Pari Delicto*)

The doctrine of *in pari delicto* bars a plaintiff who has participated in wrongdoing from recovering damages for a loss resulting from the wrongdoing. *Choquette v. Isacoff,* 65 Mass.App.Ct. 1, 3-4 (2005). The doctrine stands for the theory that courts will not lend aid to parties who base their cause of action on their own immoral or illegal acts. *See Atwood v. Fisk,* 101 Mass. 363, 364 (1869). "When two parties, acting together, commit an illegal or wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other, because both are equally culpable, … and the damage results from their joint defense." *Stewart v. Roy Bros.,* 358 Mass. 446, 458-459 (1970).

"In Massachusetts, the rule has its usual application with respect to the attempted enforcement of illegal contracts, and in equitable proceedings where both parties come before the court with unclean hands." *Choquette v. Isacoff,* 65 Mass.App.Ct. 1, 4 (2005). Massachusetts courts would not allow primary wrongdoer to sue a secondary accomplice for helping in the wrong. *Baena v. KPMG LLP,* 2006 WL 1703822 (1st Cir. 2006)

"In pari delicto, which literally means "in equal fault" is a doctrine commonly applied in tort cases to prevent a deliberate wrongdoer from recovering from a co-conspirator or accomplice. It is applied by Massachusetts courts in tort cases, including claims under chapter 93A." *Baena v. KPMG LLP,* 2006 WL 1703822 (1st Cir. 2006) (Where company falsified financial reports and submitted to accounting firm, company was barred from recovering against accounting firm because company was the primary wrongdoer.)