UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 06-CA-11034NG

| | |
|---|---|
| GEORTO, INC., | ) |
|     Plaintiff | ) |
| | ) |
|   v. | ) |
| | ) |
| JACKSON D. GATEMAN, WILLIAM | ) |
| GATEMAN, INDIVIDUALLY AND | ) |
| AS TRUST OF 200 UNION STREET | ) |
| REALTY TRUST AND BELL CIRCLE | ) |
| LLC, | ) |
| Defendants | ) |

AFFIDAVIT OF JACKSON D. GATEMAN
IN SUPPORT EMERGENCY MOTION TO CONSOLIDATE
CASES AND CONTINUE SCHEDULED TRIAL

    I, Jackson D. Gateman, hereby on oath do depose and say as follows:

(1)    I have been a resident of Swampscott, MA for nearly forty (40) years.

(2)    I have engaged in various businesses in the Boston metropolitan area, but, since a recent heart attack, my activities have been limited to assisting my children in their business ventures.

(3)    In connection with commercial ventures in which my children, including my son William, engage, I have advanced sums with the understanding with my children that, upon sale or realization of profit, my advances would be repaid.

(4)    As one would expect of intrafamily transactions, advances of sums was not evidenced by promissory notes, but instead were memorialized by checks drawn by me and payable either to my children or directly to their creditors for the payment of expenses. In making these advances, it is not my intent to secure a beneficial interest in my children's businesses, but merely to assist on a parental level.

(5)     This was exactly the case in connection with the purchase of the property located on 200 Union Street, Lynn, Massachusetts, which was purchased by my son William, as Trustee of the 200 Union Street Realty Trust.  Although I advanced certain sums for the purchase of the property and paid some of the subsequent expenses associated with its clean up, I never held a beneficial interest therein.  The property was always held for the benefit of my son William.

(6)     All sums received by me from the Trust were in repayment of advances made by me to my son William.

(7)     I did not direct or control William Gateman's actions in connection with the subject property and whole heartedly deny that neither he nor I engaged in any of the improper activities that plaintiff alleges in its Complaint.

(8)     I am now familiar with the allegations against my son contained in CA 04-11730NG and the issues to be raised at the trial thereof.  Many of the issues presented in No. 04-11730NG overlap the issues presented in this case.

(9)     I have been advised that, should findings be made against my son in No. 04-11730NG, there exists a possibility that I could be collaterally estopped from mounting my own defense in the present case.  I assert that if I am not given the full opportunity to mount a defense, including the right to conduct discovery and present expert witnesses on my behalf, my due process rights will be violated.

(10)    I do not wish to waive or forego any rights that I have to mount a full and complete defense to all of the issues raised by the plaintiff.

(11)    I an advised and believe that the only way that my rights can be properly preserved are for the plaintiff's two actions to be consolidated and for trial to commence only after I have been

afforded my rights to discovery and to set forth witnesses on my behalf. I therefore join in the Motions filed in No. 04-11730 NG to consolidate and continue trial.

Signed under the pains and penalties of perjury, this 10th day of August, 2006.

 

_____
/s/ Jackson D. Gateman