UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____         CIVIL ACTION NO. 04-11730 NG
)
GEORTO, INC.,                                        )
   Plaintiff,                         )
                                                     )
  v.                                       )
                                                     )
WILLIAM GATEMAN, INDIVIDUALLY )
and as TRUSTEE OF 200 UNION                          )
STREET REALTY TRUST                                  )
                                                     )
   Defendant and                      )
   Third Party Plaintiff              )
                                                     )
ROBERTS CORPORATION                                  )
                                                     )
   Third Party Defendant,             )
_____)

**DEFENDANT WILLIAM GATEMAN'S REQUEST FOR JURY INSTRUCTIONS**

Defendant, William Gateman ("Gateman"), pursuant to the Court's Pre-Trial Order dated July 20, 2006, hereby requests that the Court instruct the jury on the law as set forth in the proposed jury instructions attached hereto. Gateman respectfully reserves the right to supplement this Request with additional or amended jury instructions should the course of the proceedings so require.

             Defendant William Gateman,
             By his Attorney,

             */s/ Mark P. McGrath*

             Mark P. McGrath, BBO #642913
             9 West Broadway  #214
             Boston, MA  02127
             (617) 271-9009
Dated: August 14, 2006       mpgrath@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document was this day served upon all counsel of record by electronic filing.

SIGNED under the pains and penalties of perjury.

Dated: August 14, 2006

_____
Mark P. McGrath

**Burden of Proof**

Plaintiff Georto asserts certain claims against Defendant William Gateman. Gateman, in turn,

asserts certain claims as a Third Party Plaintiff against Third Party Defendant, Roberts Corporation.

Plaintiff Georto has the burden to prove every essential element of its claim by a preponderance of the evidence.  If the plaintiff should fail to establish any essential element of its claim by a preponderance of the evidence, you should for Defendant Gateman as to that claim.  "Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

**Breach of Contract**

A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty.  To be binding, a contract must include a manifestation of mutual assent to the terms and conditions of the contract.

A breach of contract is a failure to comply with one or more terms of the contract.  In order to recover for breach of contract, the Plaintiff must have completely performed its obligations and the Defendant must have failed to perform its obligations.

Georto must prove the following four elements by a preponderance of the evidence in order to prevail in its breach of contract claim:

1. That there is a contract;
2. That Georto performed its obligations
3. That Gateman failed to perform under the contract, and
4. That Georto suffered damages as a result of the breach of contract.

Gateman must prove the following four elements by a preponderance of the evidence in order to prevail in its breach of contract claim against Roberts:

1. That there was an agreement between Roberts and Gateman;
2. That Gateman completely performed its obligations under the agreement;
3. That Roberts breached the agreement; and
4. That Gateman suffered damages as a result of Roberts' breach of the agreement.

**Damages**

If the Defendant did breach the contract, you must then decide the amount of the Plaintiff's damages, if any.  Before the plaintiff can recover damages under any theory of recovery, it must prove that the Defendant's breach caused damages.

The basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract.

In order to recover damages against the defendant, the plaintiff must demonstrate that the

damages complained of were caused by the Defendant's conduct.  If the damages were caused by the Plaintiff or by someone other than the Defendant, then the Plaintiff is not entitled to damages from the Defendant.

In order to recover damages against Gateman, Georto must demonstrate that the damages complained of were caused by Gateman's conduct.  If the damages were caused by Georto or by someone other than Gateman, then Gateman is not entitled to damages from Gateman.

Similarly, in order to recover damages against Roberts, Gateman must demonstrate that the damages complained of were caused by Roberts' conduct.  If the damages were caused by Gateman or by someone other than Roberts, then Gateman is not entitled to damages from Roberts.

### Mitigation of Damages

A person who has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize damages.  Georto may not recover for losses that could have been prevented by reasonable efforts on its part.  Similarly, Gateman may not recover for losses that could have been prevented by reasonable efforts on his part.

**Fraud Claim**

Georto may recover damages from Gateman on its fraud claim if it proves all of the following elements by a preponderance of the evidence:

1. That Gateman made a false statement to Georto, and that statement concerned some fact that a reasonable person would consider important to the decision that Georto was about to make;
2. That when Gateman made the statement, he either knew the statement was false, or recklessly made the statement by willfully disregarding its truth or falsity;
3. That Gateman made the false statement with the intention that Georto would rely on that statement in making its decision;
4. That in making its decision, Georto did in fact rely on Gateman's statement as true, and that his reliance was reasonable under the circumstances; and
5. That Georto suffered some financial loss as a result of relying on Gateman's false statement.

If Georto has failed to prove any of these five elements, then your verdict must be for the Defendant.  If Georto has proved these five elements by a preponderance of the evidence, then your verdict must be for Georto.

**Negligent Misrepresentation**

In this case, Georto asserts that Gateman negligently misrepresented material facts to Georto, and as a result Georto purchased the Property.

Georto must prove all of the following elements by a preponderance of the evidence:

1. That Gateman made a false statement to Georto, and that this statement concerned some fact that a reasonable person would consider important to Georto's decisions;
2. That when Gateman made the statement, he negligently failed to determine whether it was true or false.  Gateman acted negligently if he made a statement about an important fact without using the amount of care a reasonable person would use in those circumstances to see that what he said was true;
3. That Gateman made the false statement with the intention that Georto would rely on that statement;
4. That in making its decisions, Georto did in fact rely on Gateman's statement as true, and that his reliance was reasonable in the circumstances; and
5. that Georto suffered some financial loss as a result of relying on Gateman's false statement.

If Georto fails to prove any one of these elements, then your verdict must be for the Defendant. If Georto proves all five of these elements, then your verdict must be for the Plaintiff.