UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>GEORTO, INC., )<br>       Plaintiff, )<br>        )<br>    v. )<br>        )<br>WILLIAM GATEMAN, INDIVIDUALLY )<br>and as TRUSTEE OF 200 UNION )<br>STREET REALTY TRUST )<br>        )<br>       Defendant, )<br>       Third Party Plaintiff, and )<br>       Third Party Defendant-in- )<br>       Counterclaim )<br>        )<br>ROBERTS CORPORATION )<br>        )<br>       Third Party Defendant, )<br>       and Third Party Plaintiff-in- )<br>       Counterclaim )<br>_____ ) | CIVIL ACTION NO. 04-11730 NG |

## **DEFENDANT WILLIAM GATEMAN'S EMERGENCY MOTION TO CONSOLIDATE ACTIONS**

NOW COMES Defendant, William Gateman ("Gateman"), pursuant to Fed. R. Civ. P. 42(a), and hereby moves this Honorable Court to consolidate the above matter with Civil Action No. 06-11034 and grant the Defendant a continuance in order to conduct discovery in the consolidated action. In support of his Motion, Gateman submits the Affidavit of Mark McGrath, dated August 9, 2006, the Affidavit of Jackson Gateman, dated August 10, 2006, and also relies upon submissions previously submitted.

Plaintiff Georto, Inc. ("Georto") filed this lawsuit against Gateman on August 4, 2004. Georto has asserted claims against Gateman for breach of warranty (Count One), fraud (Count Two), negligent misrepresentation (Count Three), breach of the covenant of good faith and fair dealing (Count Four), and violation of Chapter 93A of the Massachusetts General Laws (Count Five). Georto has also filed a second lawsuit against Gateman, as well as his father, Jackson Gateman, dated June 13, 2006, but not served upon Gateman until August 8, 2006, 06-11034 NG. This second lawsuit involves common questions of law and facts. The facts necessary to develop and resolve questions raised by the Plaintiff are virtually identical in each case, and consolidation would not only be appropriate but involve only slight delay in a trial date, as relatively little, albeit significant, discovery would need to be conducted. Without consolidation, trial on the second action would large duplicate the discovery, pre-trial and trial on the first actions, currently scheduled for a five day trial on August 21, 2006.

Consolidation under Rule 42(a) is permitted as matter of convenience and economy in administration; consolidation does not merge separate actions into single cause, does not change rights of parties, and does not make those who are parties in one action parties in another. Abrams v. Occidental Petroleum Corp. (1968, SD NY) 44 FRD 543; Feldman v. Hanley (1969, SD NY) 49 FRD 48. Moreover, judicial economy generally favors consolidation. Switzenbaum v. Orbital Sciences Corp. (1999, ED Va) 187 FRD 246.

Consolidation of cases pursuant to F.R.C.P. 42(a) does not merge suits into single cause, or change rights of parties, or make those who are parties in one suit parties in another. Cabrini Dev. Council v. LCA Vision, Inc. (2000, SD NY) 197 FRD 90. Consolidation is also desirable to promote "trial convenience and economy in administration." Schacht v. Javits, (1071 SD NY) 53 FRD 321, 324-25.

The foregoing facts show that this is an appropriate situation for consolidation. The pleadings all allege damages arising out of the same alleged violations. Common questions of law and fact are present. The Court's discretionary power to order consolidation is clear, and consolidation would be the most economical and expeditious method of resolving these two matters without needless duplication of discovery and costs to the respective parties.

WHEREFORE, for the reasons above and others to be advanced at the time of hearing on this matter, the Defendant, William Gateman respectfully requests this Court to grant its Motion for Consolidation.

> Respectfully submitted,
> William Gateman,
> Individually and as Trustee
> By his Attorney,
>
> _____
> Mark P. McGrath, BBO #642913
> 9 West Broadway #214
> Boston, MA 02127
> (617) 271-9009
> mpgrath@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was this day served upon all counsel of record by electronic filing, this 10th day of August, 2006.

SIGNED under the pains and penalties of perjury.

Dated: August 10, 2006

_____
Mark P. McGrath