**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 04-11730 NG

_____

GEORTO, INC.,
        Plaintiff,

        v.

WILLIAM GATEMAN, INDIVIDUALLY
and as TRUSTEE OF 200 UNION
STREET REALTY TRUST

        Defendant,
        Third Party Plaintiff, and
        Third Party Defendant-in-
        Counterclaim

ROBERTS CORPORATION

        Third Party Defendant,
        and Third Party Plaintiff-in-
        Counterclaim
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**AFFIDAVIT OF MARK MCGRATH DATED AUGUST 9, 2006**

I, Mark McGrath, do depose and state as follows:

1.      I am an attorney at law admitted to practice in the Commonwealth of

Massachusetts. I am counsel to William Gateman in the above-entitled matter and in the related

action of Georto, Inc. v. William Gateman, Jackson Gateman et al, United States District Court

for the District of Massachusetts Civil Action No. 06-11034 NG.

2.      I have personal knowledge of the matters set forth herein except as to those

matters that are stated to be upon information and belief.

3.      Attached hereto as Exhibit A is a true and accurate copy of an affidavit of Jackson Gateman, father of my client, dated August 10, 2006.

4.      I have on multiple occasions spoken with Dale Kerester, counsel for Plaintiff, Georto, Inc., regarding discovery and settlement issues.  At no time did I indicate to Attorney Kerester that I represented Jackson Gateman in this matter.  He did on one occasion give me the "courtesy" of telling me that he was considering adding Jackson Gateman as a defendant in the case against my client.  At no point did he discuss with me filing a separate and additional complaint against both Jackson Gateman and my client.

5.      Notwithstanding the foregoing, I became aware of the second complaint now filed by Georto, Inc., dated June 13, 2006, but not served upon my client until August 8, 2006.  I first became aware of this Complaint, and accompanying documents, on August 4, 2006, through my co-counsel in this case, Carolyn Conway, of Dimento & Sullivan, who had received delivery from Attorney Kerester.

6.      I met yesterday with my client and his father, along with Carolyn Conway, who now represents Jackson Gateman.  Given the Court's Order of July 31, 2006 attaching Jackson Gateman's personal checking account at Citizens Bank and that a second Complaint has been served upon the Gatemans, in this instance naming both individuals as Defendants, then upon information and belief, the rights of my client are best preserved by a consolidation of these actions and for appropriate discovery to take place.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 9TH DAY OF AUGUST, 2006.

/s/ Mark P. McGrath