UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC., )<br>           Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM GATEMAN, INDIVIDUALLY )<br>and as TRUSTEE OF 200 UNION )<br>STREET REALTY TRUST, )<br>           Defendant and )<br>           Third Party Plaintiff, )<br>)<br>v. )<br>)<br>ROBERTS CORPORATION, )<br>           Third Party )<br>           Defendant. ) | CIVIL ACTION NO. 04-11730 NG |

**PLAINTIFF'S OPPOSITION TO WILLIAM GATEMAN'S
EMERGENCY MOTION TO CONSOLIDATE ACTIONS**

Plaintiff Georto, Inc. ("Georto") hereby opposes Defendant William Gateman's ("Gateman") emergency motion to consolidate the present action with Civil Action No. 06-11034 (the "Second Action") and the request contained within that motion that the Court grant Gateman a "continuance in order to conduct discovery in the consolidated action." In support of its Opposition, Georto relies upon the Affidavit of Dale Kerester (Docket No. 38 in the present action) and the Affidavit of Dale Kerester Dated June 13, 2006 (Docket No. 6 in the Second Action), states that the present action is scheduled and ready for trial on Monday, August 21, 2006, and further states as follows:

1.    Pursuant to the Scheduling Conference held on April 25, 2005 and the Status Conference held on October 17, 2005 , this matter was originally scheduled for trial on April 24, 2006. At the hearing held on March 13, 2006 regarding Gateman's prior counsel's motion

to withdraw (which was filed on January 25, 2006), the Court rescheduled the trial until August 21, 2006 and ordered that "NO FURTHER CONTINUANCES WILL BE ENTERTAINED."

2.  Georto is prepared to start trial on Monday, August 21, in accordance with the Court's Order.[1]  Any delay will cause substantial expense and prejudice.

3.  Gateman's motion is a transparent attempt to further stall and delay resolution of Georto's claims against him.  Gateman has long been aware of Georto's assertions that Jackson Gateman is the beneficiary of the 200 Union Street Realty Trust (including Georto's motion to compel production of the schedule of beneficial interests) and to locate the Trust's sale proceeds / assets to secure an anticipated judgment (including Georto's requests that Gateman's counsel place such proceeds in escrow pending resolution of this action).  In response, Gateman <u>transferred additional assets to his father the day after Georto's counsel took Gateman's deposition and discovered the existence of such assets</u>, failed to produce any schedule of beneficial interests notwithstanding the Court's Order to produce such documents, and delayed producing the bank records that were the subject of the Court's Order until August 2, 2006.  Gateman's conduct thereby necessitated the filing of the Second Action and the corresponding ex parte motions for prejudgment security.

4.  Contrary to Gateman's characterizations, the issues to be resolved by the Second Action are separate and distinct from the issues to be resolved by the present action.  Pursuant to its Complaint in the Second Action, Georto asserts fraudulent conveyance claims against Gateman, his father Jackson Gateman, and a limited liability corporation controlled by Gateman arising from their conduct in depleting approximately one million dollars of sale proceeds / assets of William Gateman as Trustee of the 200 Union Street Realty Trust (the

"Trust"). Accordingly, the issues to be resolved in the Second Action concern William and Jackson Gateman's conduct in transferring those assets, including but not limited to the transfer of over $300,000 to or for the benefit of Jackson Gateman after the filing of the present action. Georto also asserts claims against Jackson Gateman based on its claim that Jackson Gateman is the beneficiary of the Trust, a nominee trust. Jackson Gateman's liability on that claim will be based on his status as beneficial interest holder of a nominee trust and the corresponding presumption that he directed the actions of the trustee in accordance with the powers held by the beneficial interest holder under the Declaration of Trust. Accordingly, that claim will require resolution of the issue of whether Jackson Gateman is the beneficial interest holder - an issue that will not be resolved by the trial of the present action.

5. In the event that Georto demonstrates in the Second Action that Jackson Gateman held the beneficial interest in the Trust (William Gateman admitted in his deposition that his father held the beneficial interest in the Trust and that his "family" also purchased other properties for which William Gateman may have been designated as the trustee), then Jackson Gateman has presumably directed the defense of the present action.[2] Accordingly, any suggestion by Jackson Gateman that he should be afforded some discovery as to the issues in the present action should be rejected. William Gateman, individually and as trustee and with the assistance of a total of four attorneys, has had plenty of opportunity to conduct discovery and prepare for trial and in fact has done so (including interrogatories, requests for production

---

[1] A number of witnesses rearranged and/or cancelled commitments in order to be available to testify at trial.
[2] Upon information and belief, William Gateman's present counsel represented Jackson Gateman in other matters prior to filing an appearance on behalf of William Gateman in this action.

of documents, and numerous depositions).³ Jackson Gateman's assertions in his affidavit regarding his desire to "conduct discovery and present expert witnesses on my behalf" reflect that he and William Gateman seek a second bite of the apple to rectify perceived shortcomings in the manner in which the Trust defended the present action (such as the failure to make the required expert witness disclosures).

6.      Jackson Gateman's present assertions that he is "now familiar with the allegations against my son" and his corresponding complaints regarding the impact of the resolution of the present action also ring hollow. Jackson Gateman, who witnessed his son's execution of the purchase and sale agreements with Family Dollar and Georto and who (according to other witnesses) visited the site during the demolition activities, has long been aware of this action, as Georto subpoenaed him for deposition on multiple occasions (including a deposition scheduled for September, 2005). Jackson Gateman not only failed to take any steps to join the present action as a party as contemplated by Fed. R. Civ. P. 19 but ignored each of the deposition subpoenas served upon him. To this day, he has failed and refused to appear for deposition.

For the foregoing reasons, Georto, Inc. respectfully requests that the Court deny Gateman's emergency motion and instead proceed with the trial as scheduled.

---

³ It should also be noted that while Jackson Gateman will have the opportunity to conduct discovery in the Second Action, the matters to be discovered (the fraudulent transfers of assets and the documentation regarding the beneficial interests in the Trust) are fully within his own control and that of his son.

**GEORTO, INC.,**
By its attorney,


/s/ Dale Kerester
Dale C. Kerester, BBO#548385
LYNCH, BREWER, HOFFMAN & FINK, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800
dkerester@lynchbrewer.com

Dated:  August 17, 2006

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Dale Kerester
Dale Kerester
