# United States District Court
### FOR THE
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11730 NG

GEORTO, INC.,  )
    Plaintiff,  )
                           )
    v.  )
                           )
WILLIAM GATEMAN, INDIVIDUALLY  )
and as TRUSTEE OF 200 UNION  )
STREET REALTY TRUST  )

    Defendant,  )
    Third Party Plaintiff, and  )
    Third Party Defendant-in-  )
    Counterclaim  )

ROBERTS CORPORATION  )

    Third Party Defendant,  )
    and Third Party Plaintiff-in-  )
    Counterclaim  )

### ROBERTS CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO FED.R.CIV.P. 11

Third Party Defendant, Roberts Corporation ("Roberts"), submits the following memorandum of law in support of its Motion for attorney fees and costs, pursuant to Fed.R.Civ.P. 11.

### INTRODUCTION

This action arises out of a conveyance of real property from Gateman to the Plaintiff Georto, Inc. ("Georto"). In its Complaint, Georto alleged that, after purchase of the real property located between Ellis Street and Union Street in Lynn, Massachusetts ("the Property"), and upon commencement of construction of a new commercial building, it discovered substantial demolition debris and solid waste

that had been concealed below grade in contravention of Gateman's warranty and representations in a June 2003 purchase and sale agreement. Georto further alleged that in Spring 2004 it was required to excavate, remove, and dispose of 167 truckloads of debris and to replace with acceptable fill in order to construct its building on the Property.

After Georto filed suit, Gateman filed a three paragraph Third Party Complaint against Roberts generally alleging breach of contact and indemnity with regard to Roberts' demolition of a condemned building on the Property in March-May 2002. On July 3, 2007, this Court found in favor of Roberts. This Honorable Court's findings of fact showed that Gateman was fully aware at the time of filing his Complaint that Roberts had completed its job pursuant to the contract and any materials that were found at the site either remained at the site pursuant to Gateman's instructions or were buried by Gateman himself.

## ARGUMENT

Rule 11(b)(1-3) of Federal Civil Procedure states that:

> "By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

Pursuant Fed.R.Civ.P 11(c), the Court may impose sanctions on the responsible attorneys, law firms or parties. In this matter, Gateman brought claims against Roberts which Gateman knew to be wholly false and without merit. This Court found that Roberts did not breach its contract with Gateman and that Gateman was fully aware of the material left by Roberts (as Gateman directed him to do so) and that Gateman took part in filling in the Georto side of the property with the

objected-to material. See Memorandum and Order of July 3, 2007, pp. 39-43; Document # 97. Thus, Gateman was fully aware of these facts when he filed the Third-Party Complaint against Roberts and was fully aware that his allegations and other factual contentions did not have evidentiary support or, if specifically so identified, were likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This is a violation of Rule 11. See Fed.R.Civ.P 11(b)(3).

Mr. Gateman's frivolous claims against Roberts forced Roberts into three years of litigation costing in excess of $130,000. Roberts was the true victim in this matter as Roberts, who originally made a minor profit on the contract, has now paid in excess of $40,000 of the total amount of the contract to defend these merit-less claims; whereas, the evidence showed that both Gateman and Georto made considerable profits in the sale of the property and as a result of the July 3, 2007 ruling. It is clear that Gateman made these false claims against Roberts to simply defect the blame of his own actions and attempt to find another pocket to reduce his own damages. The Court, however, saw through Gatemen's feeble attempt and found that it was Gateman who was knowingly responsible for all of the damages in this matter.

Wherefore, Roberts Corporation requests that this Court find in its favor and award Roberts Corporation with $131,440.08 in attorney's fees and costs associated with defending this frivolous claim.

Respectfully submitted,
Roberts Corporation,
By its Attorney,


 /s/ J. Mark Dickison
J. Mark Dickison (BBO# 629170)
LAWSON & WEITZEN, LLP
88 Black Falcon Ave., Ste. 345
Boston, MA  02210
617-439-4990
mdickison@lawson-weitzen.com