UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORTO, INC., <br>      Plaintiff | ) <br> ) <br> ) | |
| v. | ) <br> ) | |
| WILLIAM GATEMAN, <br>      Defendant, Third Party <br>      Plaintiff | ) <br> ) <br> ) <br> ) | Civil Action No. 04-11730-NG |
| v. | ) <br> ) | |
| ROBERTS, INC. <br>      Third Party Defendant | ) <br> ) | |

DEFENDANT WILLIAM GATEMAN'S RESPONSE TO ROBERTS
CORPORATION'S MOTION FOR ATTORNEY FEES AND COSTS
PURSUANT TO FED.R.CIV.P. 11

I.     INTRODUCTION

Given that over the course of this litigation there have been appearances of several different counsel on behalf of defendant, this Response reflects a lack of certainty as to which counsel the Motion is directed, if any.   On its face, the Motion appears to seek sanctions against the individual defendant only.  Also, because the Third Party Complaint is the only pleading referenced in the Motion, this Response assumes that the Third Party Complaint is the only pleading, written motion or other paper, subject to the Motion.

In any event, the defendant submits that neither he nor any of his attorneys should be sanctioned under the provisions of Rule 11.

## I. PROCEDURAL HISTORY AND APPEARANCES OF COUNSEL

This action was commenced on August 5, 2004. On September 1, 2004, defendant's Answer and Third Party Complaint against Roberts Corporation was filed with the Court, signed on defendant's behalf by Alan G. Miller, Esquire, 6 Beacon Street, Boston, MA 02109. On April 15, 2005, Attorney James S. Robbins, 6 Beacon Street, Boston, MA 02109 filed his appearance on behalf of defendant. On January 25, 2006, a Motion to Withdraw as counsel for defendant was filed by Attorneys Miller and Robbins. On February 14, 2006, the Court allowed the Motion to Withdraw. On March 13, 2006, Attorney Mark McGrath, 9 West Broadway, Boston, MA, appeared on behalf of defendant at a status conference held before the Court. Mr. McGrath successfully defended Roberts' Motion for Summary Judgment with respect to the breach of contract claims. Thereafter, on August 2, 2006, the firm of DiMento & Sullivan appeared on behalf of defendant. Undersigned counsel and Attorney McGrath acted as co-counsel for defendant during the trial of this matter, which proceeded for eight (8) days from September 11, 2006 through September 25, 2006.

## II.  ROBERTS CORPORATIONS' MOTION SHOULD BE DENIED FOR FAILURE TO COMPLY WITH THE PROVISIONS OF FED.R.CIV.P. 11(c)(1)(A).

Fed.R.Civ.P. 11(c)(1)(A) provides in pertinent part: "[A motion for sanctions] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation or denial is not withdrawn or appropriately corrected". With respect to this provision, the Court of Appeals for the Fourth Circuit has stated, "It is clear from the language of the rule that it

2

imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Brickwood Contrs., Inc. v. Datanet Eng's, Inc.* 369 F. 3d 385, 389 (4th Cir. 2004). Further, the notes of the Advisory Committee on the 1993 Amendment to the Rule state that, given this so-called "safe harbor" provision, "a party cannot delay serving its Rule 11 motion until after the conclusion of the case (or judicial rejection of the offending contention)". *E.g.*, *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 152 (4th Cir. 2002) (explaining that "the 'safe harbor' provisions of Rule 11(c)(1)(A) preclude the serving and filing of any Rule 11 motion after conclusion of the case"); *Smith v. Robertshaw Controls Co.,* 2004 U.S. Dist. LEXIS 10448 (D. Mass. 2004). ("Given the 'safe harbor' provisions discussed below, a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).)"

Roberts Corporation's Rule 11 motion was filed with the Court on August 3, 2007. Undersigned counsel was not served with the Motion prior to filing, and, to the best of counsel's knowledge and belief, neither was prior counsel served prior to withdrawal.

Simply put, Roberts Corporation's motion must be denied as untimely, especially since the only act referenced as offending Rule 11 is the initial filing of the Third Party Complaint.

**III.    NEITHER WILLIAM GATEMAN NOR HIS COUNSEL VIOLATED RULE 11.**

"Rule 11 allows sanctions if either (1) a pleading, motion or paper has been interposed for an improper purpose or (2) after reasonable investigation, a competent

3

attorney could not form a reasonable belief that the pleading, motion or paper is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. *Lancellotti v. Fay*, 909 F.2d 15, 19 (1st. Cir. 1990).

In its Motion, Roberts defines the Rule 11 violation that it is seeking sanctions for as follows: "Gateman was fully aware at the time of filing his Complaint that Roberts had completed its job pursuant to the contract and any materials that were found at the site either remained at the site pursuant to Gateman's instructions or were buried by Gateman himself." From the time of filing of his Third Party Complaint through trial, Gateman maintained that, pursuant to its contractual obligations, Roberts was bound to remove demolition debris, other than brick and concrete. Gateman's belief in Roberts' contractual liability was first demonstrated when Gateman called Roberts in when plaintiff first complained of demolition debris on the site. While not determinative, it is apparent that the Third Party Complaint was commenced in good faith.

The main issue between the parties, whether there was modification to their written contract, was defined and recognized by this Court, in denying in part Roberts' Motion for Summary Judgment, as follows: "Here, factual questions remain as to whether or not Roberts' clean-up efforts met the terms of the Roberts-Gateman contract, as orally modified by the parties" (Order entered June 12, 2006). By surviving the Motion for Summary Judgment, the Third Party Complaint cannot be deemed in violation of Rule 11. *Notes of Advisory Committee on 1993 amendments* ([I]f a party has evidence with respect to a contention that would suffice to defeat a motion for summary judgment based thereon, it would have sufficient 'evidentiary support' for purposes of Rule 11.")

4

Significantly, at the summary judgment stage, Gateman, through counsel, conceded lack of evidentiary support for noncontractual theories that had previously been set forth, and the case against Roberts was tried solely on the surviving issue.

Given that Gateman survived summary judgment on the issue tried before the Court, neither the defendant nor counsel can be held to have violated Rule 11.[1]

### IV.  EVEN IF THE COURT FINDS A VIOLATION OF RULE 11, ROBERTS IS NOT ENTITLED TO COUNSEL FEES.

Fed.R.Civ.P. 11(c)(2) provides that "a sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetitions of such conduct or comparable conduct by others similarly situated."

The Notes of the Advisory Committee on the Rule state:

"Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty.  However, under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation.  Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorneys' fees to another party.  Any such award to another party, however, should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement."

Defendant submits that neither his nor counsel's actions warrant sanction in the form of an award of attorneys' fees, especially when considered in light of the denial for the motion for summary judgment.  Furthermore, given that Roberts did not file a timely Rule 11 motion when served with the Third Party Complaint, which could have resulted in the withdrawal of the pleading, none of its attorneys' fees can be deemed unavoidable.

---

[1] Defendant does not read Roberts' Motion as complaining of a pleading or motion interposed for an improper purpose or of a pleading or motion not warranted by existing law and, therefore, has only addressed lack of evidentiary support.

5

For the foregoing reasons, Defendant William Gateman requests that the Motion of Roberts Corporation be denied.

August 17, 2007

By his attorneys

/s/_____
Carolyn M. Conway
BBO# 097160
DiMENTO & SULLIVAN
7 Faneuil Marketplace, Third Floor
Boston, MA  02109
(617) 523-2345