UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC.,<br>  Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| WILLIAM GATEMAN,<br>  Defendant, Third Party<br>  Plaintiff | )<br>)  Civil Action No. 04-11730-NG<br>)<br>) |
| v. | )<br>) |
| ROBERTS, INC.<br>  Third Party Defendant | )<br>) |

**DEFENDANT WILLIAM GATEMAN'S RESPONSE TO
PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS**

In determining the amount of an award of reasonable attorneys' fees:

 "The Court is required to make 'concrete findings' which 'supply a clear explanation of the reasons undergirding a particular fee award.' *Peckham v. Continental Cas. Ins. Co.*, 895 F.2d 830, 842 (1st Cir. 1990). Relevant considerations include 'the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.' *Linthicum v. Archambault*, 379 Mass. 381, 388-89 (1979), overruled in part on other grounds by *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 418 Mass. 737, 743 (1994). 'No single factor is necessarily dispositive of the services' worth.' *Star Fin. Servs., Inc. v. AA\* Mortgage Corp.*, 89 F.3d 5, 16 (1st Cir. 1996). Ultimately, 'the fee-shifting anodyne focuses on 'what [counsel's] services were objectively worth.'" *Peckham*, 895 F.2d at 842 (alteration in original) (quoting *Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 629 (1978)). The amount of the award 'is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney's services.' *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 324 (1993).

*Arthur D. Little Int'l v. Dooyang Corp.*, 995 F. Supp. 217, 221 (D. Mass. 1998).

 A "reasonable" fee requires some relationship between the depth of the services

provided and what is at stake. *Morse v. Mutual Federal Sav. & Loan Asso.*, 536 F. Supp.

1271, 1283 (D. Mass. 1982)  Accordingly, "In the process, the court has a right -- indeed, a duty – 'to see whether counsel substantially exceeded the bounds of reasonable effort' *United States v. Metropolitan Dist. Com.*, 847 F.2d 12, 17 (1st Cir. 1988), citing *Pilkington v. Bevilacqua*, 632 F.2d 922, 925 (1st Cir. 1980).   In so doing, the court must view the claim for fees in perspective and maintain a sense of overall proportion. *Gabriele v. Southworth*, 712 F.2d 1505, 1507 (1st Cir. 1983).

The defendant makes the following assertions in connection with plaintiff's application for fees:

**1. All fees incurred prior to the initiation of litigation should be disallowed.**

Section 11 of G.L.c.93A provides for an award of "reasonable attorneys' fees and costs **incurred in said action**. (emphasis added)".  Attorneys' fees incurred as a result of a 93A violation but not incurred in the litigation are considered a loss of money or property and may be recovered as G.L. c.93A damages.  *Columbia Chiropractic Group, Inc. v. Trust Insurance Company,* 430 Mass.60, 63 (1999).

Therefore, the attorneys' fees reflected on counsel's July 29, 2004 invoice should be disallowed as having been incurred prior to the filing of the complaint, August 5, 2004, and not presented as damages at trial.

**2. The charges of $12,437.50 for preparation of the fee application is excessive and should be reduced.**

Counsel has requested to be compensated for 45.25 hours of work at a rate of $250, the same rate as charged for trial time and preparation therefor.

However, the First Circuit has regularly encouraged district courts to use a lower rate for what it refers to as "drudge work"  *United States v. Metropolitan Dist. Comm'n,* 847 F.2d 12, 18 n6 (1st Cir. 1988).  Furthermore, in marshalling billing records, there

appears no need for counsel to review the pleadings, correspondence and notes, which no doubt accounts for a large portion of the hours expended. Affidavit of Dale Kerester at ¶9.

That counsel's request is excessive is illustrated by the case of *Arthur D. Little International v. Dooyang Corporation, et al,* 995 F. Supp. 217 (1998). In that case, the plaintiff was awarded the sum of $460,000 on its breach of contract claim. The court held that defendants as also breached G.L. c.93A and awarded double damages. Thereafter, plaintiff requested that the court assess $975,752.00 in attorneys' fees and $206,434.53 in costs. Of that amount, plaintiff's lawyers billed $6442.50 for 21.9 hours of work in preparing the fee application and $266.50 for 4.1 hours of paralegal time. Citing *Metropolitan District Comm'n,* the Court held that the $6,709.00 was excessive. *Id.* at 225.

Based upon the foregoing, defendant submits that the fee requested for completing reduced to a reasonable level.

   **3. Plaintiff should not recover attorneys' fees for the redacted portions of counsel's bill.**

In the fee application, counsel has redacted the subject matter of his communications with plaintiff's principal, James Hawkins, on the basis that redacted portions contain content of privileged communications. Although Attorney Kerester's affidavit states that all communications concerned this litigation, both the Court and the defendant are entitled to be satisfied of the assertion. *See, United States v. Metropolitan Dist. Com.*, 847 F.2d 12, 18 (1st Cir. 1988) ("What we require is neither blind allegiance to, nor unexplained rejection of, counsel's diary entries, but findings adequate to show

that acceptance, reduction, or rejection, as the case proves to be, was made reasonably and on an informed basis. ").

The testimony at trial was that Plaintiff sold his business during the course of this litigation. Surely there were some conversations regarding the sale, etc, which, even if it concerned the effect of this litigation, are not compensable in an award of attorneys' fees under G.L. c. 93A. Therefore, if Plaintiff is unwilling to furnish the Court with the information necessary to make an informed decision, then those charges should be disallowed.

> **4. Given the nature of this case, a reduction of the amount of fees requested is warranted.**

Defendant recognizes that, "It is often difficult to strike the proper note in fee-setting matters, to balance the need adequately to compensate successful counsel against the need to burden unsuccessful defendants fairly, but no more." *United States v. Metropolitan Dist. Com.*, 847 F.2d 12, 20 (1st Cir. 1988). Nevertheless, the defendant submits that the requested should be reduced for (a lack of a better term) "overlawyering".

This was not complex litigation. There were no novel legal issues. The facts were straight forward and largely undisputed. Although there were pretrial proceedings, they were relatively routine. The predominate issue dividing the parties was whether bricks and concrete constituted acceptable fill. At trial, the proof was in the pictures, which were gone over ad nauseum. Moreover, in light of the relative simplicity of the case and the fact that the trial was jury-waived, there was no need to present two (2) expert witnesses.

In perspective, counsel's requested compensation for 1057 hours of attorney time and 293.25 of paralegal time is excessive. For example, between January 17 and January 23, 2006, counsel logged nearly 30 hours working on deposition transcripts for a Motion for Trustee Process and Motion to Compel Production of Documents and "for trial". Neither Motion required such an extensive review and trial was a long way off. Furthermore, a review of counsel's invoice also demonstrates that significant work, such as creating "deposition digests" and trial notebooks, see Invoice dated November 9, 2006, was done by lead counsel rather than an associate or paralegal, who customarily perform such functions.

Naturally, the Court is in the best position to judge the objective value of plaintiff's counsel. The defendant submits that, when the court reviews the time records of counsel, it will agree that many tasks were the subject of overkill and that a significant reduction in the amount of fees requested is warranted.

By his attorneys,

DiMENTO & SULLIVAN

/s/ Carolyn M. Conway
Carolyn M. Conway
BBO#097160
7  Faneuil Marketplace, Third Floor
Boston, Massachusetts  02109
(617) 523-5253