UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEORTO, INC., <br>         Plaintiff, <br><br> v. <br><br> WILLIAM GATEMAN, INDIVIDUALLY and as TRUSTEE OF 200 UNION STREET REALTY TRUST, <br>         Defendant and <br>         Third Party Plaintiff, <br><br> v. <br><br> ROBERTS CORPORATION, <br>         Third Party Defendant. | CIVIL ACTION NO. 04-11730 NG |

**PLAINTIFF GEORTO, INC.'S REPLY
TO DEFENDANT'S RESPONSE TO APPLICATION
FOR REASONABLE ATTORNEY'S FEES AND COSTS**

Plaintiff Georto, Inc. ("Georto") hereby submits this reply to Defendant William Gateman's Response to Plaintiff's Application for Attorney's Fees and Costs. More specifically, Georto replies to the four arguments which Gateman advanced in support of his request that the requested fees be reduced.

    1.    **Fees Incurred Prior to Initiation of Litigation**

Gateman's argument that Georto is not entitled to recovery of attorney's fees incurred prior to the filing of the Complaint not only is contrary to the law but also is contrary to common sense and required practice. Gateman's misconstrues <u>Columbia Chiropractic Group, Inc. v. Trust Insurance Company</u>, 430 Mass. 60, 63 (1999). In that action, the Court merely determined that attorney's fees incurred in defending against collection practices that violated Chapter 93A (i.e., defending against plaintiff's claim for collection of "inappropriate bills") could be treated as

actual damages subject to doubling under Section 11: "Because [defendant's] litigation expenses were actual damages (a 'loss of money') caused by the G. L. c. 93A violation, those expenses were recoverable, and, because plaintiff's violation was wilful and knowing, the judge was warranted in doubling them." Id. Contrary to Gateman's implication, the Court did not hold that fees for services performed prior to the date of the filing of a complaint were not recoverable pursuant to a fee application or that fees which could be treated as actual damages (subject to doubling) could not alternatively be recovered pursuant to a fee application.

Just as Section 11 contemplates recovery of attorney's fees incurred in opposing a defendant's appeal of a judgment, it also contemplates recovery of attorney's fees incurred in connection with the commencement of the action. As the Massachusetts Supreme Judicial Court recently stated regarding the scope of attorney's fees recoverable, Section 11 of Chapter 93A "provides for an award of reasonable attorney's fees and costs incurred in proving a violation of G.L. c.93A." Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 432, 837 N.E.2d 1121 (2005). As is reflected in the July 29, 2004 invoice attached at Exhibit "A" of the Affidavit of Dale C. Kerester, the services rendered prior to the date of the filing of the Complaint included investigation of the claim against Gateman, issuance of a demand letter to Gateman, retention of an expert, and communications with Gateman regarding Georto's claim. Those services were necessary to advance the Chapter 93A claim against Gateman and, given the mandates of the automatic disclosure requirements and of Rule 11 of the Federal Rules of Civil Procedure, were prerequisites to the filing of the Complaint.

Finally, Gateman ignores that counsel confirmed with the Court pursuant to the final pretrial conference that all evidence regarding attorney's fees incurred by Georto would be reserved until after the trial pursuant to an application for attorney's fees.

## 2. Charges for Fee Application

Counsel submitting a fee application is obligated to assist the Court in its determination regarding the reasonableness of the fees. Counsel cannot simply marshal and then "dump" the invoices upon the Court but instead must present the information in a manner that assists the court in applying the pertinent factors. Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 428, 837 N.E.2d 1121 (2005) ("In short, the plaintiffs provided the judge with a 'data dump.' The plaintiffs' submission fell short, far short, of their obligation to submit sufficient documentation to enable the judge to evaluate the hours spent on particular aspects of the case or the precise nature of the work.")

While counsel did utilize paralegal assistance in connection with the preparation of the Application for Fees, it was necessary for counsel to spend time reviewing the pleadings, correspondence, and related documents and to prepare the Application and supporting Affidavit in order to appropriately summarize and present the pertinent information for the Court.

## 3. Redactions

Given that Gateman has appealed the judgment and that related litigation is still pending, Georto redacted certain entries on the invoices so as not to divulge attorney client communications. Such redactions were minimal and were limited to the redaction of the communications between attorney and client regarding the litigation.

While Gateman is unwilling to accept counsel's affidavit stating that the communications concerned the litigation,[1] Gateman can in any event discern that the communications concerned

---

[1] Gateman also posits that "[s]urely there were some conversations" between Mr. Hawkins and counsel regarding the sale of Georto's business and argues that even if such conversations concerned the effect of this litigation such conversations are not compensable. Counsel did not

3

the events in the litigation given that the invoices reflect that the communications (emails and telephone calls) follow and correspond to the events of the litigation. In any event, if requested by the Court, Georto will provide unredacted invoices to the Court for *in camera* review.

### 4. Nature of Case

In support of his contention that the case was "overlawyered," Gateman asserts that the facts were "straight forward and largely undisputed." As is set forth in Georto's Application and supporting Affidavit, the facts <u>should have been</u> straight forward and the subject of stipulation but instead were the subject of dispute because Gateman denied that which should have been admitted (i.e., the existence of the debris ramp, his knowledge of the debris ramp, the extent of the debris, that the debris was solid waste, etc.) and continually changed his story and reshaped his position and contentions based on the evidence then presented to him (specifically including the pictures). In fact, Gateman even disputed at trial a stipulation of fact signed by his counsel.

Contrary to his assertion that the "predominant issue dividing the parties was whether bricks and concrete constituted acceptable fill," Gateman had throughout the litigation (until the time of trial, when confronted with the pictures) contended that there was no debris ramp on the Georto side of the Property and that there was an "inconsequential" amount of debris that could "fit in a trash bag." Gateman also denied that the debris was an unacceptable environmental condition, vigorously pursued defenses such as mitigation of damages, contract interpretation, reliance, and ignorance, improperly objected to discovery (resulting in orders compelling further discovery), and took unreasonable settlement positions. Stated otherwise, Gateman, by his own

---

represent Georto or Mr. Hawkins in connection with such sale. Given the foregoing and that Gateman's counsel questioned Mr. Hawkins at trial regarding such sale, any such communications between Mr. Hawkins and counsel regarding such sale were clearly in furtherance of Georto's claims against Gateman.

conduct and contentions, created the need for the extent of the legal services to which he now objects.

Moreover, while the case was ultimately tried jury-waived, the case had first been prepared for jury trial on August 21, 2006 (including submission of requests for jury instructions, etc.). Gateman also ignores that the two experts called by Georto were experts in different areas (Mr. Michaud is a geotechnical expert and Mr. Wirsen is a solid waste expert) and that such expert testimony addressed different contentions made by Gateman (Mr. Michaud addressed Gateman's contentions that the debris did not need to be removed and Mr. Wirsen addressed Mr. Gateman's contentions that the debris – including the brick and concrete -  was not an unacceptable environmental condition).

In furtherance of his contention that the attorney and paralegal time was excessive, Gateman focuses on counsel's review of deposition transcripts in January, 2006 (which was identified in the time entries for use in connection with the motion for trustee process, the motion to compel production of documents, and for use at trial) and argues that "trial was a long way off."  Gateman ignores that, at that time, the trial (jury) was scheduled for a few months later  - April 24, 2006 and that the trial was not rescheduled to the August 21 date until the status conference held on March 13, 2006 (which such rescheduling resulted from the withdrawal of Gateman's counsel pursuant to a motion to withdraw filed on January 25, 2006).  Moreover, Georto relied heavily upon those depositions in support of its motion for trustee process so as to demonstrate Georto's likelihood of success.

In support of his contention that certain work should have been performed by a paralegal rather than counsel, Gateman focuses attention on certain work regarding the trial binders and deposition digests (Gateman directs the Court's attention to the November 9, 2006 invoice).

5

Gateman ignores that counsel incurred minimal time on the trial binders. Moreover, it is not surprising that trial counsel would identify the materials to be included in the binder (which was then prepared by counsel's secretary, at no charge). Similarly, Gateman ignores that while certain of counsel's entries refer to work on deposition digests, those entries also refer to additional significant trial preparation work (such as the joint pretrial memorandum, exhibits, etc.) and that the vast majority of work on the deposition digests was performed by a paralegal (see entries for "MLS" – Megan Stembridge – who worked on such digests under counsel's direction).

Finally, Gateman ignores that counsel issued substantial discounts and "no charge" entries such that the amount of the fee request has been significantly discounted from the actual time incurred.

**PLAINTIFF GEORTO, INC.**
By its attorney

/s/ Dale Kerester
Dale Kerester, Esq., BBO # 548385
Lynch, Brewer, Hoffman & Fink LLP
101 Federal Street
22nd Floor
Boston, MA 02110
617-951-0800
dkerester@lynchbrewer.com

Dated:  August 29, 2007

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

/s/ Dale Kerester
Dale Kerester

Dated:  August 29, 2007