# LYNCH, BREWER, HOFFMAN & FINK, LLP
ATTORNEYS AT LAW

OWEN B. LYNCH
EDWARD S. BREWER, JR.◊
ALAN R. HOFFMAN
PETER W. FINK*
J. ALLEN HOLLAND, JR.
ELIZABETH A. ZELDIN+
JOHN P. DENNIS▲
STEVEN L. SCHRECKINGER
TAMARA S. WOLFSON
PATRICK J. KINNEY, JR.
ANNE HOFFMAN
DALE C. KERESTER
JENNIFER C. PLATT
CHRISTINE B. WHITMAN◦*
KAREN TOSH¯^
HARVEY NOSOWITZ
ANNE ROBBINS
THOMAS J. CLEMENS
JANE M. GUEVREMONT
SONIA J. KWON*
GAIL L. ANDERSON
SARA J. VANDECARR
MAUREEN A. HALEY

101 FEDERAL STREET, 22ND FLOOR
BOSTON, MASSACHUSETTS 02110-1800

TELEPHONE (617) 951-0800
FAX (617) 951-0811
http://www.lynchbrewer.com

^ALSO ADMITTED IN AL
◦ALSO ADMITTED IN CT
*ALSO ADMITTED IN FL
¯ALSO ADMITTED IN KY
▲ALSO ADMITTED IN ME
◊ALSO ADMITTED IN NH
+ALSO ADMITTED IN SC

February 5, 2008

Honorable Nancy Gertner
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA  02210

Re: **Georto, Inc. v. William Gateman, Individually and as Trustee of 200 Union Street Realty Trust v. Roberts Corporation**
<u>U.S. District Court; Case No. 04-11730 NG ("First Action")</u>

**Georto, Inc. v. Jackson D. Gateman, William Gateman, Individually and as Trustee of 200 Union Street Realty Trust and Bell Circle, LLC**
<u>U.S. District Court; Case No.: 06-CA-11034NG ("Second Action")</u>

Dear Judge Gertner:

I have set forth below a joint status report regarding the settlement reached between Plaintiff Georto, Inc. and Defendants William Gateman, Individually and as Trustee of the 200 Union Street Realty Trust, Jackson D. Gateman, and Bell Circle, LLC with respect to the two actions identified above.  As is set forth below, Third Party Defendant Roberts Corporation did not enter into any settlement agreement and requests that the Court rule upon its pending Motion For Attorneys Fees (Docket No. 100 in the First Action).  The parties, by their counsel, have agreed upon the following joint status report:

> Please be advised that Plaintiff Georto, Inc. ("Georto") and Defendants William Gateman, Individually and as Trustee of the 200 Union Street Realty Trust, Jackson D. Gateman, and Bell Circle, LLC (collectively referred to as "Gateman") have entered into a Settlement Agreement pursuant to which Gateman agreed to

Honorable Nancy Gertner
United States District Court
District of Massachusetts
Page 2
February 5, 2008

    pay $650,000.00 to Georto (consisting of a wire transfer of $500,000.00 - which was made on January 22, 2008 - and an additional payment of $150,000.00, to be paid in equal monthly installments over one year commencing on February 15, 2008). In accordance with the terms of the Settlement Agreement, Georto and Gateman filed in the Second Action an Agreement for Judgment in favor of Georto in the amount of $200,000.00. (See Docket No. 37 in the Second Action.) The corresponding Writ of Execution (see Docket No. 38 in the Second Action) has been recorded in the Essex Registry of Deeds so as to levy and suspend with respect to certain property, pending Gateman's timely payment of the remaining monthly payments. In accordance with the terms of the Settlement Agreement, Georto has executed and filed a discharge of the trustee process attachments previously issued in the Second Action (See Docket No. 39).

    Georto and Gateman agreed to dismiss their respective appeals of the First Action and to then file in the First Action an Agreement for Judgment in favor of Georto in the amount of $500,000.00 and a corresponding Satisfaction of Judgment (so as to reflect the $500,000.00 wire transfer referenced above). In accordance with such agreement, Georto and Gateman filed a Stipulation of Dismissal in the United States Court of Appeals for the First Circuit (See Docket No. 118 in the First Action) and will be soon filing in the First Action the $500,000 Agreement for Judgment, corresponding Satisfaction of Judgment, and Discharge of Trustees.

    Third Party Defendant Roberts Corporation ("Roberts Corporation"), which was not a party in the Second Action, did not enter into any settlement agreement with Gateman and requests that the Court rule upon Roberts Corporation's pending Motion for Attorneys Fees (see Docket No. 100) in the First Action) **prior to approving the entry of any Agreement for Judgment**. Accordingly, the parties wish to confirm that the $500,000.00 Agreement for Judgment, corresponding Satisfaction of Judgment, and Discharge of Trustees to be filed by Georto do not purport to resolve Roberts Corporation's pending Motion for Attorneys Fees.

    In the event that the Court has any questions or concerns regarding the foregoing settlement and/or joint status report, counsel for the parties can submit a further report and/or make themselves available for a hearing.

Thank you for your attention to this matter.

Very truly yours,

Dale C. Kerester

DCK/rmr/271619_1
cc:    Joel Lewin, Esq.
       Mark Dickison, Esq.